KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendants
ELIZABETH BANKS and MAX HANDELMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHAME ON YOU PRODUCTIONS, INC., a California corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>ELIZABETH BANKS, an individual; MAX HANDELMAN, an individual; STEVEN BRILL, an individual; BRILLCO, INC., a California corporation; FOCUS WORLD, INC., a California corporation; SIDNEY KIMMEL ENTERTAINMENT, LLC, a California limited liability company; FILMDISTRICT PICTURES, LLC, a Delaware limited liability company; LAKESHORE ENTERTAINMENT CORP., a Delaware corporation; LAKESHORE ENTERTAINMENT GROUP LLC, a California limited liability company; and Does 1 – 10, inclusive,<br><br>            Defendants. | Case No. 2:14-CV-03512-MMM-JC<br><br>**ANSWER OF DEFENDANTS ELIZABETH BANKS AND MAX HANDELMAN TO COMPLAINT FOR DAMAGES AND INJUNCTION FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) BREACH OF IMPLIED-IN-FACT CONTRACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>*[Assigned to Hon. Margaret M. Morrow]*<br><br>Trial Date:      None Set |

Defendants Elizabeth Banks and Max Handelman (collectively, "Defendants") answer the Complaint for Copyright Infringement and Breach of Implied-In-Fact Contract as follows:

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff alleges, *inter alia*, a claim for copyright infringement under the Copyright Act and that the Court has jurisdiction over that claim. Defendants deny each and every remaining allegation in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendants admit that the Plaintiff alleges that venue is proper in this district. Defendants deny each and every remaining allegation in Paragraph 2.

## PARTIES

3. Answering Paragraph 3 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

4. Answering Paragraph 4 of the Complaint, Defendants admit that Banks resides in Los Angeles County and is an actress. Defendants lack sufficient information and belief upon which to admit or deny the allegations concerning the content of IMDB, and on that basis those allegations are denied. Defendants deny each and every remaining allegation in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendants admit the allegations.

6. Answering Paragraph 6 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis those allegations are denied.

7. Answering Paragraph 7 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

8. Answering Paragraph 8 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

9. Answering Paragraph 9 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

10. Answering Paragraph 10 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

11. Answering Paragraph 11 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

12. Answering Paragraph 12 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

13. Answering Paragraph 13 of the Complaint, Defendants deny each and every allegation.

14. Answering Paragraph 14 of the Complaint, Defendants deny each and every allegation.

15. Answering Paragraph 15 of the Complaint, Defendants deny each and every allegation.

## BACKGROUND FACTS

16. Answering Paragraph 16 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

17. Answering Paragraph 17 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

1   18. Answering Paragraph 18 of the Complaint, Defendants admit that they met with Dan Rosen ("Rosen") and Nathan Fillion.  Defendants deny that they met with Rosen to discuss developing and/or purchasing his screenplay.  Defendants deny that they were aware of Rosen's alleged expertise and involvement in the film industry.  Defendants lack sufficient information and belief as to the remaining allegations in Paragraph 18, and on that basis those allegations are denied.

19. Answering Paragraph 19 of the Complaint, Defendants deny each and every allegation.

20. Answering Paragraph 20 of the Complaint, Defendants admit that they never communicated further with Rosen concerning his screenplay after meeting with him.  Defendants deny each and every remaining allegation in Paragraph 20 and specifically deny that they ever read Rosen's screenplay.

21. Answering Paragraph 21 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

22. Answering Paragraph 22 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

23. Answering Paragraph 23 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

24. Answering Paragraph 24 of the Complaint, Defendants deny each and every allegation that they were involved in copying from Plaintiff's screenplay. Defendants lack sufficient information and belief upon which to admit or deny the remaining allegations in Paragraph 24, and on that basis those remaining allegations are denied.

25. Answering Paragraph 25 of the Complaint, Defendants admit that Plaintiff's counsel sent them and/or their representatives a letter concerning this

dispute.  Defendants deny each and every remaining allegation in Paragraph 25.

## FIRST CLAIM FOR RELIEF

26. Answering Paragraph 26 of the Complaint, Defendants incorporate by reference the answers to Paragraphs 1 through 25 as though fully set forth herein.

27. Answering Paragraph 27 of the Complaint, Defendants lack sufficient information and belief upon which to admit or deny the allegations, and on that basis the allegations are denied.

28. Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation.

29. Answering Paragraph 29 of the Complaint, Defendants admit that Plaintiff's screenplay and the Film are the best evidence of their contents.  Except as so admitted, Defendants deny each and every allegation in Paragraph 29 and specifically deny that they were involved in copying Plaintiff's screenplay.

30. Answering Paragraph 30 of the Complaint, Defendants deny each and every allegation.

31. Answering Paragraph 31 of the Complaint, Defendants deny each and every allegation.

32. Answering Paragraph 32 of the Complaint, Defendants deny each and every allegation.

33. Answering Paragraph 33 of the Complaint, Defendants deny each and every allegation.

34. Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation.

35. Answering Paragraph 35 of the Complaint, Defendants deny each and every allegation.

36. Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation.

ANSWER OF DEFENDANTS ELIZABETH BANKS AND MAX HANDELMAN TO COMPLAINT

## SECOND CLAIM FOR RELIEF

37. Answering Paragraph 37 of the Complaint, Defendants incorporate by reference the answers to Paragraphs 1 through 25 as though fully set forth herein.

38. Answering Paragraph 38 of the Complaint, Defendants admit that they met with Rosen. Defendants deny that the purpose of the meeting was to discuss their development and/or purchase of Rosen's screenplay. Defendants lack sufficient information and belief as to the remaining allegations in Paragraph 38, and on that basis those remaining allegations are denied.

39. Answering Paragraph 39 of the Complaint, Defendants deny each and every allegation.

40. Answering Paragraph 40 of the Complaint, Defendants deny each and every allegation.

41. Answering Paragraph 41 of the Complaint, Defendants deny each and every allegation.

42. Answering Paragraph 42 of the Complaint, Defendants admit that they did not communicate further with Rosen concerning his screenplay after meeting with him. Defendants deny each and every remaining allegation in Paragraph 42.

43. Answering Paragraph 43 of the Complaint, Defendants deny each and every allegation and specifically deny that they read Rosen's screenplay.

44. Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation.

45. Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation.

46. Answering Paragraph 46 of the Complaint, Defendants admit that Plaintiff's screenplay and the Film are the best evidence of their contents. Except as so admitted, Defendants deny each and every allegation in Paragraph 46 and specifically deny that they were involved in copying Plaintiff's screenplay.

47. Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation.

48. Answering Paragraph 48 of the Complaint, Defendants deny each and every allegation.

49. Answering Paragraph 49 of the Complaint, Defendants deny each and every allegation.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to Register Copyright)

50. Plaintiff's copyright claim fails for failure to register the Screenplay as required by the Copyright Act.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

51. Plaintiff's claims fail in whole or part for lack of standing.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

52. Plaintiff's claims are barred in whole or part by the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE
### (Independent Conception)

53. Plaintiff's claims fail because the Film was independently conceived.

## RESERVATION OF RIGHTS

Defendants have insufficient information upon which to form a belief as to whether they may have additional affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery reveals that such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint;
2. That the Complaint be dismissed with prejudice;
3. For an award of attorneys' fees and costs in Defendants' favor; and
4. For such other and further relief as the Court deems just and appropriate.

DATED: July 16, 2014    KINSELLA WEITZMAN ISER
             KUMP & ALDISERT LLP


             By:    /s/ Michael J. Kump
              Michael J. Kump
              Attorneys for Defendants
              Elizabeth Banks and Max Handelman

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38-1, Defendants hereby demand a jury trial on all issues so triable.

DATED: July 16, 2014         KINSELLA WEITZMAN ISER
                             KUMP & ALDISERT LLP


                             By:     /s/ Michael J. Kump
                                 Michael J. Kump
                                 Attorneys for Defendants
                                 Elizabeth Banks and Max Handelman

10938.00002/220661

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850