1   Charles M. Coate, Esq. (SBN: 140404)
    Theresa E. Johnson, Esq. (SBN: 254123)
2   **COSTA ABRAMS & COATE LLP**
    1221 Second Street, Third Floor
3   Santa Monica, California 90401
    Tel: (310 576-6161
4   Fax: (310) 576-6160
    Email: ccoate@cacllp.com
5   Email: tjohnson@cacllp.com
    Attorneys for Plaintiff Shame On You Productions, Inc.
6
                    UNITED STATES DISTRICT COURT
7
            CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
8   SHAME ON YOU PRODUCTIONS,           Case No.: 2:14-cv-03512 MMM (JCx)
    INC.,
9                                       **DISCOVERY MATTER**
                    Plaintiff,
                                        *[Referred To The Honorable Magistrate*
10  v.                                  *Judge Jacqueline Chooljian]*

11  ELIZABETH BANKS, an individual;         **PLAINTIFF'S NOTICE OF MOTION
    MAX HANDELMAN, an individual,           AND MOTION TO COMPEL
    STEVEN BRILL, an individual,            DEFENDANT ELIZABETH BANKS'
12  BRILLCO, INC., a California             PRODUCTION OF DOCUMENTS
    corporation, FOCUS WORLD, INC., a       AND FURTHER RESPONSES TO
    California corporation; SIDNEY          PLAINTIFF'S REQUESTS FOR
13  KIMMEL ENTERTAINMENT, LLC,              PRODUCTION, AND FOR
    a California limited liability company; MONETARY SANCTIONS
14  FILMDISTRICT PICTURES, LLC, a           AGAINST DEFENDANT AND HER
    Delaware limited liability company;     COUNSEL OF RECORD, BARNES &
    LAKESHORE ENTERTAINMENT               THORNBURG LLP IN THE
15  CORP., a Delaware corporation;          AMOUNT OF $5,225.00 (F.R.C.P. 37);
    LAKESHORE ENTERTAINMENT               PLAINTIFF'S PORTION OF JOINT
    GROUP LLC, a California limited          STIPULATION (LOCAL RULE 37-
16  liability company; and Does 1-10,       2); DECLARATION OF CHARLES
    inclusive,                               M. COATE IN SUPPORT THEREOF**
17
                    Defendants.          **[ADDITIONAL DECLARATION OF
18                                        CHARLES M. COATE RE: FAILURE
                                          TO FILE JOINT STIPULATION, AND
19                                        PROPOSED ORDER, FILED
                                          CONCURRENTLY HEREWITH]**

20                                        **Date:        January 13, 2015
                                          Time:        9:30 a.m.
21                                        Ctrm:         20
                                          Fact Discovery Cut-off: 2/27/15**

                                    1

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 13, 2015, at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Jacqueline Chooljian in Courtroom 20 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, CA 90012, Plaintiff Shame On You Productions, Inc. will move the Court for an Order compelling Defendant Elizabeth Banks to provide substantive responses, without objections, and all responsive documents to Plaintiff's Request for Production of Documents, Set One, and for monetary sanctions under F.R.C.P. Rule 37(a)(5) against Defendant and her counsel of record Barnes & Thornburg LLP in the amount of $5,225.00 for their failure to comply with discovery obligations.

Plaintiff will, and hereby does, make this motion pursuant to Rules 34 and 37 of Federal Rules of Civil Procedure, and Local Rule 37-1, et seq. in that Defendant's failure to comply with her discovery obligations is without substantial justification. A Joint Stipulation is not attached because Defendant and her counsel further failed to confer in a timely manner in accordance with Local Rule 37-1 despite Plaintiff's efforts to meet and confer, as set forth in the concurrently filed Declaration of Charles M. Coate.

This motion is based on this notice, Plaintiff's portion of the Joint Stipulation attached hereto, the Declaration of Charles M. Coate attached hereto, the additional Declaration of Charles M. Coate re: Failure to File Joint Stipulation filed concurrently herewith, the files and records of this case, and such further evidence, pleadings, and

1  argument of counsel as may be presented in connection with the hearing and

2  determination of this motion.

3

4  Dated:  December 16, 2014                COSTA ABRAMS & COATE LLP

5

6                                          By:___/s/ Charles M. Coate_____
                                           Charles M. Coate
7                                          Theresa E. Johnson
                                           Attorneys for Plaintiff SHAME ON
8                                          YOU PRODUCTIONS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

## PLAINTIFF'S PORTION OF JOINT STIPULATION

Pursuant to Central District of California Local Rule 37-2.2 and 2.4, counsel for Plaintiff Shame On You Productions, Inc. ("Plaintiff") hereby submits its portion of the Joint Stipulation on unresolved matters pertaining to Plaintiff's motion to compel further responses and the production of documents pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") Rule 34 and for monetary sanctions under F.R.C.P. Rule 37 against Defendant Elizabeth Banks and her counsel of record, Barnes & Thornburg, LLP, in the amount of $5,225.00 for their failure to comply with their discovery obligations without substantial justification.  On September 29, 2014, Judge Margaret M. Morrow issued the Court's Scheduling Order.  (Declaration of Charles M. Coate ("Coate Decl.") ¶2, Ex. "1").

## I.   PLAINTIFF SHAME ON YOU PRODUCTIONS, INC.'S INTRODUCTION

Good cause supports the instant motion for order compelling Defendant Elizabeth Banks' further responses and production of documents responsive to Plaintiff's First Set of Requests for Production of Documents.  To date without substantial justification, Defendant has produced zero documents in this matter, and has served boilerplate objections to each and every one of Plaintiff's proper requests for production.  It is clear that Defendant is avoiding her discovery obligations and obfuscating Plaintiff's attempt to obtain discovery on highly relevant matters going directly to the claims at issue herein.  Without an order compelling sufficient responses and documents, Plaintiff will be prejudiced in its ability to obtain such discovery prior to the fact discovery cut off.

Due to Defendant and her counsel's violations of their discovery obligations and failure to timely and properly meet and confer as required under the Local Rules, the instant motion is properly granted in its entirety. Correspondingly, monetary sanctions in the amount of $5,225.00 based on the attorneys fees incurred in bringing this motion are appropriate under the circumstances.

The operative complaint in this matter sets forth direct access to the work by lead actress and defendant Elizabeth Banks and a comprehensive list of similarities between the two respective works at issue here: "Darci's Walk of Shame" and "Walk of Shame." Plaintiff Shame On You Productions, Inc. ("Plaintiff") has been diligently seeking discovery from Defendants; however, it has been met with nothing but delay and bad faith from Defendants.

Defendant Elizabeth Banks ("Banks" or "Defendant") was served with Plaintiff's Request for Production of Documents, Set One, on or about October 21, 2014. (Declaration of Charles M. Coate, ("Coate Decl.") ¶ 3; Exh. 2). On or about November 24, 2014, Defendant Banks served her Responses to Plaintiff's Request for Production of Documents Set One ("Response to RFPs"); however, each and every one of her responses consisted of cut and paste baseless and improper boilerplate responses and objections. No documents accompanied the Responses, nor has Banks since produced any documents.  (Coate Decl. ¶4, Exh. 3; *see Section II, Infra.*) Plaintiff attempted on several occasions to meet and confer, in person, with Defendant, pursuant to Local Rule 37-1. Defendant refused to timely or reasonably meet and confer with Plaintiff to

informally resolve the instant discovery issues or inform Plaintiff if and when she would be providing responsive documents. (Coate Decl.¶¶ 5 - 16, Exhs. 4 - 11).

Instead, Defendant requested, without providing any good cause to do so, that the parties delay the required in-person meet and confer meeting until early to mid-January 2015, well beyond the 10-day meet and confer deadline set forth in Local Rule 37-1. Postponing attempts to even begin discussing how to resolve discovery disputes relating to requests which were served long ago in October, rather than offering to produce all responsive documents and complete responses to discovery requests by January, approximately three-quarters of the way to the February 27, 2015 Fact Discovery Cut-Off, would result in severe, undue prejudice to Plaintiff, who has been diligently seeking these documents from Defendants since before Plaintiff filed the Complaint.

As set forth in the Declaration of Charles M. Coate, exhibits thereto, and below, good cause exists for an order compelling Defendant Elizabeth Banks to provide complete responses, without objections, and all responsive documents, to Plaintiff's Request for Production of Documents, Set One, forthwith. Plaintiff's requests seek the production of documents highly relevant to the claims at issue in this matter, which are sought to establish Defendant's direct access to Plaintiff's work, Defendant's unauthorized copying thereof, Defendant's involvement in developing the Walk of Shame screenplay and motion picture, Defendant's profits derived as a result of such unauthorized copying and/or breach of implied in fact contract, and Plaintiff's resulting damages in connection therewith.  Given Defendant's utter disregard of her discovery

obligations and her failure to timely and properly meet and confer, Plaintiff also requests the Court award sanctions against Defendant Elizabeth Banks and her counsel of record Barnes & Thornburg LLP in the amount of $5,225.00 pursuant to F.R.C.P. Rule 37(a)(5)(A) representing Plaintiff's reasonable expenses incurred in making the motion, including attorney's fees.

**II.** **VERBATIM STATEMENT OF THE REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE IN THIS MOTION; DEFENDANT'S OBJECTIONS AND RESPONSES; AND PLAINTIFF'S POSITION WHY DEFENDANT SHOULD BE ORDERED TO FURTHER RESPOND TO THE REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that support, or tend to support, YOUR First Affirmative Defense contained in YOUR ANSWER to the COMPLAINT (Failure to Register Copyright).

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy*

1  *of an extension, stating that "nothing has been filed." Defendant intends to amend these*

2  *responses as soon as practicable.*

3      Defendant objects to this request on the grounds that it is vague and ambiguous,

4  overly broad, and not relevant to the claims at issue or likely to lead to the discovery of

5  admissible evidence. Defendant further objects to this request on the grounds that the

6  request seeks confidential and proprietary business documents. Defendant also objects

7  on the basis that this request is unduly burdensome. Defendant objects that it is not

8  sufficiently particularized to enable Defendant to respond. Defendant objects to this

9  request to the extent it calls for the disclosure of attorney client communications or

10  documents protected by the work product doctrine or any other related privilege,

11  immunity or doctrine.

12  ## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 1:

13      Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that

14  "[f]or each item or category, the response must either state that inspection and related

15  activities will be permitted as requested or state an objection to the request, including

16  the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is

17  made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila*

18  *Centinela, S.A. de C.V. v. Bacardi & Co*., 242 F.R.D. 1, 12 (D.D.C. 2007). Here,

19  Defendant has neither stated that inspection will be permitted nor provided sufficient

20  reasons why Defendant objects to each of the production requests.

21

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise

regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that support, or tend to support, YOUR Second Affirmative Defense contained in YOUR ANSWER to the COMPLAINT (Lack of Standing).

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 2:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for

her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the

extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that support, or tend to support, YOUR Third Affirmative Defense contained in YOUR ANSWER to the COMPLAINT (Statute of Limitations).

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of

admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 3:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule

1    26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and

2    discovered facts that demonstrated the burdensomeness or excessive cost of the

3    discovery request, he or she should have disclosed them in the objection, as both Rule

4    33 and 34 responses must state objections with particularity, on pain of waiver."

5    *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

6          Defendant's specific objections are without merit or substantial justification. As to

7    relevance, "relevant information need not be admissible at the trial is the discovery

8    appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P.

9    Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain

10   discovery regarding any matter, not privileged, that is relevant to the claim or defense of

11   any party. Nor are the requests vague, ambiguous, or insufficiently particularized.

12   Defendant fails to identify what parts of the requests she does not understand. Nor can

13   these relatively straight forward basic requests be considered unduly burdensome.

14   Additionally, the requests do not seek the disclosures of highly sensitive information

15   which warrants confidential protection; however, these issues can be addressed by a

16   mutually agreeable protective order rather than an outright refusal to produce. Plaintiff

17   has twice circulated a draft confidentiality order to address concerns that may arise

18   regarding the disclosure of sensitive information during litigation; however, it received

19   no comments or feedback from Defendant regarding the proposed order. Lastly, to the

20   extent Defendant objects on the grounds of privilege, Defendant should provide serve a

21   privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that support, or tend to support, YOUR Fourth Affirmative Defense contained in YOUR ANSWER to the COMPLAINT (Independent Conception).

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects

on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 4:**

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the

discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support, or tend to support the denials contained in ¶4 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 5:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support, or tend to support the denials contained in ¶13 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 6:**

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support, or tend to support the denials contained in ¶14 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 7:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support, or tend to support the denials contained in ¶15 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

1   request to the extent it calls for the disclosure of attorney client communications or

2   documents protected by the work product doctrine or any other related privilege,

3   immunity or doctrine.

4   **WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 8:**

5        Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that

6   "[f]or each item or category, the response must either state that inspection and related

7   activities will be permitted as requested or state an objection to the request, including

8   the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is

9   made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila*

10   *Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here,

11   Defendant has neither stated that inspection will be permitted nor provided sufficient

12   reasons why Defendant objects to each of the production requests.

13        Because Defendant has only provided the same, generic boilerplate response and

14   objections to each and every request for production and provided insufficient reasons for

15   her objections, Plaintiff cannot appropriately respond to each of Defendant's objections.

16   "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule

17   26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and

18   discovered facts that demonstrated the burdensomeness or excessive cost of the

19   discovery request, he or she should have disclosed them in the objection, as both Rule

20

21

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support, or tend to support the denials contained in ¶18 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

31

1    request to the extent it calls for the disclosure of attorney client communications or

2    documents protected by the work product doctrine or any other related privilege,

3    immunity or doctrine.

4    **<u>WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO</u>**
     **<u>RFP NO. 9:</u>**

5
6            Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that

     "[f]or each item or category, the response must either state that inspection and related
7
     activities will be permitted as requested or state an objection to the request, including
8
     the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is
9
     made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila*
10
     *Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here,
11
     Defendant has neither stated that inspection will be permitted nor provided sufficient
12
     reasons why Defendant objects to each of the production requests.

13
             Because Defendant has only provided the same, generic boilerplate response and
14
     objections to each and every request for production and provided insufficient reasons for
15
     her objections, Plaintiff cannot appropriately respond to each of Defendant's objections.
16
     "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule
17
     26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and
18
     discovered facts that demonstrated the burdensomeness or excessive cost of the
19
     discovery request, he or she should have disclosed them in the objection, as both Rule
20
21

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

1  it clear whether she intends to fully comply with the requests by serving complete

2  substantive responses together with complete responsive documents.

3  **REQUEST FOR PRODUCTION NO. 10:**

4      All DOCUMENTS that support, or tend to support the denials contained in ¶19 of

5  YOUR ANSWER to the COMPLAINT.

6  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7      *Defendant notes before her response that she is in the process of substituting*

8  *counsel in this case. It is the intention of the defendants in this case to all be represented*

9  *by the same counsel. Given the number of parties, however, it has taken time to enter*

10 *into the appropriate representation agreements. Because of the large number of moving*

11 *pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore,*

12 *separately) asked Plaintiff's counsel for a short (two week) extension to answer these*

13 *discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy*

14 *of an extension, stating that "nothing has been filed." Defendant intends to amend these*

15 *responses as soon as practicable.*

16     Defendant objects to this request on the grounds that it is vague and ambiguous,

17 overly broad, and not relevant to the claims at issue or likely to lead to the discovery of

18 admissible evidence. Defendant further objects to this request on the grounds that the

19 request seeks confidential and proprietary business documents. Defendant also objects

20 on the basis that this request is unduly burdensome. Defendant objects that it is not

21 sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 10:**

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that support, or tend to support the denials contained in ¶20 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 11:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support, or tend to support the denials contained in ¶24 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 12:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that support, or tend to support the denials contained in ¶25 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 13:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that support, or tend to support the denials contained in ¶29 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 14:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that support, or tend to support the denials contained in ¶38 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

1   request to the extent it calls for the disclosure of attorney client communications or

2   documents protected by the work product doctrine or any other related privilege,

3   immunity or doctrine.

4   **WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO
    RFP NO. 15:**

5   Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that

6   "[f]or each item or category, the response must either state that inspection and related

7   activities will be permitted as requested or state an objection to the request, including

8   the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is

9   made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila*

10  *Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here,

11  Defendant has neither stated that inspection will be permitted nor provided sufficient

12  reasons why Defendant objects to each of the production requests.

13  Because Defendant has only provided the same, generic boilerplate response and

14  objections to each and every request for production and provided insufficient reasons for

15  her objections, Plaintiff cannot appropriately respond to each of Defendant's objections.

16  "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule

17  26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and

18  discovered facts that demonstrated the burdensomeness or excessive cost of the

19  discovery request, he or she should have disclosed them in the objection, as both Rule

20

21

33 and 34 responses must state objections with particularity, on pain of waiver."
*Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that support, or tend to support the denials contained in ¶39 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

1   request to the extent it calls for the disclosure of attorney client communications or

2   documents protected by the work product doctrine or any other related privilege,

3   immunity or doctrine.

4   **WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 16:**

5       Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that

6   "[f]or each item or category, the response must either state that inspection and related

7   activities will be permitted as requested or state an objection to the request, including

8   the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is

9   made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila*

10  *Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here,

11  Defendant has neither stated that inspection will be permitted nor provided sufficient

12  reasons why Defendant objects to each of the production requests.

13      Because Defendant has only provided the same, generic boilerplate response and

14  objections to each and every request for production and provided insufficient reasons for

15  her objections, Plaintiff cannot appropriately respond to each of Defendant's objections.

16  "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule

17  26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and

18  discovered facts that demonstrated the burdensomeness or excessive cost of the

19  discovery request, he or she should have disclosed them in the objection, as both Rule

20

21

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that support, or tend to support the denials contained in ¶43 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 17:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support, or tend to support the denials contained in ¶46 of YOUR ANSWER to the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 18:**

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co*., 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and ROSEN, on the other hand.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not

sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 19:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

1  it clear whether she intends to fully comply with the requests by serving complete

2  substantive responses together with complete responsive documents.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      All DOCUMENTS evidencing any communications between BANKS, on the one

5  hand, and HANDELMAN, on the other hand, RELATING to ROSEN and/or the

6  "Darci's Walk of Shame" screenplay.

7  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

8      *Defendant notes before her response that she is in the process of substituting*

9  *counsel in this case. It is the intention of the defendants in this case to all be represented*

10 *by the same counsel. Given the number of parties, however, it has taken time to enter*

11 *into the appropriate representation agreements. Because of the large number of moving*

12 *pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore,*

13 *separately) asked Plaintiff's counsel for a short (two week) extension to answer these*

14 *discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy*

15 *of an extension, stating that "nothing has been filed." Defendant intends to amend these*

16 *responses as soon as practicable.*

17     Defendant objects to this request on the grounds that it is vague and ambiguous,

18 overly broad, and not relevant to the claims at issue or likely to lead to the discovery of

19 admissible evidence. Defendant further objects to this request on the grounds that the

20 request seeks confidential and proprietary business documents. Defendant also objects

21 on the basis that this request is unduly burdensome. Defendant objects that it is not

1   sufficiently particularized to enable Defendant to respond. Defendant objects to this

2   request to the extent it calls for the disclosure of attorney client communications or

3   documents protected by the work product doctrine or any other related privilege,

4   immunity or doctrine.

5   **WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 20:**

6

7   Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that

8   "[f]or each item or category, the response must either state that inspection and related

9   activities will be permitted as requested or state an objection to the request, including

10  the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is

11  made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila

12  Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here,

13  Defendant has neither stated that inspection will be permitted nor provided sufficient

    reasons why Defendant objects to each of the production requests.

14  Because Defendant has only provided the same, generic boilerplate response and

15  objections to each and every request for production and provided insufficient reasons for

16  her objections, Plaintiff cannot appropriately respond to each of Defendant's objections.

17  "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule

18  26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and

19  discovered facts that demonstrated the burdensomeness or excessive cost of the

20  discovery request, he or she should have disclosed them in the objection, as both Rule

21

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS evidencing any communications between BANKS, on the one hand, and HANDELMAN, on the other hand, RELATING to the "Walk of Shame" screenplay or MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not

67

sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 21:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and BRILL, on the other hand, RELATING to ROSEN and/or the "Darci's Walk of Shame" screenplay.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not

sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 22:**

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and BRILL, on the other hand, RELATING to the "Walk of Shame" screenplay or MOTION PICTURE, including any notes, comments, or correspondence in connection therewith.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects

on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 23:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the

74

discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and YOUR talent agency(ies), on the other hand, RELATING to ROSEN and/or the "Darci's Walk of Shame" screenplay.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not

sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 24:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and YOUR talent agency(ies), on the other hand, RELATING to the "Walk of Shame" screenplay or MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not

1   sufficiently particularized to enable Defendant to respond. Defendant objects to this

2   request to the extent it calls for the disclosure of attorney client communications or

3   documents protected by the work product doctrine or any other related privilege,

4   immunity or doctrine.

5   **WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 25:**

6
7   Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that

8   "[f]or each item or category, the response must either state that inspection and related

9   activities will be permitted as requested or state an objection to the request, including

10  the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is

11  made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila*

12  *Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here,

13  Defendant has neither stated that inspection will be permitted nor provided sufficient

    reasons why Defendant objects to each of the production requests.

14
15  Because Defendant has only provided the same, generic boilerplate response and

16  objections to each and every request for production and provided insufficient reasons for

17  her objections, Plaintiff cannot appropriately respond to each of Defendant's objections.

18  "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule

19  26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and

20  discovered facts that demonstrated the burdensomeness or excessive cost of the

21  discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and any of the DEFENDANTS, on the other hand, RELATING to ROSEN and/or the "Darci's Walk of Shame" screenplay.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not

sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 26:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and any of the DEFENDANTS, on the other hand, RELATING to the "Walk of Shame" screenplay or MOTION PICTURE, including all agreements, notes, comments, or correspondence in connection therewith.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects

on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 27:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the

discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS evidencing any development notes, comments, suggested revisions, or other input by YOU RELATED to the "Walk of Shame" screenplay or MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not

sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 28:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 29:**

True and complete copies of all insurance policies which may insure DEFENDANTS with respect to the allegations made in the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## **WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 29:**

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS referenced in DEFENDANTS' Initial Disclosures pursuant to F.R.C.P. Rule 26.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 30:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATING TO the screenplay "Darci's Walk of Shame" that is referenced in the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 31:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATING TO the screenplay "Walk of Shame" that is referenced in the COMPLAINT.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 32:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS constituting, or referring or RELATING to, DEFENDANTS' advertising, promotion or marketing of the "Walk of Shame" MOTION PICTURE, including but not limited to all advertisements, press releases, articles, promotions, appearances in connection therewith.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects

on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 33:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the

discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS referring or RELATING to YOUR profits derived and payments made to YOU in connection with the "Walk of Shame" MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 34:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS that reflect or evidence any compensation, revenue, or value YOU received from the exploitation in any format of the "Walk of Shame" MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not

sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 35:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co*., 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**

All agreements between YOU and any PERSON RELATING to the "Walk of Shame" screenplay and MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 36:**

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS reflecting the GROSS REVENUE generated by the "Walk of Shame" MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 37:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS which IDENTIFY or RELATE to all of the sources of revenue generated by the "Walk of Shame" MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 38:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS sufficient to establish any and all licensing of rights in and to the "Walk of Shame" screenplay and MOTION PICTURE.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

*Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this

121

request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

## WHY DEFENDANT SHOULD BE COMPELLED TO FURTHER RESPOND TO RFP NO. 39:

Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule

33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Defendant's specific objections are without merit or substantial justification. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. Plaintiff has twice circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation; however, it received no comments or feedback from Defendant regarding the proposed order. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

Lastly, while Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is

it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

## III.   PLAINTIFF'S REQUEST FOR MONETARY SANCTIONS AGAINST DEFENDANT ELIZABETH BANKS.

Plaintiff made several, good faith efforts to avoid having to burden the Court and filing the instant motion; however, Defendant left Plaintiff with no choice but to do so by providing no responsive documents, failing to indicate if and when she will ever provide complete and proper discovery responses and responsive documents, and refusing to engage in any meaningful meet and confer efforts in a reasonable or timely manner.

If a motion to compel is granted, "or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the court finds that "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" "the opposing party's nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust." F.R.C.P. Rule 37(a)(5)(A).  An award of expenses does not require a showing of willfulness or improper intent; rather, the standard is whether there was substantial justification for the losing party's conduct.  F.R.C.P. 37(a)(5). The burden is

124

on the losing party to affirmatively demonstrate that its position was substantially justified. Adv. Comm. Notes to 1970 Amendment to former F.R.C.P. 37(a)(4); *see Lorillard Robacco Co. v. Elston Self Service Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (ND IL 2009).

Here, Defendant blocked Plaintiff's repeated efforts meet and confer in good faith to resolve these issues without having to file a motion with the Court. Defendant's boilerplate, non-responsive responses and objections and failure to provide any responsive documents were not substantially justified. Defendant's conduct, especially her refusal to meet and confer in good faith thus *necessitating* Plaintiff's filing of the instant motion, makes the award of an award of expenses related to this motion just.

Accordingly, Plaintiff requests the Court award it sanctions of $5,225.00 in costs and expenses against Defendant Elizabeth Banks.  (Coate Decl. ¶¶20-22.)

## IV.   **PLAINTIFF'S PROPOSED RESOLUTION**

In an attempt to avoid filing this motion, Plaintiff served several detailed letters attempting to schedule an in-person meet and confer meeting with Defendant to informally resolve these discovery disputes in accordance with Local Rules. Defendant, however, has refused to timely meet and confer with Plaintiff or indicate if and when responsive documents will be produced. As such, Plaintiff respectfully requests the Court order Defendant to forthwith provide complete responses, without objections, and responsive documents to Plaintiff's Request for Production of Documents, Set One, forthwith, and award Plaintiff $5,225.00 in sanctions against Defendant Elizabeth Banks

and her counsel of record, Barns & Thornburg LLP. Absent such relief, Plaintiff will be deprived of the opportunity to fairly prosecute its case.

Dated:  December 16, 2014                    COSTA ABRAMS & COATE LLP


By   /s/ Charles M. Coate_____
Charles M. Coate
Attorneys for Plaintiff SHAME ON YOU PRODUCTIONS, INC.

## DECLARATION OF CHARLES M. COATE

I, CHARLES M. COATE, hereby declare as follows:

1.      I am an attorney duly licensed and admitted to practice before the U.S. Supreme Court, the U.S. Court of Appeals for the Ninth Circuit, the Central District of California and the courts of the State of California and am a name partner of Costa Abrams & Coate LLP, counsel of record for Plaintiff Shame on You Productions, Inc. I submit this declaration in support of Plaintiff's Motion to Compel Further Responses by Elizabeth Banks to Requests for Production of Documents as set forth below. The matters set forth herein are true and correct and of my own personal knowledge, and if called upon to testify to these matters, I could and would do so competently.

2.      Attached hereto as **Exhibit "1"** is a true and correct copy of the Scheduling Order in this case.

3.      On or about October 21, 2014, Plaintiff served Defendant Elizabeth Banks ("Banks" or "Defendant") with a Request for Production of Documents Set One. A true and correct copy of the Request for Production of Documents, Set One, to Elizabeth Banks is attached hereto as **Exhibit "2."**

4.      On or about November 24, 2014, Defendant Banks served her Responses to Plaintiff's Request for Production of Documents Set One ("Response to RFPs") consisting entirely of objections. No documents accompanied the Responses, nor has Banks since produced any documents.  In response to each and every request, Defendant Banks objected in blanket fashion as follows:

Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

A true and correct copy of Defendant's Elizabeth Banks' Responses to Plaintiff's Request for Production of Documents, Set One is attached hereto as **Exhibit "3."**

5.     On or about December 3, 2014, I sent Defendant Banks' then counsel of record, Michael J. Kump and Gregory P. Korn, a meet and confer letter regarding Defendant Banks' Response to RFPs.  A true and correct copy of my meet and confer letter dated December 3, 2014 is attached hereto as **Exhibit "4."**

6.     In the letter, I indicated, with respect to Defendant's boilerplate responses and objections to each of Plaintiff's requests, Plaintiff's position as to why production of the requested documents is proper and why Defendant's responses and objections were without merit. I informed Defendant's counsel that absent Defendant's immediate

service of sufficient supplemental responses and documents, Plaintiff may be forced to move to compel the same and to seek sanctions as may be appropriate. I also requested, pursuant to Local Rule 37-1, that Defendant's counsel inform me of counsel's availability to meet and confer in person within ten (10) days of the letter to eliminate as many of the disputes as possible.

7.     On or about December 8, 2014, Plaintiff was served with Defendant Banks and Max Handelman's Request to Substitute Counsel such that they would be represented by the same counsel, Stephen Mick and Devin Stone, as the other defendants in this case. A review of the Requests for Substitution of Counsel filed indicates that Ms. Banks, Mr. Handelman, and their former counsel executed the forms weeks earlier on November 19, 2014, but it was neither executed nor filed by their current counsel until December 8, 2014, nearly three weeks later. A true and correct copy of Defendants Banks' Request to Substitute Counsel is attached hereto as **Exhibit "5."**

8.     On or about December 9, 2014, I received Defendant Banks' substituted counsel's response to my December 3rd meet and confer letter. A true and correct copy of the December 9, 2014 response to my meet and confer letter is attached hereto as **Exhibit "6."**

9.     In it, Defendant's counsel requested delaying the required in-person meet and confer meeting until "the first or second week in January [2015]," up to over a month beyond the 10-day meet and confer deadline set forth in Local Rule 37-1.

10.   On or about November 3, 2014, upon Mr. Stone's request, Plaintiff circulated a draft Stipulated Protective Order for review and consideration from opposing counsel. A true and correct copy of my November 3, 2014 correspondence and the attached draft Protective Order are attached hereto as **Exhibit "7."** Plaintiff has received no subsequent comments regarding the draft Stipulated Protective order.

11.   After receiving no response or comments from Defendants regarding the draft Stipulated Protective order, on or about December 9, 2014, I re-circulated the same draft Stipulated Protective Order previously sent on November 3, 2014. A true and correct copy of my December 9, 2014 correspondence and the attached draft Protective Order are attached hereto as **Exhibit "8."**

12.   On or about December 11, 2014, Defendants' counsel sent an email requesting an electronic copy of the draft Protective Order and a three week extension to respond to Plaintiff's Requests for Admissions. A true and correct copy of the December 11, 2014 email is attached hereto as **Exhibit "9."**

13.   Later that same day, I sent Defendants' counsel a response to their December 9th and December 11th correspondence. A true and correct copy of the December 11, 2014 email correspondence is attached hereto as **Exhibit "10."**

14.   Plaintiff declined, *inter alia*, to postpone the in-person meet and confer meeting until January 2015 as requested, emphasizing the need to progress on discovery issues in a timely manner, especially in light of the up-coming Fact-Discovery deadline set for February 27, 2015. "…Defendants have not provided good cause to justify

delaying the required in-person meet and confer meeting until early to mid-January 2015, well beyond the 10-day meet and confer deadline set forth in Local Rule 37-1. Even assuming, *arguendo*, that neither of you is available to meet and confer until 'the first or second week in January,' postponing attempts to informally resolve discovery disputes approximately three-quarters of the way to the February 27, 2015 Fact Discovery Cut-Off, would result in severe, undue prejudice to Plaintiff, who has been diligently seeking these documents from Defendants since *before Plaintiff filed the Complaint*. Defendants are not offering to produce all responsive documents and complete responses to discovery requests by January; they are only offering to *begin* discussing how to resolve discovery disputes relating to requests which were served long ago in October." Plaintiff reiterated its offer to produce documents reciprocally, but advised that "[a]bsent Defendants' immediate service of sufficient supplemental responses and documents, Plaintiff may be forced to move to compel the same and to seek sanctions as may be appropriate pursuant to F.R.C.P. Rule 37."

15.    To date, only one defendant, Defendant Lakeshore Entertainment Group LLC ("Lakeshore LLC"), has produced any documents in this case. It produced a single document, which appears to be an unmarked final shooting script for "Walk of Shame." This document has limited evidentiary value because the unmarked final shooting script largely tracks the final movie version which Plaintiff obviously has observed, given the Motion Picture's release and detailed allegations in the Complaint.

16.     On or about December 11, 2014, Defendants filed an *ex parte* application with the Court unsuccessfully seeking a stay of discovery in this case and temporary relief from the ten-day meet and confer deadline pursuant to Local Rule 37-1. On or about December 12, 2014, the Court denied Defendants' *ex parte* application for an order staying discovery.  A true and correct copy of the Court's December 12, 2014 Order is attached hereto as **Exhibit "11."**

17.     Given Defendants' refusal to meet and confer in person for over a month, with little good cause, and its requested extensions on each and every set of propounded discovery, Plaintiff was deprived of the opportunity to timely meet and confer with Defendant in person or prepare a joint stipulation on the matters in this dispute despite its repeated good faith efforts to do so.

18.     Accordingly, given Defendants' failure to meet and confer, Plaintiff submits herein its Portion of the Joint Stipulation.  Additionally, Plaintiff submits under separate cover a Declaration of counsel In Lieu of Joint Stipulation.

19.     As set forth herein, good cause supports an order compelling Elizabeth Banks' further responses to the requests and he production of documents responsive thereto without objection.  Banks has yet to produce a single document in this matter, despite her Initial Disclosures obligations and despite Plaintiff's propounding of highly relevant and crucial document requests months ago.  Absent an order compelling the same, Plaintiff may be deprived of the opportunity to obtain centrally relevant documents    establishing    Defendant's    access    to    Plaintiff's    work,    Defendant's

unauthorized copying thereof, profits derived therefrom and damages suffered by Plaintiff to due Defendant's wrongdoing, *inter alia*.  Given the fast-approaching fact discovery cut-off in this matter, if this discovery dispute is not addressed now Plaintiff will be unduly prejudiced by Defendant's continued delays and may not obtain the requested discovery in support if its claims.  Accordingly, for these reasons and for the reasons set forth in the attached Draft Joint Stipulation, Plaintiff submits that the instant motion to compel is properly granted in its entirety.

20.    Correspondingly, monetary sanctions in the amount of $5,225.00, commensurate with attorneys' fees incurred as a result of bringing the instant motion, are warranted.

21.    To date, I have spent in excess of (5) hours in connection with this discovery motion, including analyzing Defendant's responses to Plaintiff's requests for production, drafting lengthy letters detailing Plaintiff's position and requesting that Defendant personally and timely meet and confer in accordance with Local Rules, responding to Defendant's correspondence, and research and drafting of the instant Declaration and attached Draft Joint Stipulation. I anticipate spending another (1) hour reviewing opposition papers, two (2) hours preparing a reply memorandum and three (3) hours traveling to and attending the hearing on this matter.  My standard hourly rate is currently $475.00 per hour.  Altogether, Plaintiff will incur in excess of 11 hours in connection with this discovery dispute.  I therefore request the issuance of monetary

sanctions against Defendant Elizabeth Banks and her counsel Barnes & Thornburgh LLP in the amount of $5,225.00 ($475.00 per hour for my time * 11 hours = $5,225.00).

22.   I was admitted to the California Bar in 1989 and have been a business and entertainment litigator practicing in the Los Angeles area throughout such time.  The rates charged by myself are below or commensurate with other attorneys practicing in the Los Angeles area for business and entertainment litigation matters such as this and have been found to be reasonable by both State and Federal Courts in Los Angeles in connection with prior awards of attorney's fees to our clients.

23.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed in Santa Monica, California.


Dated: December 16, 2014

_____/S/_____
CHARLES M. COATE

Case 2:14-cv-03512-MMM-JC   Document 28   Filed 09/29/14   Page 1 of 2   Page ID #:126

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: CV-14-03512-MMM(JCx) | Date: September 29, 2014 |
|---|---|

Title     Shame on You Productions, Inc. vs Elizabeth Banks, et al

Present: The Honorable     MARGARET M. MORROW

|  |  |
|---|---|
| ANEL HUERTA | C. NIRENBERG |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Theresa E. Johnson                    Gregory Korn
                    Stephen Mick

**Proceedings:**          **Scheduling Conference**

The parties are ordered to a private mediator based upon a stipulation of the parties to be completed no later than April 27, 2015.  See Order/Referral to ADR Program.

After conferring with counsel, the Court schedules the following dates:

| | |
|---|---|
| Rule 26 disclosures: | October 14, 2014 |
| Deadline to file motions/stipulations seeking amendment of pleadings: | October 27, 2014 |
| Further telephone status conference: | February 4, 2015 at 5:00 p.m. |
| Fact discovery cut-off: | February 27, 2015 |
| Initial expert disclosures: | March 13, 2015 |
| Rebuttal expert disclosures: | March 27, 2015 |
| Expert discovery cut-off: | April 10, 2015 |
| (All discovery motions are to be filed sufficiently in advance of the discovery cut-off date that they may be heard on or before that date) | |
| Motions hearing cut-off: | May 11, 2015 at 10:00 a.m. |
| Final Pretrial Conference: | June 8, 2015 at 9:00 a.m. |
| **(Including motions in limine)** | |
| Jury Trial: | July 7, 2015 at 8:30 a.m. |

The court will allow only one motion for summary judgment in this case.  It will not entertain cross-motions.  Counsel are directed to meet and confer and determine which party will be the moving party and which party will be the opposing party.  To the extent it is appropriate based on undisputed facts and controlling principles of law, the court will *sua sponte* enter summary judgment for the

CV-90 (12/02)          **EXHIBIT**          **CIVIL MINUTES - GENERAL**          00   :   16
                                        Initials of Deputy Clerk AH

non-moving party.

    Plaintiffs' counsel is to initiate the call for the further telephone status conference through the telephone operator to include all counsel of record and chambers at **(213) 894-2957**.   If there is any problem completing the call, counsel should contact the courtroom deputy, Anel Huerta, at (213) 894-7857.

CV-90 (12/02)                    **CIVIL MINUTES - GENERAL**                    00  :  16
Initials of Deputy Clerk AH

1  Charles M. Coate, Esq. (SBN: 140404)
   Theresa E. Johnson, Esq. (SBN: 254123)
2  COSTA ABRAMS & COATE LLP
   1221 Second Street, Third Floor
   Santa Monica, California 90401
3  Tel: (310 576-6161
   Fax: (310) 576-6160
   Email: ccoate@cacllp.com
4  Email: tjohnson@cacllp.com
   Attorneys for Plaintiff Shame On You Productions, Inc.

5

6              **UNITED STATES DISTRICT COURT**

              **FOR THE CENTRAL DISTRICT OF CALIFORNIA -- WESTERN**
7
                              **DIVISION**

8  | SHAME ON YOU PRODUCTIONS, | Case No.: 2:14-cv-03512 MMM (JCx) |
   | INC., a California corporation, | |
9  | | **PLAINTIFF'S REQUESTS FOR** |
   | Plaintiff, | **PRODUCTION, SET ONE, TO** |
   | | **ELIZABETH BANKS** |
10 | vs. | |
   | | |
11 | ELIZABETH BANKS, an individual; | [Complaint filed: May 7, 2014] |
   | MAX HANDELMAN, an individual; | [Assigned to Hon. Margaret Morrow] |
12 | STEVEN BRILL, an individual; | |
   | BRILLCO, INC., a California | |
13 | corporation; FOCUS WORLD, INC., a | |
   | California corporation; SIDNEY | |
14 | KIMMEL ENTERTAINMENT, LLC, a | |
   | California limited liability company; | |
15 | FILMDISTRICT PICTURES, LLC, a | |
   | Delaware limited liability company; | |
16 | LAKESHORE ENTERTAINMENT | |
   | CORP., a Delaware corporation; | |
17 | LAKESHORE ENTERTAINMENT | |
   | GROUP LLC, a California limited | |
18 | liability company; and Does 1 – 10, | |
   | inclusive, | |
19 | | |
   | Defendants. | |

20

- 1

**EXHIBIT**
**2**

**PROPOUNDING PARTY:**   Plaintiff Shame On You Productions, Inc.

**RESPONDING PARTY:**   Defendant Elizabeth Banks

**SET NO.:**   One (1)

 

In accordance with Federal Rule of Civil Procedure 34, Plaintiff Shame On You Productions, Inc. requests that Defendant Elizabeth Banks produce for inspection and copying at the law firm of Costa Abrams & Coate LLP, 1221 Second Street, Third Floor, Santa Monica, California 90401, at 10:00 a.m. within thirty (30) days of service hereof, the originals, and if you do not have the originals then duplicate originals, copies or counterparts of the following documents in your possession, custody or control:

## **DEFINITIONS**

1.  YOU, YOUR or BANKS shall refer to Defendant Elizabeth Banks.

2.  HANDELMAN shall refer to Defendant Max Handelman.

3.  BRILL shall refer to Defendant Steven Brill.

4.  BRILLCO shall refer to Defendant Brillco, Inc.

5.  FOCUS WORLD shall refer to Defendant Focus World, Inc.

6.  SKE shall refer to Defendant Sidney Kimmel Entertainment, LLC.

7.  FILMDISTRICT shall refer to Defendant Filmdistrict Pictures, LLC.

-2-

8.     LAKESHORE CORP. shall refer to Defendant Lakeshore Entertainment Corp.

9.     LAKESHORE LLC shall refer to Defendant Lakeshore Entertainment Group LLC.

10.     DEFENDANTS shall refer to Defendants Elizabeth Banks, Max Handelman, Steven Brill, Brillco, Inc., Focus World, Inc., Sidney Kimmel Entertainment, LLC, Filmdistrict Pictures, LLC, Lakeshore Entertainment Corp., Lakeshore Entertainment Group LLC, or any of them, and all of their parents, subsidiaries, affiliates, joint ventures, predecessors and successors, as well as their directors, officers, employees, agents, and representatives, past or present, or other persons acting, or purporting to act on behalf of DEFENDANTS.

11.     SYOPI shall refer to Plaintiff Shame On You Productions, Inc.

12.     ROSEN shall refer to Dan Rosen.

13.     COMPLAINT shall refer to the Complaint filed by PLAINTIFF on May 7, 2014, in the Central District of California, Case No.: 2:14-cv-03512 MMM (JCx).

14.     ANSWER shall refer to the Answer to the Complaint filed by DEFENDANTS BANKS and HANDELMAN in this action on or about July 16, 2014.

- 3

15.     The term DOCUMENT means a writing or recording, as defined in Federal Rules of Evidence §1001, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

16.     The term IDENTIFY, when used to refer to a DOCUMENT means that you should identify the document with particularity, stating:

(a) The identity of the person who signed it or under whose name it was sent or issued;

(b) The identity of the person to whom it was directed;

(c) The date of the document; and

(d) The nature and substance of the document.

17.     The term ADDRESS means the street address, including the city, state, and zip code.

18.     The term PERSON includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

19.     RELATE or RELATING shall mean to have a relationship to or connection with.

- 4

20.     MOTION PICTURE shall mean the motion picture "Walk of Shame," which is the subject of this action.

21.     GROSS REVENUE shall refer to the total of all sales, not reduced by discounts, allowances, returns, commissions, or other adjustments.

## REQUESTS FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that support, or tend to support, YOUR First Affirmative Defense contained in YOUR ANSWER to the COMPLAINT (Failure to Register Copyright).

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that support, or tend to support, YOUR Second Affirmative Defense contained in YOUR ANSWER to the COMPLAINT (Lack of Standing).

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that support, or tend to support, YOUR Third Affirmative Defense contained in YOUR ANSWER to the COMPLAINT (Statute of Limitations).

- 5

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that support, or tend to support, YOUR Fourth Affirmative Defense contained in YOUR ANSWER to the COMPLAINT (Independent Conception).

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support, or tend to support the denials contained in ¶4 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support, or tend to support the denials contained in ¶13 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support, or tend to support the denials contained in ¶14 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support, or tend to support the denials contained in ¶15 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support, or tend to support the denials contained in ¶18 of YOUR ANSWER to the COMPLAINT.

-6

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support, or tend to support the denials contained in ¶19 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that support, or tend to support the denials contained in ¶20 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support, or tend to support the denials contained in ¶24 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that support, or tend to support the denials contained in ¶25 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that support, or tend to support the denials contained in ¶29 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that support, or tend to support the denials contained in ¶38 of YOUR ANSWER to the COMPLAINT.

- 7

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that support, or tend to support the denials contained in ¶39 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that support, or tend to support the denials contained in ¶43 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support, or tend to support the denials contained in ¶46 of YOUR ANSWER to the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and ROSEN, on the other hand.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS evidencing any communications between BANKS, on the one hand, and HANDELMAN, on the other hand, RELATING to ROSEN and/or the "Darci's Walk of Shame" screenplay.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS evidencing any communications between BANKS, on the one hand, and HANDELMAN, on the other hand, RELATING to the "Walk of Shame" screenplay or MOTION PICTURE.

- 8

1  **REQUEST FOR PRODUCTION NO. 22:**

2      All DOCUMENTS evidencing any communications between YOU, on the

3  one hand, and BRILL, on the other hand, RELATING to ROSEN and/or the

4  "Darci's Walk of Shame" screenplay.

5  **REQUEST FOR PRODUCTION NO. 23:**

6      All DOCUMENTS evidencing any communications between YOU, on the

7  one hand, and BRILL, on the other hand, RELATING to the "Walk of Shame"

8  screenplay or MOTION PICTURE, including any notes, comments, or

9  correspondence in connection therewith.

10  **REQUEST FOR PRODUCTION NO. 24:**

11      All DOCUMENTS evidencing any communications between YOU, on the

12  one hand, and YOUR talent agency(ies), on the other hand, RELATING to

13  ROSEN and/or the "Darci's Walk of Shame" screenplay.

14  **REQUEST FOR PRODUCTION NO. 25:**

15      All DOCUMENTS evidencing any communications between YOU, on the

16  one hand, and YOUR talent agency(ies), on the other hand, RELATING to the

17  "Walk of Shame" screenplay or MOTION PICTURE.

18

19

20

- 9

1   **REQUEST FOR PRODUCTION NO. 26:**

2       All DOCUMENTS evidencing any communications between YOU, on the

3   one hand, and any of the DEFENDANTS, on the other hand, RELATING to

4   ROSEN and/or the "Darci's Walk of Shame" screenplay.

5   **REQUEST FOR PRODUCTION NO. 27:**

6       All DOCUMENTS evidencing any communications between YOU, on the

7   one hand, and any of the DEFENDANTS, on the other hand, RELATING to the

8   "Walk of Shame" screenplay or MOTION PICTURE, including all agreements,

9   notes, comments, or correspondence in connection therewith.

10  **REQUEST FOR PRODUCTION NO. 28:**

11      All DOCUMENTS evidencing any development notes, comments,

12  suggested revisions, or other input by YOU RELATED to the "Walk of Shame"

13  screenplay or MOTION PICTURE.

14  **REQUEST FOR PRODUCTION NO. 29:**

15      True and complete copies of all insurance policies which may insure

16  DEFENDANTS with respect to the allegations made in the COMPLAINT.

17  **REQUEST FOR PRODUCTION NO. 30:**

18      All DOCUMENTS referenced in DEFENDANTS' Initial Disclosures

19  pursuant to F.R.C.P. Rule 26.

20

- 10

1  **REQUEST FOR PRODUCTION NO. 31:**

2      All DOCUMENTS RELATING TO the screenplay "Darci's Walk of

3  Shame" that is referenced in the COMPLAINT.

4  **REQUEST FOR PRODUCTION NO. 32:**

5      All DOCUMENTS RELATING TO the screenplay "Walk of Shame" that is

6  referenced in the COMPLAINT.

7  **REQUEST FOR PRODUCTION NO. 33:**

8      All DOCUMENTS constituting, or referring or RELATING to,

9  DEFENDANTS' advertising, promotion or marketing of the "Walk of Shame"

10  MOTION PICTURE, including but not limited to all advertisements, press

11  releases, articles, promotions, appearances in connection therewith.

12  **REQUEST FOR PRODUCTION NO. 34:**

13      All DOCUMENTS referring or RELATING to YOUR profits derived and

14  payments made to YOU in connection with the "Walk of Shame" MOTION

15  PICTURE.

16  **REQUEST FOR PRODUCTION NO. 35:**

17      All DOCUMENTS that reflect or evidence any compensation, revenue, or

18  value YOU received from the exploitation in any format of the "Walk of Shame"

19  MOTION PICTURE.

20

- 11

1

**REQUEST FOR PRODUCTION NO. 36:**

2

All agreements between YOU and any PERSON RELATING to the "Walk

3

of Shame" screenplay and MOTION PICTURE.

4

**REQUEST FOR PRODUCTION NO. 37:**

5

All DOCUMENTS reflecting the GROSS REVENUE generated by the

6

"Walk of Shame" MOTION PICTURE.

7

**REQUEST FOR PRODUCTION NO. 38:**

8

All DOCUMENTS which IDENTIFY or RELATE to all of the sources of

9

revenue generated by the "Walk of Shame" MOTION PICTURE.

10

**REQUEST FOR PRODUCTION NO. 39:**

11

All DOCUMENTS sufficient to establish any and all licensing of rights in

12

and to the "Walk of Shame" screenplay and MOTION PICTURE.

13

14

15

Dated: October 21, 2014                COSTA ABRAMS & COATE LLP

16

By: _____

17

Charles M. Coate
Theresa E. Johnson

18

Attorneys for Plaintiff Shame On You
Productions, Inc.

19

20

- 12

148

## DECLARATION OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  On October 21, 2014, I served the foregoing documents described as **PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE, TO ELIZABETH BANKS** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope as follows:

| | |
|---|---|
| Michael J. Kump, Esq.<br>Kinsella Weitzman Iser Kump &<br>Aldisert LLP<br>808 Wilshire Boulevard, Third Floor<br>Santa Monica, California 90401<br>Email: mkump@kwikalaw.com<br>*Attorneys for Defendants Elizabeth*<br>*Banks and Max Handelman* | Stephen R. Mick, Esq.<br>Devin J. Stone, Esq.<br>BARNES & THORNBURG LLP<br>2029 Century Park East, Suite 300<br>Los Angeles, California  90067<br>Email: stephen.mick@btlaw.com<br>Email: devin.stone@btlaw.com<br>*Attorneys for Defendants Lakeshore*<br>*Entertainment Group LLC; Lakeshore*<br>*Entertainment Corp.; Filmdistrict*<br>*Pictures, LLC; Sidney Kimmel*<br>*Entertainment, LLC; Focus World,*<br>*Inc.; Brillco, Inc.; and Steven Brill* |

[X]  **(BY FIRST CLASS MAIL)** I deposited such envelope in the mail at Santa Monica, California.  The envelope was mailed via first class mail with postage fully prepaid.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[X]  **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed October 21, 2014, at Santa Monica, California.

Yujin Yi

- 13

149

1   KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
    MICHAEL J. KUMP (SBN 100983)
2   mkump@kwikalaw.com
    GREGORY P. KORN (SBN 205306)
3   gkorn@kwikalaw.com
    808 Wilshire Boulevard, 3rd Floor
4   Santa Monica, California 90401
    Telephone: 310.566.9800
5   Facsimile: 310.566.9850

6   Attorneys for Defendants
    ELIZABETH BANKS and MAX HANDELMAN
7

8

9                    UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11   SHAME ON YOU PRODUCTIONS, INC.,        Case No.: 2:14-cv-03512 MMM (JCx)

12              Plaintiff,

13   v.                                     RESPONSE TO SHAME ON YOU
                                            PRODUCTIONS, INC.'S REQUEST FOR
14   ELIZABETH BANKS, an individual; MAX    PRODUCTION, SET ONE, TO
     HANDELMAN, an individual, STEVEN       ELIZABETH BANKS
15   BRILL, an individual, BRILLCO, INC., a
     California corporation, FOCUS WORLD,
16   INC., a California corporation; SIDNEY
     KIMMEL ENTERTAINMENT, LLC, a           [Assigned to Hon. Margaret M. Morrow]
17   California limited liability company;
     FILMDISTRICT PICTURES, LLC, a
18   Delaware limited liability company;
     LAKESHORE ENTERTAINMENT CORP.,
19   a Delaware corporation; LAKESHORE
     ENTERTAINMENT GROUP LLC, a
20   California limited liability company; and
     Does 1-10, inclusive,
21
                Defendants.
22

23

24   PROPOUNDING PARTY:    Plaintiff Shame On You Productions, Inc.

25   RESPONDING PARTY:     Defendant Elizabeth Banks ("Defendant")

26   SET NO.:              ONE (1)

27

28
    10938.00002/239088.1

    RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
    SET ONE, TO ELIZABETH BANKS

EXHIBIT
3

150

1  **REQUEST FOR PRODUCTION NO. 1:**

2      All DOCUMENTS that support, or tend to support, YOUR First Affirmative Defense contained

3  in YOUR ANSWER to the COMPLAINT (Failure to Register Copyright).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5      *Defendant notes before her response that the she is in the process of substituting counsel in this*

6  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

7  *the number of parties, however, it has taken time to enter into the appropriate representation*

8  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

9  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

10  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

11  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

12  *amend these responses as soon as practicable.*

13      Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

14  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

15  Defendant further objects to this request on the grounds that the request seeks confidential and

16  proprietary business documents. Defendant also objects on the basis that this request is unduly

17  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

18  respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

19  communications or documents protected by the work product doctrine or any other related privilege,

20  immunity or doctrine.

21

22  **REQUEST FOR PRODUCTION NO. 2:**

23      All DOCUMENTS that support, or tend to support, YOUR Second Affirmative Defense

24  contained in YOUR ANSWER to the COMPLAINT (Lack of Standing).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

26      *Defendant notes before her response that the she is in the process of substituting counsel in this*

27  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

28  10938.00002/239088.1            1

1   *the number of parties, however, it has taken time to enter into the appropriate representation*

2   *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

3   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

4   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

5   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

6   *amend these responses as soon as practicable.*

7       Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

8   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

9   Defendant further objects to this request on the grounds that the request seeks confidential and

10  proprietary business documents. Defendant also objects on the basis that this request is unduly

11  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

12  respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

13  communications or documents protected by the work product doctrine or any other related privilege,

14  immunity or doctrine.

15

16  **REQUEST FOR PRODUCTION NO. 3:**

17      All DOCUMENTS that support, or tend to support, YOUR Third Affirmative Defense

18  contained in YOUR ANSWER to the COMPLAINT (Statute of Limitations).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

20      *Defendant notes before her response that the she is in the process of substituting counsel in this*

21  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

22  *the number of parties, however, it has taken time to enter into the appropriate representation*

23  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

24  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

25  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

26  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

27  *amend these responses as soon as practicable.*

28  10938.00002/239088.1

                                  2

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1  Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

2  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

3  Defendant further objects to this request on the grounds that the request seeks confidential and

4  proprietary business documents. Defendant also objects on the basis that this request is unduly

5  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

6  respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

7  communications or documents protected by the work product doctrine or any other related privilege,

8  immunity or doctrine.

9

10  **REQUEST FOR PRODUCTION NO. 4:**

11  All DOCUMENTS that support, or tend to support, YOUR Fourth Affirmative Defense

12  contained in YOUR ANSWER to the COMPLAINT (Independent Conception).

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

14  *Defendant notes before her response that the she is in the process of substituting counsel in this*

15  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

16  *the number of parties, however, it has taken time to enter into the appropriate representation*

17  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

18  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

19  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

20  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

21  *amend these responses as soon as practicable.*

22  Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

23  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

24  Defendant further objects to this request on the grounds that the request seeks confidential and

25  proprietary business documents. Defendant also objects on the basis that this request is unduly

26  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

27  respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

28

10938.00002/239088.1                                      3

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1 communications or documents protected by the work product doctrine or any other related privilege,

2 immunity or doctrine.

3

4 **REQUEST FOR PRODUCTION NO. 5:**

5       All DOCUMENTS that support, or tend to support the denials contained in ¶4 of YOUR

6 ANSWER to the COMPLAINT.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

8       *Defendant notes before her response that the she is in the process of substituting counsel in this*

9 *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

10 *the number of parties, however, it has taken time to enter into the appropriate representation*

11 *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

12 *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

13 *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

14 *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

15 *amend these responses as soon as practicable.*

16       Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

17 and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

18 Defendant further objects to this request on the grounds that the request seeks confidential and

19 proprietary business documents. Defendant also objects on the basis that this request is unduly

20 burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

21 respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

22 communications or documents protected by the work product doctrine or any other related privilege,

23 immunity or doctrine.

24

25 **REQUEST FOR PRODUCTION NO. 6:**

26       All DOCUMENTS that support, or tend to support the denials contained in ¶13 of YOUR

27 ANSWER to the COMPLAINT.

28 10938.00002/239088.1                                       4

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support, or tend to support the denials contained in ¶14 of YOUR ANSWER to the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

10938.00002/239088.1

5

1 *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

2 *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

3 *amend these responses as soon as practicable.*

4     Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

5 and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

6 Defendant further objects to this request on the grounds that the request seeks confidential and

7 proprietary business documents. Defendant also objects on the basis that this request is unduly

8 burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

9 respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

10 communications or documents protected by the work product doctrine or any other related privilege,

11 immunity or doctrine.

12

13 **REQUEST FOR PRODUCTION NO. 8:**

14     All DOCUMENTS that support, or tend to support the denials contained in ¶15 of YOUR

15 ANSWER to the COMPLAINT.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

17     *Defendant notes before her response that the she is in the process of substituting counsel in this*

18 *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

19 *the number of parties, however, it has taken time to enter into the appropriate representation*

20 *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

21 *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

22 *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

23 *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

24 *amend these responses as soon as practicable.*

25     Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

26 and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

27 Defendant further objects to this request on the grounds that the request seeks confidential and

28 10938.00002/239088.1            6

    RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
    SET ONE, TO ELIZABETH BANKS

1  proprietary business documents.  Defendant also objects on the basis that this request is unduly

2  burdensome.  Defendant objects that it is not sufficiently particularized to enable Defendant to

3  respond.  Defendant objects to this request to the extent it calls for the disclosure of attorney client

4  communications or documents protected by the work product doctrine or any other related privilege,

5  immunity or doctrine.

6

7  **REQUEST FOR PRODUCTION NO. 9:**

8       All DOCUMENTS that support, or tend to support the denials contained in ¶18 of YOUR

9  ANSWER to the COMPLAINT.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

11      *Defendant notes before her response that the she is in the process of substituting counsel in this*

12 *case.  It is the intention of the defendants in this case to all be represented by the same counsel.  Given*

13 *the number of parties, however, it has taken time to enter into the appropriate representation*

14 *agreements.  Because of the large number of moving pieces and the parties' efforts, counsel for*

15 *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

16 *week) extension to answer these discovery requests.  Plaintiff's counsel flatly refused to provide the*

17 *professional courtesy of an extension, stating that "nothing has been filed."  Defendant intends to*

18 *amend these responses as soon as practicable.*

19      Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

20 and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

21 Defendant further objects to this request on the grounds that the request seeks confidential and

22 proprietary business documents.  Defendant also objects on the basis that this request is unduly

23 burdensome.  Defendant objects that it is not sufficiently particularized to enable Defendant to

24 respond.  Defendant objects to this request to the extent it calls for the disclosure of attorney client

25 communications or documents protected by the work product doctrine or any other related privilege,

26 immunity or doctrine.

27

28  10938.00002/239088.1                                    7

1 | **REQUEST FOR PRODUCTION NO. 10:**

2 | All DOCUMENTS that support, or tend to support the denials contained in ¶19 of YOUR

3 | ANSWER to the COMPLAINT.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

5 | *Defendant notes before her response that the she is in the process of substituting counsel in this*

6 | *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

7 | *the number of parties, however, it has taken time to enter into the appropriate representation*

8 | *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

9 | *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

10 | *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

11 | *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

12 | *amend these responses as soon as practicable.*

13 | Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

14 | and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

15 | Defendant further objects to this request on the grounds that the request seeks confidential and

16 | proprietary business documents. Defendant also objects on the basis that this request is unduly

17 | burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

18 | respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

19 | communications or documents protected by the work product doctrine or any other related privilege,

20 | immunity or doctrine.

21 |

22 | **REQUEST FOR PRODUCTION NO. 11:**

23 | All DOCUMENTS that support, or tend to support the denials contained in ¶20 of YOUR

24 | ANSWER to the COMPLAINT.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

26 | *Defendant notes before her response that the she is in the process of substituting counsel in this*

27 | *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

28 | 10938.00002/239088.1

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1  *the number of parties, however, it has taken time to enter into the appropriate representation*

2  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

3  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

4  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

5  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

6  *amend these responses as soon as practicable.*

7    Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

8  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

9  Defendant further objects to this request on the grounds that the request seeks confidential and

10  proprietary business documents. Defendant also objects on the basis that this request is unduly

11  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

12  respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

13  communications or documents protected by the work product doctrine or any other related privilege,

14  immunity or doctrine.

15

16  **REQUEST FOR PRODUCTION NO. 12:**

17    All DOCUMENTS that support, or tend to support the denials contained in ¶24 of

18  YOUR ANSWER to the COMPLAINT.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

20    *Defendant notes before her response that the she is in the process of substituting counsel in this*

21  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

22  *the number of parties, however, it has taken time to enter into the appropriate representation*

23  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

24  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

25  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

26  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

27  *amend these responses as soon as practicable.*

28  10938.00002/2390B8.1                                9

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1   Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

2   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

3   Defendant further objects to this request on the grounds that the request seeks confidential and

4   proprietary business documents. Defendant also objects on the basis that this request is unduly

5   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

6   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

7   communications or documents protected by the work product doctrine or any other related privilege,

8   immunity or doctrine.

9

10   **REQUEST FOR PRODUCTION NO. 13:**

11   All DOCUMENTS that support, or tend to support the denials contained in ¶25 of YOUR

12   ANSWER to the COMPLAINT.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

14   *Defendant notes before her response that the she is in the process of substituting counsel in this*

15   *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

16   *the number of parties, however, it has taken time to enter into the appropriate representation*

17   *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

18   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

19   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

20   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

21   *amend these responses as soon as practicable.*

22   Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

23   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

24   Defendant further objects to this request on the grounds that the request seeks confidential and

25   proprietary business documents. Defendant also objects on the basis that this request is unduly

26   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

27   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

28   10938.00002/239088.1                           10

1 | communications or documents protected by the work product doctrine or any other related privilege,
2 | immunity or doctrine.

3

4 | **REQUEST FOR PRODUCTION NO. 14:**

5 |     All DOCUMENTS that support, or tend to support the denials contained in ¶29 of YOUR
6 | ANSWER to the COMPLAINT.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

8 | *Defendant notes before her response that the she is in the process of substituting counsel in this*
9 | *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*
10 | *the number of parties, however, it has taken time to enter into the appropriate representation*
11 | *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*
12 | *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*
13 | *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*
14 | *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*
15 | *amend these responses as soon as practicable.*

16 |     Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,
17 | and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.
18 | Defendant further objects to this request on the grounds that the request seeks confidential and
19 | proprietary business documents. Defendant also objects on the basis that this request is unduly
20 | burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to
21 | respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client
22 | communications or documents protected by the work product doctrine or any other related privilege,
23 | immunity or doctrine.

24

25 | **REQUEST FOR PRODUCTION NO. 15:**

26 |     All DOCUMENTS that support, or tend to support the denials contained in ¶38 of YOUR
27 | ANSWER to the COMPLAINT.

28 | 10938.00002/239088.1            11

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2         *Defendant notes before her response that the she is in the process of substituting counsel in this*

3    *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

4    *the number of parties, however, it has taken time to enter into the appropriate representation*

5    *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

6    *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

7    *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

8    *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

9    *amend these responses as soon as practicable.*

10        Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

11   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

12   Defendant further objects to this request on the grounds that the request seeks confidential and

13   proprietary business documents. Defendant also objects on the basis that this request is unduly

14   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

15   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

16   communications or documents protected by the work product doctrine or any other related privilege,

17   immunity or doctrine.

18

19   **REQUEST FOR PRODUCTION NO. 16:**

20        All DOCUMENTS that support, or tend to support the denials contained in ¶39 of YOUR

21   ANSWER to the COMPLAINT.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

23        *Defendant notes before her response that the she is in the process of substituting counsel in this*

24   *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

25   *the number of parties, however, it has taken time to enter into the appropriate representation*

26   *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

27   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

28   10938.00002/239088.1                                12

1   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

2   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

3   *amend these responses as soon as practicable.*

4   Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

5   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

6   Defendant further objects to this request on the grounds that the request seeks confidential and

7   proprietary business documents. Defendant also objects on the basis that this request is unduly

8   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

9   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

10  communications or documents protected by the work product doctrine or any other related privilege,

11  immunity or doctrine.

12

13  **REQUEST FOR PRODUCTION NO. 17:**

14  All DOCUMENTS that support, or tend to support the denials contained in ¶43 of YOUR

15  ANSWER to the COMPLAINT.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

17  *Defendant notes before her response that the she is in the process of substituting counsel in this*

18  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

19  *the number of parties, however, it has taken time to enter into the appropriate representation*

20  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

21  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

22  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

23  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

24  *amend these responses as soon as practicable.*

25  Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

26  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

27  Defendant further objects to this request on the grounds that the request seeks confidential and

28  10938.00002/239088.1                               13

proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support, or tend to support the denials contained in ¶46 of YOUR ANSWER to the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

10938.00002/239088.1

14

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1  **REQUEST FOR PRODUCTION NO. 19:**

2      All DOCUMENTS evidencing any communications between YOU, on the one hand, and

3  ROSEN, on the other hand.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

5      *Defendant notes before her response that the she is in the process of substituting counsel in this*

6  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

7  *the number of parties, however, it has taken time to enter into the appropriate representation*

8  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

9  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

10 *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

11 *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

12 *amend these responses as soon as practicable.*

13      Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

14 and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

15 Defendant further objects to this request on the grounds that the request seeks confidential and

16 proprietary business documents. Defendant also objects on the basis that this request is unduly

17 burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

18 respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

19 communications or documents protected by the work product doctrine or any other related privilege,

20 immunity or doctrine.

21

22 **REQUEST FOR PRODUCTION NO. 20:**

23      All DOCUMENTS evidencing any communications between BANKS, on the one hand, and

24 HANDELMAN, on the other hand, RELATING to ROSEN and/or the "Darci's Walk of Shame"

25 screenplay.

26

27

28  10938.00002/239088.1                                   15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.


**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS evidencing any communications between BANKS, on the one hand, and HANDELMAN, on the other hand, RELATING to the "Walk of Shame" screenplay or MOTION PICTURE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation*

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

166

1  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*
2  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*
3  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*
4  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*
5  *amend these responses as soon as practicable.*

6  Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,
7  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.
8  Defendant further objects to this request on the grounds that the request seeks confidential and
9  proprietary business documents. Defendant also objects on the basis that this request is unduly
10  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to
11  respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client
12  communications or documents protected by the work product doctrine or any other related privilege,
13  immunity or doctrine.

14

15  **REQUEST FOR PRODUCTION NO. 22:**

16  All DOCUMENTS evidencing any communications between YOU, on the one hand, and
17  BRILL, on the other hand, RELATING to ROSEN and/or the "Darci's Walk of Shame" screenplay.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

19  *Defendant notes before her response that the she is in the process of substituting counsel in this*
20  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*
21  *the number of parties, however, it has taken time to enter into the appropriate representation*
22  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*
23  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*
24  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*
25  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*
26  *amend these responses as soon as practicable.*

27

28  10938.00002/239088.1

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1   Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

2   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

3   Defendant further objects to this request on the grounds that the request seeks confidential and

4   proprietary business documents. Defendant also objects on the basis that this request is unduly

5   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

6   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

7   communications or documents protected by the work product doctrine or any other related privilege,

8   immunity or doctrine.

9

10  **REQUEST FOR PRODUCTION NO. 23:**

11       All DOCUMENTS evidencing any communications between YOU, on the one hand, and

12  BRILL, on the other hand, RELATING to the "Walk of Shame" screenplay or MOTION PICTURE,

13  including any notes, comments, or correspondence in connection therewith.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

15       *Defendant notes before her response that the she is in the process of substituting counsel in this*

16  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

17  *the number of parties, however, it has taken time to enter into the appropriate representation*

18  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

19  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

20  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

21  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

22  *amend these responses as soon as practicable.*

23       Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

24  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

25  Defendant further objects to this request on the grounds that the request seeks confidential and

26  proprietary business documents. Defendant also objects on the basis that this request is unduly

27  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

28  10938.00002/239088.1                           18

1   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

2   communications or documents protected by the work product doctrine or any other related privilege,

3   immunity or doctrine.

4

5   **REQUEST FOR PRODUCTION NO. 24:**

6       All DOCUMENTS evidencing any communications between YOU, on the one hand, and

7   YOUR talent agency(ies), on the other hand, RELATING to ROSEN and/or the "Darci's Walk of

8   Shame" screenplay.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

10       *Defendant notes before her response that the she is in the process of substituting counsel in this*

11   *case. It is the intention of the defendants in this case to all be represented by the same counsel.  Given*

12   *the number of parties, however, it has taken time to enter into the appropriate representation*

13   *agreements.  Because of the large number of moving pieces and the parties' efforts, counsel for*

14   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

15   *week) extension to answer these discovery requests.  Plaintiff's counsel flatly refused to provide the*

16   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

17   *amend these responses as soon as practicable.*

18       Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

19   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

20   Defendant further objects to this request on the grounds that the request seeks confidential and

21   proprietary business documents.  Defendant also objects on the basis that this request is unduly

22   burdensome.  Defendant objects that it is not sufficiently particularized to enable Defendant to

23   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

24   communications or documents protected by the work product doctrine or any other related privilege,

25   immunity or doctrine.

26

27

28   10938.00002/239088.1

                                  19

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1  **REQUEST FOR PRODUCTION NO. 25:**

2      All DOCUMENTS evidencing any communications between YOU, on the one hand, and

3  YOUR talent agency(ies), on the other hand, RELATING to the "Walk of Shame" screenplay or

4  MOTION PICTURE.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

6      *Defendant notes before her response that the she is in the process of substituting counsel in this*

7  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

8  *the number of parties, however, it has taken time to enter into the appropriate representation*

9  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

10  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

11  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

12  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

13  *amend these responses as soon as practicable.*

14      Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

15  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

16  Defendant further objects to this request on the grounds that the request seeks confidential and

17  proprietary business documents. Defendant also objects on the basis that this request is unduly

18  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

19  respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

20  communications or documents protected by the work product doctrine or any other related privilege,

21  immunity or doctrine.

22

23  **REQUEST FOR PRODUCTION NO. 26:**

24      All DOCUMENTS evidencing any communications between YOU, on the one hand, and any

25  of the DEFENDANTS, on the other hand, RELATING to ROSEN and/or the "Darci's Walk of Shame"

26  screenplay.

27

28
_____

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing any communications between YOU, on the one hand, and any of the DEFENDANTS, on the other hand, RELATING to the "Walk of Shame" screenplay or MOTION PICTURE, including all agreements, notes, comments, or correspondence in connection therewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation*

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1  agreements. Because of the large number of moving pieces and the parties' efforts, counsel for
2  Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two
3  week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the
4  professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to
5  amend these responses as soon as practicable.

6      Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,
7  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.
8  Defendant further objects to this request on the grounds that the request seeks confidential and
9  proprietary business documents. Defendant also objects on the basis that this request is unduly
10 burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to
11 respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client
12 communications or documents protected by the work product doctrine or any other related privilege,
13 immunity or doctrine.

14

15 **REQUEST FOR PRODUCTION NO. 28:**

16     All DOCUMENTS evidencing any development notes, comments, suggested revisions, or
17 other input by YOU RELATED to the "Walk of Shame" screenplay or MOTION PICTURE.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

19     Defendant notes before her response that the she is in the process of substituting counsel in this
20 case. It is the intention of the defendants in this case to all be represented by the same counsel. Given
21 the number of parties, however, it has taken time to enter into the appropriate representation
22 agreements. Because of the large number of moving pieces and the parties' efforts, counsel for
23 Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two
24 week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the
25 professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to
26 amend these responses as soon as practicable.

27

28

10938.00002/239088.1                         22

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1    Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

2    and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

3    Defendant further objects to this request on the grounds that the request seeks confidential and

4    proprietary business documents. Defendant also objects on the basis that this request is unduly

5    burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

6    respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

7    communications or documents protected by the work product doctrine or any other related privilege,

8    immunity or doctrine.

9

10   **REQUEST FOR PRODUCTION NO. 29:**

11   True and complete copies of all insurance policies which may insure DEFENDANTS with

12   respect to the allegations made in the COMPLAINT.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

14   *Defendant notes before her response that the she is in the process of substituting counsel in this*

15   *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

16   *the number of parties, however, it has taken time to enter into the appropriate representation*

17   *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

18   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

19   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

20   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

21   *amend these responses as soon as practicable.*

22   Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

23   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

24   Defendant further objects to this request on the grounds that the request seeks confidential and

25   proprietary business documents. Defendant also objects on the basis that this request is unduly

26   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

27   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

28   10938.00002/239088.1                          23

1    communications or documents protected by the work product doctrine or any other related privilege,

2    immunity or doctrine.

3

4    **REQUEST FOR PRODUCTION NO. 30:**

5         All DOCUMENTS referenced in DEFENDANTS' Initial Disclosures pursuant to F.R.C.P. Rule

6    26.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

8         *Defendant notes before her response that the she is in the process of substituting counsel in this*

9    *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

10   *the number of parties, however, it has taken time to enter into the appropriate representation*

11   *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

12   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

13   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

14   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

15   *amend these responses as soon as practicable.*

16        Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

17   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

18   Defendant further objects to this request on the grounds that the request seeks confidential and

19   proprietary business documents. Defendant also objects on the basis that this request is unduly

20   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

21   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

22   communications or documents protected by the work product doctrine or any other related privilege,

23   immunity or doctrine.

24

25   **REQUEST FOR PRODUCTION NO. 31:**

26        All DOCUMENTS RELATING TO the screenplay "Darci's Walk of Shame" that is referenced

27   in the COMPLAINT.

28   10938.00002/2390RR.1                                    24
     RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
     SET ONE, TO ELIZABETH BANKS

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

2   *Defendant notes before her response that the she is in the process of substituting counsel in this*

3   *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

4   *the number of parties, however, it has taken time to enter into the appropriate representation*

5   *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

6   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

7   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

8   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

9   *amend these responses as soon as practicable.*

10   Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

11   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

12   Defendant further objects to this request on the grounds that the request seeks confidential and

13   proprietary business documents. Defendant also objects on the basis that this request is unduly

14   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

15   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

16   communications or documents protected by the work product doctrine or any other related privilege,

17   immunity or doctrine.

18

19   **REQUEST FOR PRODUCTION NO. 32:**

20   All DOCUMENTS RELATING TO the screenplay "Walk of Shame" that is referenced in the

21   COMPLAINT.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

23   *Defendant notes before her response that the she is in the process of substituting counsel in this*

24   *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

25   *the number of parties, however, it has taken time to enter into the appropriate representation*

26   *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

27   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

28   10938.00002/239088.1                                   25

1   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

2   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

3   *amend these responses as soon as practicable.*

4        Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

5   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

6   Defendant further objects to this request on the grounds that the request seeks confidential and

7   proprietary business documents. Defendant also objects on the basis that this request is unduly

8   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

9   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

10  communications or documents protected by the work product doctrine or any other related privilege,

11  immunity or doctrine.

12

13  **REQUEST FOR PRODUCTION NO. 33:**

14        All DOCUMENTS constituting, or referring or RELATING to, DEFENDANTS' advertising,

15  promotion or marketing of the "Walk of Shame" MOTION PICTURE, including but not limited to all

16  advertisements, press releases, articles, promotions, appearances in connection therewith.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

18        *Defendant notes before her response that the she is in the process of substituting counsel in this*

19  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

20  *the number of parties, however, it has taken time to enter into the appropriate representation*

21  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

22  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

23  *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

24  *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

25  *amend these responses as soon as practicable.*

26        Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

27  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

28  10938.00002/239088.1                        26

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

176

1  Defendant further objects to this request on the grounds that the request seeks confidential and
2  proprietary business documents. Defendant also objects on the basis that this request is unduly
3  burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to
4  respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client
5  communications or documents protected by the work product doctrine or any other related privilege,
6  immunity or doctrine.

7

8  **REQUEST FOR PRODUCTION NO. 34:**

9      All DOCUMENTS referring or RELATING to YOUR profits derived and payments made to
10 YOU in connection with the "Walk of Shame" MOTION PICTURE.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

12      *Defendant notes before her response that the she is in the process of substituting counsel in this*
13 *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*
14 *the number of parties, however, it has taken time to enter into the appropriate representation*
15 *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*
16 *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*
17 *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*
18 *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*
19 *amend these responses as soon as practicable.*

20      Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,
21 and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.
22 Defendant further objects to this request on the grounds that the request seeks confidential and
23 proprietary business documents. Defendant also objects on the basis that this request is unduly
24 burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to
25 respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client
26 communications or documents protected by the work product doctrine or any other related privilege,
27 immunity or doctrine.

28 10938.00002/239088.1                        27

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1

2  **REQUEST FOR PRODUCTION NO. 35:**

3      All DOCUMENTS that reflect or evidence any compensation, revenue, or value YOU received

4  from the exploitation in any format of the "Walk of Shame" MOTION PICTURE.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

6      *Defendant notes before her response that the she is in the process of substituting counsel in this*

7  *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

8  *the number of parties, however, it has taken time to enter into the appropriate representation*

9  *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

10 *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

11 *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

12 *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

13 *amend these responses as soon as practicable.*

14      Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

15 and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

16 Defendant further objects to this request on the grounds that the request seeks confidential and

17 proprietary business documents. Defendant also objects on the basis that this request is unduly

18 burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

19 respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

20 communications or documents protected by the work product doctrine or any other related privilege,

21 immunity or doctrine.

22

23 **REQUEST FOR PRODUCTION NO. 36:**

24      All agreements between YOU and any PERSON RELATING to the "Walk of Shame"

25 screenplay and MOTION PICTURE.

26

27

28  10998.00002/239088.1                                    28
   <hr>
   RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
   SET ONE, TO ELIZABETH BANKS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*

Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS reflecting the GROSS REVENUE generated by the "Walk of Shame" MOTION PICTURE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

*Defendant notes before her response that the she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

10938.00002/239088.1

29

1   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

2   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

3   *amend these responses as soon as practicable.*

4        Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

5   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

6   Defendant further objects to this request on the grounds that the request seeks confidential and

7   proprietary business documents. Defendant also objects on the basis that this request is unduly

8   burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to

9   respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client

10   communications or documents protected by the work product doctrine or any other related privilege,

11   immunity or doctrine.

12

13   **REQUEST FOR PRODUCTION NO. 38:**

14        All DOCUMENTS which IDENTIFY or RELATE to all of the sources of revenue generated by

15   the "Walk of Shame" MOTION PICTURE.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

17        *Defendant notes before her response that the she is in the process of substituting counsel in this*

18   *case. It is the intention of the defendants in this case to all be represented by the same counsel. Given*

19   *the number of parties, however, it has taken time to enter into the appropriate representation*

20   *agreements. Because of the large number of moving pieces and the parties' efforts, counsel for*

21   *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

22   *week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the*

23   *professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to*

24   *amend these responses as soon as practicable.*

25        Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

26   and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

27   Defendant further objects to this request on the grounds that the request seeks confidential and

28   10938.00002/239088.1          30

1  proprietary business documents.  Defendant also objects on the basis that this request is unduly

2  burdensome.  Defendant objects that it is not sufficiently particularized to enable Defendant to

3  respond.  Defendant objects to this request to the extent it calls for the disclosure of attorney client

4  communications or documents protected by the work product doctrine or any other related privilege,

5  immunity or doctrine.

6

7  **REQUEST FOR PRODUCTION NO. 39:**

8      All DOCUMENTS sufficient to establish any and all licensing of rights in and to the "Walk of

9  Shame" screenplay and MOTION PICTURE.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

11      *Defendant notes before her response that the she is in the process of substituting counsel in this*

12  *case.  It is the intention of the defendants in this case to all be represented by the same counsel.  Given*

13  *the number of parties, however, it has taken time to enter into the appropriate representation*

14  *agreements.  Because of the large number of moving pieces and the parties' efforts, counsel for*

15  *Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two*

16  *week) extension to answer these discovery requests.  Plaintiff's counsel flatly refused to provide the*

17  *professional courtesy of an extension, stating that "nothing has been filed."  Defendant intends to*

18  *amend these responses as soon as practicable.*

19      Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad,

20  and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence.

21  Defendant further objects to this request on the grounds that the request seeks confidential and

22  proprietary business documents.  Defendant also objects on the basis that this request is unduly

23  burdensome.  Defendant objects that it is not sufficiently particularized to enable Defendant to

24  respond.  Defendant objects to this request to the extent it calls for the disclosure of attorney client

25  communications or documents protected by the work product doctrine or any other related privilege,

26  immunity or doctrine.

27

28  10938.00002/239088.1                                              31

RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
SET ONE, TO ELIZABETH BANKS

1  DATED: November 24, 2014

2

3                               KINSELLA WEITZMAN ISER
                                 KUMP & ALDISERT LLP

4

5                          By:

6                                 Michael J. Kump
                               Attorneys for Defendants Elizabeth Banks and Max

7                               Handelman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  10938.00002/239088.1                         32
             RESPONSE TO SHAME ON YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION,
                          SET ONE, TO ELIZABETH BANKS

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 808 Wilshire Boulevard, 3rd Floor, Santa Monica, CA 90401.

4

5

On November 24, 2014, I served the following document(s) described as **RESPONSE TO SHAME OF YOU PRODUCTIONS, INC.'S REQUEST FOR PRODUCTION, SET ONE, TO ELIZABETH BANKS** on the interested parties in this action as follows:

6

7

| | |
|---|---|
| Theresa E Johnson<br>Charles Michael Coate<br>COSTA ABRAMS AND COATE<br>1221 Second Street, Third Floor<br>Santa Monica, CA 90401<br>Tele:    310.576.6161<br>Fax:     310.576.6160<br>Email:   tjohnson@cacllp.com<br>ccoate@cacllp.com | Attorneys for Plaintiff<br>*Shame On You Productions Inc.* |

8

9

10

11

12

| | |
|---|---|
| Stephen R Mick<br>Devin Stone<br>BARNES AND THORNBURG LLP<br>2029 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Tele:    310.284.3880<br>Fax:     310.284.3894<br>Email:   smick@btlaw.com<br>devin.stone@btlaw.com | Attorneys for Defendants<br>*Steven Brill; Brillco Inc.; Focus World Inc.;<br>Sidney Kimmel Entertainment LLC;<br>FilmDistrict Pictures LLC; Lakeshore<br>Entertainment Corp.; Lakeshore<br>Entertainment Group LLC* |

13

14

15

16

17

18

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kinsella Weitzman Iser Kump & Aldisert's practice for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope, postage fully prepaid.

19

20

21

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22

23

Executed on November 24, 2014, at Santa Monica, California.

24

25

26

Candace Hoffman

27

28

10938.00002/231318.1

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL. 310.566.9800 · FAX 310.566.9850

**costa abrams & coate llp** | trial & transactional attorneys

1221 Second Street, Third Floor, Santa Monica, California 90401
tel 310.576.6161 fax 310.576.6160
A limited liability partnership including professional corporations

December 3, 2014

**Via Email and Facsimile**
Michael J. Kump, Esq.
Gregory P. Korn, Esq.
Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, California 90401
Fax: (310) 566-9850
Email: mkump@kwikalaw.com
Email: gkorn@kwikalaw.com

    Re:   **Shame On You Productions, Inc. v. Elizabeth Banks, et al.**
            **USDC Case No. 2:14-cv-03512 MMM (JCx)**

Dear Counsel:

    Last week, our office received Defendant Elizabeth Banks's Responses to Plaintiff's First Sets of Requests for Production of Documents, consisted wholly of objections and were not accompanied by any production of documents. Moreover, although the attached Proof of Service indicates service by mailing on November 24, 2014, it was not signed.

    The purpose of this letter is to meet and confer in good faith in an effort to informally resolve this discovery dispute and obtain proper supplemental responses and complete responsive documents without the need for motion practice.

    In response to each and every request, Defendant Banks responded as follows:

        *Defendant notes before her response that she is in the process of substituting counsel in this case. It is the intention of the defendants in this case to all be represented by the same counsel. Given the number of parties, however, it has taken time to enter into the appropriate representation agreements. Because of the large number of moving pieces and the parties' efforts, counsel for Defendant (as well as counsel for Lakeshore, separately) asked Plaintiff's counsel for a short (two week) extension to answer these discovery requests. Plaintiff's counsel flatly refused to provide the professional courtesy of an extension, stating that "nothing has been filed." Defendant intends to amend these responses as soon as practicable.*



Defendant objects to this request on the grounds that it is vague and ambiguous, overly broad, and not relevant to the claims at issue or likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that the request seeks confidential and proprietary business documents. Defendant also objects on the basis that this request is unduly burdensome. Defendant objects that it is not sufficiently particularized to enable Defendant to respond. Defendant objects to this request to the extent it calls for the disclosure of attorney client communications or documents protected by the work product doctrine or any other related privilege, immunity or doctrine.

While Defendant in her responses vaguely indicates that she "intends to amend these responses as soon as practicable," no definite date has been provided nor is it clear whether she intends to fully comply with the requests by serving complete substantive responses together with complete responsive documents.

Nor did Defendant request a "short (two week) extension" pending finalization of substitution of counsel in this action, as represented in the responses. Rather, just before the responses were due under the Federal Rules of Civil Procedure, Defendant's counsel in fact sought a three week extension, and similarly did not indicate whether Defendant intended to fully comply with the requests and service complete substantive responses and complete responsive documents even if the extension was granted. As of the date of the request, nothing had been filed to reflect any change in representation of Defendant that Plaintiff was aware of.

Moreover, Defendant's responses violate F.R.C.P. Rule 34(b)(2)(B), which requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." (emphasis added). "[F.R.C.P.] Rule 34 clearly states that if an objection is made, the reasons for 'the objection shall be stated.' Fed.R.Civ.P. 34(b)." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007). Here, Defendant has neither stated that inspection will be permitted nor provided sufficient reasons why Defendant objects to each of the production requests.

Because Defendant has only provided the same, generic boilerplate response and objections to each and every request for production and provided insufficient reasons for her objections, Plaintiff cannot appropriately respond to each of Defendant's objections. "[T]he very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008).

Further, Defendant's specific objections are without merit. As to relevance, "relevant information need not be admissible at the trial is the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. Rule 26(b)(1). Additionally, F.R.C.P. Rule 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, that

2

is relevant to the claim or defense of any party. Nor are the requests vague, ambiguous, or insufficiently particularized. Defendant fails to identify what parts of the requests she does not understand. Nor can these relatively straight forward basic requests be considered unduly burdensome. Additionally, the requests do not seek the disclosures of highly sensitive information which warrants confidential protection; however, these issues can be addressed by a mutually agreeable protective order rather than an outright refusal to produce. As you recall, we previously circulated a draft confidentiality order to address concerns that may arise regarding the disclosure of sensitive information during litigation. We, however, received no comments or feedback from Defendant regarding the proposed order, so no confidentiality order currently governs. Lastly, to the extent Defendant objects on the grounds of privilege, Defendant should provide serve a privilege log identifying each document withheld and the basis therefore.

At this stage of the proceedings, Defendant has yet to produce a single document, either as a part of her Initial Disclosure, or in response to Plaintiff's Requests for Production. As such, Plaintiff anticipates having to file a motion or motions to compel Defendant's production of the documents requested pursuant to F.R.C.P. Rules 34 and 37 unless full and complete responses and documents are served immediately.

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. *See* F.R.C.P. Rule 37(a). If a party fails to provide information, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard, may order payment of the reasonable expenses, including attorney's fees, caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions. *See* F.R.C.P. Rule 37(c). The court where the action is pending may, on motion, order sanctions if a party, after being properly served with a request for inspection under Rule 34 fails to serve its answers, objections, or written response. *See* F.R.C.P. Rule 37(d). Absent Defendant's immediate service of sufficient supplemental responses and documents, Plaintiff may be forced to move to compel the same and to seek sanctions as may be appropriate.

In order to eliminate the necessity for a hearing on anticipated motions to compel Defendant's supplemental written responses and the production of the requested documents, or to eliminate as many of the disputes as possible, please let us know of your availability to meet and confer, in person, at our offices, located at 1221 Second St., Third Floor, Santa Monica, CA 90401 between December 9 and 12, 2014. If counsel are not available those dates, please propose alternative dates. However, please be advised that, in accordance with Local Rule 37-1, the meet and confer meeting must take place within ten (10) days of this letter.

Regards,

Charles M. Coate

3

Name and address:
Michael J. Kump (SBN 100983)
Gregory P. Korn (SBN 205306)
Kinsella Weitzman Iser Kump & Aldisert LLC
808 Wilshire Boulevard, Suite 300
Santa Monica, CA 90401-1894
Tel: 310-566-9800

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SHAME ON YOU PRODUCTIONS, INC.,  PLAINTIFF(S) | CASE NUMBER: 2:14-CV-03512-MMM-JC |
|---|---|
| v.  ELIZABETH BANKS, an individual; MAX HANDELMAN, an individual, *et al.*  DEFENDANT(S) | REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF COUNSEL |

### INSTRUCTIONS

Generally, an attorney may withdraw from representing a party in a case without the Court's permission if another member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member in good standing of the Bar of this Court representing that party. In that circumstance, the withdrawing attorney should complete and file a "Notice of Appearance or Withdrawal of Counsel" (Form G-123), instead of this "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01).

Notably, however, Court permission for withdrawal or substitution is required if no member of the withdrawing attorney's firm or agency will remain as counsel of record. In such circumstances, the attorney(s) seeking to withdraw should complete and file this "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01), and submit a proposed "Order on Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01 Order).

If the circumstances surrounding an attorney's withdrawal or request to substitute other counsel are not covered by this Form G-01, the attorney may instead file a regularly noticed motion supported by a more detailed memorandum of points and authorities.

### SECTION I - WITHDRAWING ATTORNEY

*Please complete the following information for the attorney seeking to withdraw (provide the information as it currently appears on the docket; if the attorney appeared pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Michael J. Kump _____ CA Bar Number: 100983 ___

Firm or agency: Kinsella Weitzman Iser Kump & Aldisert LLP _____

Address: 808 Wilshire Blvd., Suite 300, Santa Monica, CA 90401 _____

Telephone Number: 310-566-9800 _____ Fax Number: 310-566-9850 _____

E-mail: mkump@kwikalaw.com _____

Counsel of record for the following party or parties: Defendant Elizabeth Banks _____

Other members of the same firm or agency also seeking to withdraw: Gregory P. Korn _____

**EXHIBIT**
5

## SECTION II - NEW REPRESENTATION

☐ No new counsel is necessary. The party or parties represented by the attorney(s) seeking to withdraw will continue to be represented by another attorney/firm who has already entered an appearance as counsel of record for that party or parties in this case, and who is a member in good standing of the Bar of this Court.

☐ The party or parties represented by the attorney(s) seeking to withdraw have not retained new counsel and wish to proceed *pro se*, as self-represented litigants.

☒ The party or parties represented by the attorney(s) seeking to withdraw have retained the following new counsel, who is a member in good standing of the Bar of this Court:

Name: Stephen R. Mick                                    CA Bar Number: 131569

Firm or agency: Barnes & Thornburg LLP

Address: 2029 Century Park East, Suite 300, Los Angles, CA 90067

Telephone Number: 310-284-3880          Fax Number: 310-2843894

E-mail: smick@btlaw.com

## SECTION III - SIGNATURES

### *Withdrawing Attorney*
I am currently counsel of record in this case, and am identified above in Section I as the "Withdrawing Attorney." I have given notice as required by Local Rule 83-2.3. I hereby request that I and any other attorney(s) listed in Section I be allowed to withdraw from this case.

Date: November 17, 2014          Signature: 

Name: Michael J. Kump

### *New Attorney (if applicable)*
I have been retained to appear as counsel of record in this case, and my name and contact information are given above in Section II. I am a member in good standing of the Bar of this Court.

Date: November 8, 2014          Signature: 

Name: Stephen R. Mick

### *Party Represented by Withdrawing Attorney*
I am currently represented by, or am an authorized representative of a party currently represented by, the Withdrawing Attorney listed above. I consent to the withdrawal of my current counsel, and to (check *if applicable*):

☒ substitution of counsel as specified above.

☐ representing myself *pro se* in this case.

Date: November 19, 2014          Signature: 

Name: Elizabeth Banks

Title: 

G-01 (06/13)          REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF COUNSEL          Page 2 of 2

# BARNES & THORNBURG LLP

2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904 U.S.A.
(310) 284-3880
Fax (310) 284-3894

www.btlaw.com

Devin Stone
(310) 284-3868
devin.stone@btlaw.com

December 9, 2014

**VIA MAIL & E-MAIL**

Charles M. Coate, Esq.
COSTA ABRAMS & COATE, LLP
1221 Second Street, 3rd Floor
Santa Monica, CA 90401

RE:   Shame On You Productions, Inc. v. Elizabeth Banks, et al.

Dear Mr. Coate:

We have received your slew of letters dated December 3, 2014 regarding Plaintiff's discovery requests. Defendants are amenable to meeting and conferring on the issues raised in your letters and believe that a proper conference, with enough preparation, could be quite fruitful. However, Mr. Mick and I are currently unavailable to meet between December 9th and 12th as you requested. As we have informed you on multiple occasions, Mr. Mick is participating in back to back trials on behalf of the Lakeshore defendants from December 1st through December 22nd. Therefore, both lead counsel in this matter and two major defendants in this case are unable to participate. I myself am in the process of moving to the east coast and am unavailable between December 9th and 12th.

Moreover, as you are probably now aware, Barnes & Thornburg has now substituted in as counsel of record for defendants Elizabeth Banks and Max Handelman. It will take a reasonable amount of time to come up to speed in representing Ms. Banks and Mr. Handelman. We understand that their prior counsel asked for an extension to the currently pending discover requests to facilitate the hand off, but that Plaintiff denied the request. Plaintiff's lack of courtesy in granting this extension was stunning, if not surprising, given that Plaintiff similarly denied a *one week* extension to defendants Lakeshore Entertainment Group, LLC, Lakeshore Entertainment Corp., Sidney Kimmel Entertainment, LLC, FilmDistrict Entertainment, Inc., Focus Features, LLC, Brillco, Inc., and Steven Brill to prepare their responses.

Atlanta     Chicago     Delaware     Indiana     Los Angeles     Michigan     Minneapolis     Ohio     Washington, D.C.



Charles M. Coate
December 9, 2014
Page 2

Plaintiff's continued lack of courtesy and insistence in barreling ahead in this case is baffling, especially given Plaintiff's continued refusal to provide the very screen play on which it sues. Despite defendants' repeated requests and pending *ex parte* application, Plaintiff continues to press forward in this case without having revealed its screenplay – the screenplay Plaintiff claims defendants somehow misappropriated.

We do not understand why you continue to defy the Court's order and defendants' reasonable request. Plaintiff's failure to provide the central document in this case is similar to a party who sues for misappropriation of trade secrets without identifying what secrets were misappropriated. *Altavion, Inc. v. Konica Minolta Sys. Lab. Inc.*, 226 Cal. App. 4th 26, 43-44 (2014), *review denied* (Aug. 20, 2014) (before the defendant should be compelled to respond to the complaint or discovery the "trade secret must be described 'with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'") Or, like a plaintiff who sues for breach of contract without providing the contract or its terms. *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252, (1989) ("To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either *in haec verba* or according to legal effect."). In the trade secret context, these rules – requiring disclosure – serve several beneficial purposes

> it discourages the filing of meritless claims, prevents plaintiffs from using the discovery process to uncover the defendant's trade secrets, assists the trial court in framing the scope of discovery, and "enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges."

*Altavion, Inc.*, 226 Cal. App. 4th at 44 (citations omitted). Yet, Plaintiff appears to be doing exactly what is unpermitted: filing meritless claims, using the discovery process to uncover defendants' proprietary information, preventing the Court from framing the case, and preventing defendants from preparing their complete defenses.

Please let us know if Plaintiff is amenable to scheduling the meet and confer conference for the first or second week in January when Mr. Mick will be out of trial and I will have relocated to my new office. If Plaintiff is unwilling to offer any accommodation for counsel's trial schedule and the holiday season, please let us know immediately, as we will have no alternative but to request a protective order from the Court.

On a related note, in early September, Plaintiff agreed to amend its complaint to replace the erroneously named "Focus World, Inc." with the proper entity, Focus Features, LLC. I sent a follow up letter on December 1, asking when we might receive a stipulation to amend and the

BARNES&THORNBURG LLP

190

Charles M. Coate
December 9, 2014
Page 3

proposed amended complaint.  You did not respond, so I will ask again: When can defendants expect Plaintiff's amended complaint.

Very truly yours,

DEVIN STONE

DS/aaj

cc:    Stephen R. Mick, Esq.
       Michael J. Kump, Esq.

LADS01 144724v1

BARNES&THORNBURG LLP

191

## costa abrams & coate llp | trial & transactional attorneys

1221 Second Street, Third Floor, Santa Monica, California 90401
tel 310.576.6161 fax 310.576.6160
A limited liability partnership including professional corporations

November 3, 2014

**Via First Class Mail**
Stephen R. Mick, Esq.
Devin J. Stone, Esq.
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067

Michael J. Kump, Esq.
Kinsella Weitzman Iser Kump &
Aldisert LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, California 90401

Re: **Shame On You Productions, Inc. v. Elizabeth Banks, et al.**
**USDC Case No. 2:14-cv-03512 MMM (JCx)**

Dear Counsel:

Our office was in arbitration Thursday and Friday of last week, and has just now had the opportunity to respond to Mr. Stone's correspondence of last week.

Preliminarily, it is clear that Defendants are in continued disregard of their Initial Disclosure obligations under F.R.C.P. Rule 26, in that the documents required to be produced concurrently with their Initial Disclosures have yet to be produced, despite numerous requests by our office. Specifically, as Defendants had indicated in their initial disclosures that the motion picture is governed by a standard errors and omissions policy, we wrote to you on October 15, 2014, and again on October 29, 2014, asking when such policy would be produced for inspection and copying. *See* F.R.C.P. Rule 26 (a)(1)(A)(iv); *see also* Wickens v. Shell Oil Co., 620 F.3d 747, 759 (7th Cir. 2010); *see also* Excelsior College v. Frye, 233 F.R.D. 583, 585-86 (S.D. Cal. 2006). Despite Mr. Stone's promise that Lakeshore's insurance policy will be produced on a "rolling basis," no such production has yet been made nor has a date certain been provided as to when it can be expected. Please produce these required documents forthwith.

Moreover, Defendants have yet to produce all drafts of the "Walk of Shame" screenplay, development notes, electronic notes, and email communications regarding the same, despite our repeated requests for such highly relevant documents since prior to initiation of this lawsuit. Nor have Defendants indicated whether they will in fact agree to produce these documents, or when.



**EXHIBIT**
7

While we appreciate Defendants' production of one version of the screenplay subsequent to service of their Initial Disclosures, it may be of little assistance in the absence of the other requested documents, especially since the film has been released and reviewed by Plaintiff, and obviously forms a basis for the specific comparisons referenced in the Complaint. Given Defendants' claims of independent creation, *inter alia*, it is imperative that these other documents be produced immediately in order to evaluate such purported defenses. Correspondingly, while Plaintiff has agreed to produce its own screenplay, we have always made clear such production was intended to be on a reciprocal basis during a mutual exchange with Defendants' production of the above-referenced documents. Please indicate when Defendants would be prepared to engage in such mutual document exchange.

Correspondingly, with respect to the issue of a protective order governing the disclosure of discovery matters, as promised, we have drafted a Stipulation and Protective Order and enclose it herein for review and comment by your respective offices. While we disagree with many of Mr. Stone's assertions set forth in his October 29, 2014 email, we appreciate that your clients have no objection to entering into a protective order in this matter and we anticipate that parties may claim that sensitive documents relevant to this dispute warrant protection from public disclosure. We look forward to receiving your comments and proceeding from there.

Lastly, Mr. Stone's above-referenced email makes several references to Lakeshore only as opposed to all defendants (in connection with a proposed protective order, and a relevant insurance policy). Do any of the remaining defendants take issue with entering into a protective order, and do any of them have separate insurance policies also called for under FRCP Rule 26? If so, please advise immediately. Mr. Kump is requested to respond in connection with defendants represented by his office as well.

We look forward to resolving these issues. Please do not hesitate to contact our office should you wish to discuss these matters further.

Kind regards,

Charles M. Coate

Enclosures

cc:    Theresa E. Johnson, Esq.

2

193

Charles M. Coate, Esq. (SBN: 140404)
Theresa E. Johnson, Esq. (SBN: 254123)
COSTA ABRAMS & COATE LLP
1221 Second Street, Third Floor
Santa Monica, California 90401
Tel: (310) 576-6161
Fax: (310) 576-6160
Email: ccoate@cacllp.com
Email: tjohnson@cacllp.com
Attorneys for Plaintiff Shame On You Productions, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SHAME ON YOU PRODUCTIONS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ELIZABETH BANKS, an individual; MAX HANDELMAN, an individual; STEVEN BRILL, an individual; BRILLCO, INC., a California corporation; FOCUS WORLD, INC., a California corporation; SIDNEY KIMMEL ENTERTAINMENT, LLC, a California limited liability company; FILMDISTRICT PICTURES, LLC, a Delaware limited liability company; LAKESHORE ENTERTAINMENT CORP., a Delaware corporation; LAKESHORE ENTERTAINMENT GROUP LLC, a California limited liability company; and Does 1 – 10, inclusive, <br><br> Defendants. | Case No.: 2:14-cv-03512 MMM (JCx) <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** <br><br> [Complaint filed: May 7, 2014] <br> [Assigned to Hon. Margaret Morrow] |

- 1 -

1  To expedite the flow of discovery material, facilitate the prompt resolution

2  of disputes over the confidentiality and privileged nature of information,

3  adequately protect material entitled to be kept confidential or privileged, and

4  ensure that protection is afforded only to material so entitled, it is ORDERED,

5  based upon the stipulation of the parties hereto, through their respect counsel of

6  record, as follows:

7  **1.0.  Definitions.**

8  1.1  Party. Any party to this action, including all of its officers, directors,

9  employees, and in-house counsel (and their support staff).

10  1.2  Disclosure or Discovery Material. All items or information,

11  regardless of the medium or manner generated, stored, or maintained (including,

12  among other things, testimony, transcripts, documents or tangible things) that are

13  produced or generated in disclosures or responses to discovery in this matter.

14  1.3  "Confidential" Information or Items:

15  (i)  Information and communications that are subject to the protections of

16  the right of privacy under the California or United States Constitution, the

17  attorney-client privilege and/or work product doctrine.

18  (ii)  Information that is a "trade secret" as that term is defined in 18 U.S.C.

19  § 1839; and,

20  (iii)  Information alleged in good faith by a Party to be subject to protection

-2-

195

1   from disclosure under the California Evidence Code or other State or Federal law.

2       1.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items:

3   Extremely sensitive "Confidential Information or Items" disclosure of which to

4   another Party or non-party would create a substantial risk of serious injury not

5   related to the claims asserted in this action that could not be avoided by less

6   restrictive means.

7       1.5   Designating Party:   A Party or non-party that designates its

8   Disclosures or Discovery Material as "Confidential" or "Highly Confidential –

9   Attorneys' Eyes Only."

10       1.6   Receiving Party:   Party that receives Disclosure or Discovery

11   Material from a Designating Party.

12       1.7   Protected Material:  Any Disclosure or Discovery Material that is

13   designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes

14   Only."

15       1.8   Outside Counsel: Attorneys and their staff who are not employees of

16   a Party but who are retained to represent or advise a Party in this action.

17       1.9   In-House Counsel: Attorneys and their staff who are employees of a

18   Party.

19       1.10  Counsel (without qualifier): Outside Counsel and In-House Counsel

20   (as well as their support staffs).

-3-

1.11   Expert:   A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation; and who is not a past or a current employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party.

1.12   Professional Vendors:   Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.0   Scope.**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel or in court or in other settings that would reveal Protected Material.

**3.0   Duration.**

Even after the final termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until the Receiving Party returns or destroys the protected Materials pursuant to paragraph 10 below; until a Designating Party agrees otherwise in writing; or until a Court

-4

1    orders otherwise.

2        **4.0    Designating Protected Material.**

3        4.1    Exercise of Restraint and Care in Designating Disclosure or
4    Discovery Material for Protection.    Each Party or non-party that designates
5    Disclosure or Discovery Material for protection under this Order must take care to
6    limit any such designation to specific Disclosure or Discovery Material that
7    qualifies under the appropriate confidentiality standard.  A Designating Party must
8    take care to designate for protection only those parts of Disclosure or Discovery
9    Material, so that other portions of the Disclosure or Discovery Material for which
10   protection is not warranted are not swept unjustifiably within the ambit of this
11   Protective Order.

12       If it comes to a Designating Party's attention that Disclosure or Discovery
13   Material that that party designated for protection does not qualify for protection at
14   all, or does not qualify for the level of protection initially asserted, that Designating
15   Party must promptly notify all other parties that it is withdrawing the improper
16   designation.

17       4.2    Manner and Timing of Designations.  Except as otherwise provided in
18   this Protective Order, or as otherwise stipulated or ordered, Disclosure or
19   Discovery Material that qualifies for protection under this Protective Order must be
20   clearly so designated before such material is disclosed or produced.

- 5

198

1    Designation in conformity with this Protective Order requires:

2        4.2(a)  For Disclosure or Discovery Material in documentary form (apart

3    from transcripts of depositions or other pretrial proceedings), that the Designating

4    Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" prominently on each page that contains Protected

6    Material.  If only a portion or portions of a document or material on a page

7    qualifies for protection, the Designating Party also must clearly identify the

8    protected portion (e.g., by making appropriate markings in the margins) and

9    must specify, for each portion the level of protection being asserted (either

10   "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

11       4.2(b)  For Disclosure or Discovery Material in the form of testimony given

12   in deposition or in other pretrial proceeding, that the Party or non-party offering

13   the testimony identify on the record, before the testimony is given or the exhibit

14   introduced, that the subject matter of the testimony or the exhibit is "Confidential"

15   or "Highly Confidential – Attorneys' Eyes Only."  Upon such identification, only

16   those persons eligible to receive such Disclosure or Discovery Material under the

17   terms of this Protective Order shall remain to witness the "Confidential" or "High

18   Confidential – Attorneys' Eyes Only" portion of the deposition or other pretrial

19   proceeding.

20       Transcript pages containing Protected Material must be separately bound by

-6-

1 the court reporter, who must prominently affix on each such page the legend
2 "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by
3 the Party or non-party offering or sponsoring the witness or presenting the
4 testimony.

5      Any Party may also designate testimony that is entitled to protection by
6 notifying all Parties in writing within thirty (30) days of receipt of the transcript, of
7 the specific pages and lines of the transcript which should be treated as
8 "Confidential" or "Highly Confidential – Attorneys' Eyes Only" thereafter. Each
9 Party shall attach a copy of such written notice or notices to the face of the
10 transcript and each copy thereof in its possession, custody or control. Unless
11 otherwise indicated, all deposition transcripts shall be treated as "Highly
12 Confidential – Attorneys' Eyes Only" for a period of twenty (20) days after the
13 receipt of the transcript. This preliminary treatment, however, shall not limit a
14 deponent's right to review the transcript of his or her deposition under F.R.C.P.
15 Rule 30(e).

16      4.2(c)   For Disclosure or Discovery Material produced other than in
17 documentary or testimony form, and for any other tangible items, the Designating
18 Party shall affix in a prominent place on the exterior of the container in which or
19 disk (or similar device) on which the information or item is stored, the legend
20 "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions

-7

1  of the information or item warrant protection, the Designating Party, to the extent

2  practicable, shall identify the protected portions, specifying whether they qualify as

3  "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

4     4.3    Inadvertent Failures to Designate. An inadvertent failure to designate

5  information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

6  Only" does not, standing alone, waive the Designating Party's right to secure

7  protection under this Protective Order for such material.  If any Disclosure or

8  Discovery Material is designated as "Confidential" or "Highly Confidential –

9  Attorneys' Eyes Only" after the material was initially produced, the Receiving

10 Party, on notification of the designation, must take reasonable efforts to ensure

11 that the material is treated in accordance with the provisions of this Protective

12 Order.

13    4.4    Nonparty Designations During Deposition. During the deposition of

14 any nonparty, the nonparty may designate any Disclosure or Discovery Material as

15 "Confidential" or "Highly Confidential – Attorneys' Eyes Only" so long as it is so

16 designated in good faith.  Further, any nonparty seeking to invoke any protection

17 accorded by the Protective Order must provide a copy of the "Agreement to Be

18 Bound by Protective Order" (attached hereto as "Exhibit A") executed by the

19 nonparty to all counsel of record for the Parties.

20

-8-

1  **5.**    **Challenging Confidentiality Designations.**

2      5.1    Timing of Challenges.  Unless a prompt challenge to a Designating

3  Party's confidentiality designation is necessary to avoid foreseeable substantial

4  unfairness, unnecessary economic burdens, or a later significant disruption or delay

5  of the litigation, a Party does not waive its right to challenge a confidentiality

6  designation by electing not to mount a challenge promptly after the original

7  designation is disclosed.

8      5.2    Meet and Confer.  At any time during the pendency or trial of this

9  action, any party claims that any other party is unreasonably claiming certain

10  information to be confidential (the "Challenging Party"), such Challenging Party

11  shall provide written notice to the party making the designation with an

12  explanation of its challenge and the reasons therefor.  In conferring, the

13  Challenging Party must explain in writing the basis for its belief that the

14  confidentiality designation was not proper and must give the Designating Party an

15  opportunity within twenty (20) days, or within such shorter time as ordered by the

16  Court (e.g., if close to or in trial) to review the designated material, to reconsider

17  the circumstances, and, if no change in designation is offered, to explain the basis

18  for the chosen designation.

19      5.3    Judicial Intervention.  The Challenging Party shall have thirty (30)

20  days, or such shorter time as ordered by the Court (e.g., if close to or in trial), from

-9

1  the date of the Challenging Party's written notice to make an appropriate

2  application to this Court, with confidential portions thereof to be kept under seal,

3  requesting an order that confidentiality designation given by the Designating Party

4  to specifically identified documents, information, and/or deposition testimony be

5  modified or eliminated and explaining the bases therefor. The Designating Party

6  shall have the burden of establishing that the documents, information and/or

7  deposition testimony are confidential and subject to protection.  Until the Court

8  rules on the challenge, all parties shall continue to afford the Disclosure or

9  Discovery Material in question the level of protection to which it is designated by

10  the Designating Party.

11  **6.0  Access To And Use Of Protected Material.**

12  6.1  Basic Principles. A Receiving Party may use Protected Material that

13  is disclosed or produced by another Party or by a non-party in connection with this

14  case only for prosecuting, defending, or attempting to settle this litigation.  Such

15  Protected Material may be disclosed only to the categories of persons and under

16  the conditions described in this Protective Order.  When the litigation has been

17  terminated, a Receiving Party must comply with the provisions of Section 10

18  below.

19  Protected Material must be maintained by a Receiving Party at a location

20  and in a secure manner that ensures that access is limited to persons authorized

- 10

1   under this Protective Order.

2       6.2    Disclosure of "Confidential" Information or Items.  Unless otherwise

3   ordered by the Court or permitted in writing by the Designating Party, a Receiving

4   Party may disclose any information or item designated "Confidential" only to the

5   following:

6       6.2(a)  the Receiving Party, including its officers, directors, contractors and

7   employees (including In-House Counsel) to whom disclosure is reasonably

8   necessary for this litigation and who have signed the "Agreement to Be Bound by

9   Protective Order" (attached hereto as Exhibit A);

10       6.2(b)  Outside Counsel in this litigation well as its employees to whom it

11   is reasonably necessary to disclose the information for this litigation;

12       6.2(c)  Experts (as defined in this Protective Order) of the Receiving Party to

13   whom disclosure is reasonably necessary for this litigation and who have signed

14   the "Agreement to Be Bound by Protective Order" (attached hereto as Exhibit A);

15       6.2(d)  The Court and its personnel;

16       6.2(e)  Court reporters, their staffs;

17       6.2 (f) Professional Vendors to whom disclosure is reasonably necessary for

18   this litigation and who have signed the "Agreement to Be Bound by Protective

19   Order" (attached hereto as Exhibit A);

20       6.2(g)  During their depositions, witnesses in the action to whom disclosure

- 11

1  is reasonably necessary and who have signed the "Agreement to Be Bound by

2  Protective Order" (attached hereto as Exhibit A) or who the Court has ordered to

3  be bound by the Protective Order reflected in this Stipulation. Pages of transcribed

4  deposition testimony or exhibits to depositions that contain Protected Material

5  must be separately bound by the court reporter and may not be disclosed to anyone

6  except as permitted under this Protective Order.

7      6.2(h)   The author or recipient of the Protected Material, the original

8  source of the information, or a party or witness who knew or obtained the

9  Protected Material independently of the discovery in this action.

10      6.2(i) Any mediator or arbitrator that the parties engage in this matter or the

11  Court appoints who has signed the "Agreement to Be Bound by Protective Order"

12  (attached hereto as Exhibit A).

13      6.3   Disclosure of "Highly Confidential – Attorneys' Eyes Only"

14  Information or Items.  Unless otherwise ordered by the Court or permitted in

15  writing by the Designating Party, a Receiving Party may disclose any information

16  or item designated "Highly Confidential – Attorneys' Eyes Only" only to the

17  following:

18      6.3(a)  Outside Counsel of record in this action, as well as its employees to

19  whom it is reasonably necessary to disclose the information for this litigation;

20      6.3(b)  In-House Counsel to whom disclosure is reasonably necessary for

-12

1   this litigation and who has signed the "Agreement to Be Bound by Protective

2   Order" (attached hereto as "Exhibit A");

3       6.3(c)  Experts (as defined in this Protective Order) (1) to whom disclosure

4   is reasonably necessary for this litigation, and (2) who have signed the "Agreement

5   to Be Bound by Protective Order" (attached as "Exhibit A");

6       6.3(d)  The Court and its personnel;

7       6.2(e)  Court reporters their staffs;

8       6.2 (f) Professional vendors to whom disclosure is reasonably necessary for

9   this litigation and who have signed the "Agreement to Be Bound by Protective

10  Order" (attached hereto as Exhibit A);

11      6.2(g)  During their depositions, witnesses in the action to whom disclosure

12  is reasonably necessary and who have signed the Agreement to Be Bound by

13  Protective Order" (attached hereto as Exhibit A) or who the Court has ordered to

14  be bound by the Protective Order reflected in this Stipulation. Pages of transcribed

15  deposition testimony or exhibits to depositions that contain Protected Material

16  must be separately bound by the court reporter and may not be disclosed to anyone

17  except as permitted under this Protective Order.

18      6.2(h)  The author of or recipient of the Protected Material, the original

19  source of the information, or a Party or witness who knew or obtained the

20  Protected Material independently of the discovery in this action.

- 13

1    6.2(i) Any mediator or arbitrator that the Parties engage in this matter or the

2    Court appoints who has signed the "Agreement to Be Bound by Protective Order"

3    (attached hereto as Exhibit A).

4    **7.    Protected Material Subpoenaed Or Ordered Produced In Other**

5    **Litigation.**

6    If a Receiving Party is served with a subpoena or a Court order issued in

7    other litigation that would compel disclosure of any information or items

8    designated in this action as "Confidential" or "Highly Confidential – Attorneys'

9    Eyes Only," the Receiving Party must immediately notify the Designating Party, in

10   writing and in no event more than five (5) court days after receiving the subpoena

11   or Court order.  Such notification must include a copy of the subpoena or Court

12   order.

13   The Receiving Party also must immediately inform in writing the Party who

14   caused the subpoena or order to issue in the other litigation that some or all the

15   Protected Material covered by the subpoena or order is the subject of this

16   Protective Order.  In addition, the Receiving Party must deliver a copy of this

17   Protective Order promptly to the Party in the other action that caused the subpoena

18   or order to issue.

19   The purpose of imposing these duties is to alert the interested parties to the

20   existence of this Protective Order and to afford the Designating Party in this case

- 14

1  an opportunity to try to protect its confidentiality interests in the Court from which

2  the subpoena or order issued.  The Designating Party shall bear the burdens and the

3  expenses of seeking protection in that court of its Protected Material – and nothing

4  in these provisions should be construed as authorizing or encouraging a Receiving

5  Party in this action to disobey a lawful directive from another Court.

6      **8.      Unauthorized Disclosure Of Protected Material.**

7      If a Receiving Party learns that, by inadvertence or otherwise, it has

8  disclosed Protected Material to any person or in any circumstance not authorized

9  under this Protective Order, the Receiving Party must immediately (a) notify in

10 writing the Designating Party of the unauthorized disclosures, (b) use its best

11 efforts to retrieve all copies of the Protected Material, (c) inform the person or

12 persons to whom unauthorized disclosure were made of all the terms of this

13 Order, and (d) request such person or persons to execute the "Agreement to Be

14 Bound by Protective Order" (attached hereto as Exhibit A).  If such person or

15 persons refuse to agree to be so bound, then the Receiving Party shall seek a Court

16 Order binding such person or persons to the Protective Order reflected in this

17 Stipulation.

18     **9.      Filing Protected Material.**

19     A Party that seeks to file under seal any Protected Material must comply

20 with all applicable statutes and rules of court, including but not limited to

- 15

1  California Rule of Court 2.551.  To the extent permitted by local rule, such

2  Protected Material shall be filed in sealed envelopes marked with the title of the

3  litigation, and bearing a statement substantially in the following form:

4     CONFIDENTIAL (or HIGHLY CONFIDENTIAL)

5     FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER

6  DATED _____ 2011, GOVERNING CONFIDENTIALITY OF

7  DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF

8  THIS LITIGATION.  THIS ENVELOPE IS NOT TO BE OPENED AND ITS

9  CONTENTS ARE NOT TO BE DISPLAYED OR REVEALED EXCEPT BY OR

10 TO QUALIFIED PERSONS OR BY COURT ORDER.

11    All such materials so filed shall be released from confidential treatment by

12 the clerk only upon further order of the Court.  Such order, if issued, may include

13 authorization to release such materials to the jury, if this case is tried to a jury.

14    **10.   Final Disposition.**

15    This Protective Order shall survive the termination of this action, to the

16 extent that the Protected Material is not or does not become known to the public,

17 and the Court shall retain jurisdiction over this Protective Order for the purpose of

18 enforcing it.

19    Unless otherwise ordered or agreed in writing by the Designating Party, after

20 the final termination of this litigation, including any appeals, if a Designating Party

- 16 -

1  requests in writing the return or destruction of any or all of its Protected Material to
2  the Receiving Party, within twenty (20) business days of such request, the
3  Receiving Party must submit a written certification, under penalty of perjury, to the
4  Designating Party that all Protected Material was returned or destroyed, including
5  any copies, abstracts, compilations, summaries or other forms of reproducing or
6  capturing any of the Protected Material.

7     Provided, however, that even if the Designating Party should fail to request
8  from the Receiving Party the return or destruction of Protected Material, the
9  Receiving party may notify the Designating Party that such material will be
10 destroyed unless, within twenty (20) business days of such request, the Designating
11 Party requests such material be returned to such party.   In the event of the
12 Receiving Party's destruction or return of such material under this proviso, the
13 Receiving Party shall provide the same certification to the Designating Party as
14 provided for earlier in this section.

15    **11.   Inadvertent Production of Privileged Documents.**

16    Inadvertent production of any document or information which a party later
17 claims should not have been produced because of a privilege, including but not
18 limited to attorney-client or work product privilege ("Inadvertently Produced
19 Privileged Document"), will not be deemed to waive any privilege.  A party may
20 request the return of any Inadvertently Produced Privileged Document.  A request

-17

210

1  for the return of an Inadvertently Produced Privileged Document shall identify the

2  document inadvertently produced and the basis for withholding such document

3  from production. If a party requests the return, pursuant to this paragraph, of any

4  Inadvertently Produced Privileged Document then in the custody of another party,

5  the possessing party shall within five (5) days return to the requesting party the

6  Inadvertently Produced Privileged Document and all copies thereof and shall not

7  make use of such document or information in this proceeding or otherwise. The

8  party returning such material may then move the Court for an order compelling

9  production of the documents or information, but said party shall not assert as a

10  ground for entering such an order the fact or circumstances of the inadvertent

11  production.

12  **12.   Miscellaneous.**

13  12.1   Right to Further Relief. Nothing in this Protective Order abridges the

14  right of any person to seek its modification by the Court in the future.

15  12.2   Right to Assert Other Objections and Right to Use of Protected

16  Material at Trial. By stipulating to the entry of this Protective Order, no Party

17  waives any right he, she or it otherwise would have to object to disclosing or

18  producing any Disclosure or Discovery Material on any ground not addressed in

19  this Protective Order. Similarly, no Party waives any right to object on any ground

20  to use in evidence of any of the Disclosure or Discovery Material covered by this

- 18

1   Protective Order.  Nothing in this Protective Order waives the right of a party to

2   use Protected Material at trial upon such terms and conditions as are just and as are

3   ordered by the Court.

4       12.3  Nothing herein shall impose any restrictions on the use or disclosure

5   by any Party or witness of documents, material or information known or obtained

6   by such Party or witness by legitimate means, independently of the discovery

7   obtained in this action, whether or not such documents, material, or information

8   may additionally have been obtained through discovery in this action.

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

- 19

**STIPULATION**

**IT IS SO STIPULATED.**

DATED: _____, 2014      COSTA ABRAMS & COATE LLP

By:_____
Charles M. Coate, Esq.
Theresa E. Johnson, Esq.
Attorneys for Plaintiff Shame On You
Productions, Inc.

DATED: _____, 2014      BARNES & THORNBURG LLP

By:_____
Stephen R. Mick, Esq.
Devin Stone, Esq.
Attorneys for Defendants Steven Brill,
Brillstein, Inc., Focus World, Inc., Sidney
Kimmel Entertainment, LLC, Filmdistict
Pictures, LLC, Lakeshore Entertainment
Corp., Lakeshore Entertainment Group
LLC

DATED: _____, 2014      KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP

By:_____
Michael J. Kump, Esq.
Attorneys for Defendants Elizabeth Banks
and Max Handelman

- 20

213

1

**[PROPOSED] ORDER**

2

3   **IT IS SO ORDERED.**

4

5   DATED: _____, 2014

6   _____
    Judge of the United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20



-21-

## Exhibit A

### Agreement to be Bound By Protective Order

THE UNDERSIGNED, acknowledges that, in connection with the civil action pending in the Superior Court for the State of California for the County of Los Angeles in an action styled as Shame On You Productions, Inc. v. Elizabeth Banks, et al., 2:14-v-3512 MMM (JCx), the undersigned will be shown documents, electronic files, and/or other information designated by a party or third party as "Confidential" or "Highly Confidential – Attorneys Eyes Only." The undersigned further acknowledges that he/she has been provided with a copy of that certain PROTECTIVE ORDER attached hereto, and that, in conjunction with reviewing materials and information designated by the Designating Party as "Confidential" or "Highly Confidential – Attorneys Eyes Only," he/she agrees to abide by the terms of the PROTECTIVE ORDER and to be subject to the jurisdiction of the above-referenced Court with regard to any motions, complaints, claims or hearings regarding the issue of whether the undersigned has abided by the PROTECTIVE ORDER.

Signature: _____

Print Name: _____

Dated: _____

- 22

215

## costa abrams & coate llp | trial & transactional attorneys

1221 Second Street, Third Floor, Santa Monica, California 90401
tel 310.576.6161 fax 310.576.6160
A limited liability partnership including professional corporations

December 9, 2014

**Via Email and Facsimile**
Stephen R. Mick, Esq.
Devin J. Stone, Esq.
Barnes & Thornburg LLP
2029 Century Park East
Suite 300
Los Angeles, California 90067
Fax: (310) 284-3894
Email: stephen.mick@btlaw.com
Email: devin.stone@btlaw.com

     Re:    **Shame On You Productions, Inc. v. Elizabeth Banks, et al.**
              **USDC Case No. 2:14-cv-03512 MMM (JCx)**

Dear Counsel:

As you recall, to the extent that sensitive documents relevant to this dispute warrant protection from public disclosure, our office drafted a Stipulation and Protective Order governing the disclosure of discovery matters and circulated it to Defendants' counsel for review and comments on November 3, 2014, pursuant to Mr. Stone's request. (Since then we have been notified of the requested substitutions of attorney by your office as to Ms. Banks and Mr. Handelman, and therefore, we direct this correspondence to your office but have cc'ed prior counsel since the substitutions have not yet been granted by the Court.)

To date, we have yet to receive any comments or feedback from Defendants regarding the proposed order. Additionally, I called Mr. Mick earlier today and left a message, but my call has not yet been returned.

Accordingly, enclosed please find another copy of the proposed Stipulation and Protective Order we previously circulated. We expect that having a governing stipulated protective order may possibly aid in the resolution of several current and future discovery issues. Once again, you are asked to provide us your comments as soon as possible. We look forward to promptly receiving your comments and proceeding from there.



EXHIBIT

We look forward to resolving these issues. Please do not hesitate to contact our office should you wish to discuss these matters further.

Regards,

Charles M. Coate

Enclosures

cc:     Michael J. Kump (mkump@kwikalaw.com); Gregory P. Korn (gkorn@kwikalaw.com)

2

1  Charles M. Coate, Esq. (SBN: 140404)
   Theresa E. Johnson, Esq. (SBN: 254123)
2  COSTA ABRAMS & COATE LLP
   1221 Second Street, Third Floor
   Santa Monica, California  90401
3  Tel: (310) 576-6161
   Fax: (310) 576-6160
   Email: ccoate@cacllp.com
4  Email: tjohnson@cacllp.com
   Attorneys for Plaintiff Shame On You Productions, Inc.

5
                    UNITED STATES DISTRICT COURT
6
          FOR THE CENTRAL DISTRICT OF CALIFORNIA -- WESTERN
7                              DIVISION

8  SHAME ON YOU PRODUCTIONS,          Case No.: 2:14-cv-03512 MMM (JCx)
   INC., a California corporation,

9                                     STIPULATION AND
            Plaintiff,                [PROPOSED] PROTECTIVE
                                      ORDER
10      vs.
11 ELIZABETH BANKS, an individual;    [Complaint filed: May 7, 2014]
   MAX HANDELMAN, an individual;      [Assigned to Hon. Margaret Morrow]
   STEVEN BRILL, an individual;
12 BRILLCO, INC., a California
   corporation; FOCUS WORLD, INC., a
13 California corporation; SIDNEY
   KIMMEL ENTERTAINMENT, LLC, a
14 California limited liability company;
   FILMDISTRICT PICTURES, LLC, a
15 Delaware limited liability company;
   LAKESHORE ENTERTAINMENT
16 CORP., a Delaware corporation;
   LAKESHORE ENTERTAINMENT
17 GROUP LLC, a California limited
   liability company; and Does 1 – 10,
18 inclusive,

19          Defendants.

20

                                 - 1 -

                                 218

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over the confidentiality and privileged nature of information, adequately protect material entitled to be kept confidential or privileged, and ensure that protection is afforded only to material so entitled, it is ORDERED, based upon the stipulation of the parties hereto, through their respect counsel of record, as follows:

**1.0.   Definitions.**

1.1    Party: Any party to this action, including all of its officers, directors, employees, and in-house counsel and their support staff).

1.2    Disclosure or Discovery Material:   All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.3    "Confidential" Information or Items:

(i)    Information and communications that are subject to the protections of the right of privacy under the California or United States Constitution, the attorney-client privilege and/or work product doctrine.

(ii)    Information that is a "trade secret" as that term is defined in 18 U.S.C. § 1839; and,

(iii)    Information alleged in good faith by a Party to be subject to protection

- 2

219

1    from disclosure under the California Evidence Code or other State or Federal law.

2    1.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:

3    Extremely sensitive "Confidential Information or Items" disclosure of which to

4    another Party or non-party would create a substantial risk of serious injury not

5    related to the claims asserted in this action that could not be avoided by less

6    restrictive means.

7    1.5    Designating Party:    A Party or non-party that designates its

8    Disclosures or Discovery Material "Confidential" or "Highly Confidential –

9    Attorneys' Eyes Only."

10   1.6    Receiving Party:    Party that receives Disclosure or Discovery

11   Material from a Designating Party.

12   1.7    Protected Material:   Any Disclosure or Discovery Material that is

13   designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes

14   Only."

15   1.8    Outside Counsel: Attorneys and their staff who are not employees of

16   a Party but who are retained to represent or advise a Party in this action.

17   1.9    In-House Counsel: Attorneys and their staff who are employees of a

18   Party.

19   1.10   Counsel (without qualifier): Outside Counsel and In-House Counsel

20   (as well as their support staffs).

- 3

1       1.11   Expert:  A person with specialized knowledge or experience in a

2   matter pertinent to the litigation who has been retained by a Party or its Counsel to

3   serve as an expert witness or as a consultant in this litigation; and who is not a past

4   or a current employee of a Party and who, at the time of retention, was not

5   anticipated to become an employee of a Party.

6       1.12   Professional Vendors:  Persons or entities that provide litigation

7   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

8   demonstrations, organizing, storing, retrieving data in any form or medium; etc.)

9   and their employees and subcontractors.

10      **2.0    Scope.**

11      The protections conferred by this Protective Order cover not only Protected

12  Material (as defined above), but also any information copied or extracted

13  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

14  testimony, conversations, or presentations by parties or counsel to or in court or in

15  other settings that would reveal Protected Material.

16      **3.0    Duration.**

17      Even after the final termination of this litigation, the confidentiality

18  obligations imposed by this Protective Order shall remain in effect until the

19  Receiving Party returns or destroys the protected Materials pursuant to paragraph

20  10 below; until a Designating Party agrees otherwise in writing; or until a Court

- 4

1 | orders otherwise.

2 | **4.0    Designating Protected Material.**

3 | 4.1    Exercise of Restraint and Care in Designating Disclosure or
4 | Discovery Material for Protection.   Each Party or non-party that designates
5 | Disclosure or Discovery Material for protection under this Order must take care to
6 | limit any such designation to specific Disclosure or Discovery Material that
7 | qualifies under the appropriate confidentiality standard.  A Designating Party must
8 | take care to designate for protection only those parts of Disclosure or Discovery
9 | Material, so that other portions of the Disclosure or Discovery Material for which
10 | protection is not warranted are not swept unjustifiably within the ambit of this
11 | Protective Order.

12 | If it comes to a Designating Party's attention that Disclosure or Discovery
13 | Material that that party designated for protection does not qualify for protection at
14 | all, or does not qualify for the level of protection initially asserted, that Designating
15 | Party must promptly notify all other parties that it is withdrawing the improper
16 | designation.

17 | 4.2    Manner and Timing of Designations.  Except as otherwise provided in
18 | this Protective Order, or as otherwise stipulated or ordered, Disclosure or
19 | Discovery Material that qualifies for protection under this Protective Order must be
20 | clearly so designated before such material is disclosed or produced.

· 5

Designation in conformity with this Protective Order requires:

4.2(a)   For Disclosure or Discovery Material in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prominently on each page that contains Protected Material.   If only a portion or portions of a document or material on a page qualifies for protection, the Designating Party also must clearly identify the protected portions (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

4.2(b)  For Disclosure or Discovery Material in the form of testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering the testimony identify on the record, before the testimony is given or the exhibit introduced, that the subject matter of the testimony or the exhibit is "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Upon such identification, only those persons eligible to receive such Disclosure or Discovery Material under the terms of this Protective Order shall remain to witness the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" portion of the deposition or other pretrial proceeding.

Transcript pages containing Protected Material must be separately bound by

-6-

1   the court reporter, who must prominently affix on each such page the legend

2   "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by

3   the Party or non-party offering or sponsoring the witness or presenting the

4   testimony.

5         Any Party may also designate testimony that is entitled to protection by

6   notifying all Parties in writing within thirty (30) days of receipt of the transcript, of

7   the specific pages and lines of the transcript which should be treated as

8   "Confidential" or "Highly Confidential – Attorneys' Eyes Only" thereafter. Each

9   Party shall attach a copy of such written notice or notices to the face of the

10   transcript and each copy thereof in its possession, custody or control. Unless

11   otherwise indicated, all deposition transcripts shall be treated as "Highly

12   Confidential – Attorneys' Eyes Only" for a period of twenty (20) days after the

13   receipt of the transcript. This preliminary treatment, however, shall not limit a

14   deponent's right to review the transcript of his or her deposition under F.R.C.P.

15   Rule 30(e).

16         4.2(c)  For Disclosure or Discovery Material produced other than in

17   documentary or testimony form, and for any other tangible items, the Designating

18   Party shall affix in a prominent place on the exterior of the container in which or

19   disk (or similar device) on which the information or item is stored, the legend

20   "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions

- 7 -

1   of the information or item warrant protection, the Designating Party, to the extent

2   practicable, shall identify the protected portions, specifying whether they qualify as

3   "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

4        4.3     Inadvertent Failures to Designate.  An inadvertent failure to designate

5   information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

6   Only" does not, standing alone, waive the Designating Party's right to secure

7   protection under this Protective Order for such material.  If any Disclosure or

8   Discovery Material is designated as "Confidential" or "Highly Confidential –

9   Attorneys' Eyes Only" after the material was initially produced, the Receiving

10  Party, on notification of the designation, must take reasonable efforts to ensure

11  that the material is treated in accordance with the provisions of this Protective

12  Order.

13       4.4     Nonparty Designations During Deposition.  During the deposition of

14  any nonparty, the nonparty may designate any Disclosure or Discovery Material as

15  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" so long as it is so

16  designated in good faith.  Further, any nonparty seeking to invoke any protection

17  accorded by the Protective Order must provide a copy of the "Agreement to Be

18  Bound by Protective Order" (attached hereto as "Exhibit A") executed by the

19  nonparty to all counsel of record for the Parties.

20

- 8

**5.    Challenging Confidentiality Designations.**

5.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Meet and Confer.  If, at any time during the pendency or trial of this action, any party claims that any other party is unreasonably claiming certain information to be confidential (the "Challenging Party"), such Challenging Party shall provide written notice to the party making the designation with an explanation of its challenge and the reasons therefore.  In conferring, the Challenging Party must explain in writing the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity within twenty (20) days, or within such shorter time as ordered by the Court (e.g., if close to or in trial) to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

5.3    Judicial Intervention.  The Challenging Party shall have thirty (30) days, or such shorter time as ordered by the Court (e.g., if close to or in trial), from

-9-

226

1    the date of the Challenging Party's written notice to make an appropriate

2    application to this Court, with confidential portions thereof to be kept under seal,

3    requesting an order that confidentiality designation given by the Designating Party

4    to specifically identified documents, information, and/or deposition testimony be

5    modified or eliminated and explaining the bases therefor. The Designating Party

6    shall have the burden of establishing that the documents, information and/or

7    deposition testimony are confidential and subject to protection. Until the Court

8    rules on the challenge, all parties shall continue to afford the Disclosure or

9    Discovery Material in question the level of protection to which it is designated by

10   the Designating Party.

11       **6.0    Access To And Use Of Protected Material.**

12       6.1    Basic Principles. A Receiving Party may use Protected Material that

13   is disclosed or produced by another Party or by a non-party in connection with this

14   case only for prosecuting, defending, or attempting to settle the litigation. Such

15   Protected Material may be disclosed only to the categories of persons and under

16   the conditions described in this Protective Order. When the litigation has been

17   terminated, a Receiving Party must comply with the provisions of Section 10

18   below.

19       Protected Material must be maintained by a Receiving Party at a location

20   and in a secure manner that ensures that access is limited to persons authorized

- 10

1 | under this Protective Order.

2 |     6.2    Disclosure of "Confidential" Information or Items. Unless otherwise
3 | ordered by the Court or permitted in writing by the Designating Party, a Receiving
4 | Party may disclose any information or item designated "Confidential" only to the
5 | following:

6 |     6.2(a)  the Receiving Party, including its officers, directors, contractors and
7 | employees (including In-House Counsel) to whom disclosure is reasonably
8 | necessary for this litigation and who have signed the "Agreement to Be Bound by
9 | Protective Order" (attached hereto as Exhibit A);

10 |     6.2(b)  Outside Counsel in this litigation, as well as its employees to whom it
11 | is reasonably necessary to disclose the information for this litigation;

12 |     6.2(c)  Experts (as defined in this Protective Order) of the Receiving Party to
13 | whom disclosure is reasonably necessary for this litigation and who have signed
14 | the "Agreement to Be Bound by Protective Order" (attached hereto as Exhibit A);

15 |     6.2(d)  The Court and its personnel;

16 |     6.2(e)  Court reporters, their staffs;

17 |     6.2 (f) Professional Vendors to whom disclosure is reasonably necessary for
18 | this litigation and who have signed the "Agreement to Be Bound by Protective
19 | Order" (attached hereto as Exhibit A);

20 |     6.2(g)  During their depositions, witnesses in the action to whom disclosure

- 11

228

1    is reasonably necessary and who have signed the "Agreement to Be Bound by
2    Protective Order" (attached hereto as Exhibit A) or who the Court has ordered to
3    be bound by the Protective Order reflected in this Stipulation. Pages of transcribed
4    deposition testimony or exhibits to depositions that contain Protected Material
5    must be separately bound by the court reporter and may not be disclosed to anyone
6    except as permitted under this Protective Order.

7        6.2(h)  The author of or recipient of the Protected Material, the original
8    source of the information, or a Party or witness who knew or obtained the
9    Protected Material independently of the discovery in this action.

10       6.2(i) Any mediator or arbitrator that the parties engage in this matter or the
11   Court appoints who has signed the "Agreement to Be Bound by Protective Order"
12   (attached hereto as Exhibit A).

13       6.3    Disclosure of "Highly Confidential – Attorneys' Eyes Only"
14   Information or Items.  Unless otherwise ordered by the Court or permitted in
15   writing by the Designating Party, a Receiving Party may disclose any information
16   or item designated "Highly Confidential – Attorneys' Eyes Only" only to the
17   following:

18       6.3(a)  Outside Counsel of record in this action, as well as its employees to
19   whom it is reasonably necessary to disclose the information for this litigation;

20       6.3(b)  In-House Counsel to whom disclosure is reasonably necessary for

- 12

1 | this litigation and who has signed the "Agreement to Be Bound by Protective
2 | Order" (attached hereto as "Exhibit A");

3 |     6.3(c)  Experts (as defined in this Protective Order) (1) to whom disclosure
4 | is reasonably necessary for this litigation, and (2) who have signed the "Agreement
5 | to Be Bound by Protective Order" (attached as "Exhibit A");

6 |     6.3(d)  The Court and its personnel;

7 |     6.2(e)  Court reporters their staffs;

8 |     6.2 (f) Professional vendors to whom disclosure is reasonably necessary for
9 | this litigation and who have signed the "Agreement to Be Bound by Protective
10 | Order" (attached hereto as Exhibit A);

11 |     6.2(g)  During their depositions, witnesses in the action to whom disclosure
12 | is reasonably necessary and who have signed the "Agreement to Be Bound by
13 | Protective Order" (attached hereto as Exhibit A) or who the Court has ordered to
14 | be bound by the Protective Order reflected in this Stipulation. Pages of transcribed
15 | deposition testimony or exhibits to depositions that contain Protected Material
16 | must be separately bound by the court reporter and may not be disclosed to anyone
17 | except as permitted under this Protective Order.

18 |     6.2(h)  The author of or recipient of the Protected Material, the original
19 | source of the information, or a Party or witness who knew or obtained the
20 | Protected Material independently of the discovery in this action.

- 13

6.2(i) Any mediator or arbitrator that the Parties engage in this matter or the Court appoints who has signed the "Agreement to Be Bound by Protective Order" (attached hereto as Exhibit A).

7.      **Protected Material Subpoenaed Or Ordered Produced In Other Litigation.**

If a Receiving Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must immediately notify the Designating Party, in writing and in no event more than five (5) court days after receiving the subpoena or Court order. Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the Protected Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case

- 14

231

1  an opportunity to try to protect its confidentiality interests in the Court from which
2  the subpoena or order issued. The Designating Party shall bear the burdens and the
3  expenses of seeking protection in that court of its Protected Material – and nothing
4  in these provisions should be construed as authorizing or encouraging a Receiving
5  Party in this action to disobey a lawful directive from another Court.

6  **8.  Unauth___d Disclosure Of Protected Material.**

7  If a Re___ving Party learns that, by inadvertence or otherwise, it has
8  disclosed Protect___M___al t___y___rson or in any circumstance not authorized
9  under this Protective Or___, the Recei___g Party must immediately (a) notify in
10  writing the Designating Party ___ the unauth___ed disclosures, (b) use its best
11  efforts to retrieve all copies of t___Pro___ted Material, (c) inform the person or
12  persons to whom unauthorized disclosure___ were ___ade o___all the terms of this
13  Order, and (d) request such person or perso___ to exe___te the ___greement to Be
14  Bound by Protective Order" (attached hereto as Exhibit A). ___ su___person or
15  persons refuse to agree to be so bound, then the Receivin___ arty shall seek a Court
16  Order binding such person or persons to the Protective Order reflected in this
17  Stipulation.

18  **9.  Filing Protected Material.**

19  A Party that seeks to file under seal any Protected Material must comply
20  with all applicable statutes and rules of court, including but not limited to

- 15

1  California Rule of Court 2.551.  To the extent permitted by local rule, such

2  Protected Material shall be filed in sealed envelopes marked with the title of the

3  litigation, and bearing a statement substantially in the following form:

4      CONFIDENTIAL (or HIGHLY CONFIDENTIAL)

5      FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER

6  DATED _____ 2011, GOVERNING CONFIDENTIALITY OF

7  DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF

8  THIS LITIGATION.  THIS ENVELOPE IS NOT TO BE OPENED AND ITS

9  CONTENTS ARE NOT TO BE DISPLAYED OR REVEALED EXCEPT BY OR

10 TO QUALIFIED PERSONS OR BY COURT ORDER.

11     All such materials so filed can be released from confidential treatment by

12 the clerk only upon further order of the Court.  Such order, if issued, may include

13 authorization to release such materials to the jury, if this case is tried to a jury.

14     **10.  Final Disposition.**

15     This Protective Order shall survive the termination of this action, to the

16 extent that the Protected Material is not or does not become known to the public,

17 and the Court shall retain jurisdiction over this Protective Order for the purpose of

18 enforcing it.

19     Unless otherwise ordered or agreed in writing by the Designating Party, after

20 the final termination of this litigation, including any appeals, if a Designating Party

- 16

1   requests in writing the return or destruction of any or all of its Protected Material to

2   the Receiving Party, within twenty (20) business days of such request, the

3   Receiving Party must submit a written certification, under penalty of perjury, to the

4   Designating Party that all Protected Material was returned or destroyed, including

5   any copies, abstracts, compilations, summaries or other forms of reproducing or

6   capturing any of the Protected Material.

7         Provided, however, that even if the Designating Party should fail to request

8   from the Receiving Party the return or destruction of Protected Material, the

9   Receiving party may notify the Designating Party that such material will be

10  destroyed unless, within twenty (20) business days of such request, the Designating

11  Party requests such material be returned to such party.  In the event of the

12  Receiving Party's destruction or return of such material under this proviso, the

13  Receiving Party shall provide the same certification to the Designating Party as

14  provided for earlier in this section.

15        **11.    Inadvertent Production of Privileged Documents.**

16        Inadvertent production of any document or information which a party later

17  claims should not have been produced because of a privilege, including but not

18  limited to attorney-client or work product privilege ("Inadvertently Produced

19  Privileged Document"), will not be deemed to waive any privilege.  A party may

20  request the return of any Inadvertently Produced Privileged Document.  A request

- 17

1  for the return of an Inadvertently Produced Privileged Document shall identify the

2  document inadvertently produced and the basis for withholding such document

3  from production.  If a party requests the return, pursuant to this paragraph, of any

4  Inadvertently Produced Privileged Document then in the custody of another party,

5  the possessing party shall within five (5) days return to the requesting party the

6  Inadvertently Produced Privileged Document and all copies thereof and shall not

7  make use of such document or information in this proceeding or otherwise.  The

8  party returning such material may then move the Court for an order compelling

9  production of the documents or information, but said party shall not assert as a

10  ground for entering such an order the fact or circumstances of the inadvertent

11  production.

12  **12.   Miscellaneous.**

13  12.1   Right to Further Relief.  Nothing in this Protective Order abridges the

14  right of any person to seek its modification by the Court in the future.

15  12.2   Right to Assert Other Objections and Right to Use of Protected

16  Material at Trial.  By stipulating to the entry of this Protective Order, no Party

17  waives any right he, she or it otherwise would have to object to disclosing or

18  producing any Disclosure or Discovery Material on any ground not addressed in

19  this Protective Order.  Similarly, no Party waives any right to object on any ground

20  to use in evidence of any of the Disclosure or Discovery Material covered by this

- 18

1  Protective Order.  Nothing in this Protective Order waives the right of a party to

2  use Protected Material at trial upon such terms and conditions as are just and as are

3  ordered by the Court.

4       12.3   Nothing herein shall impose any restrictions on the use or disclosure

5  by any Party or witness of documents, material or information known or obtained

6  by such Party or witness by legitimate means, independently of the discovery

7  obtained in this action, whether or not such documents, material, or information

8  may additionally have been obtained through discovery in this action.

9      ///

10      ///

11      ///

12      ///

13      ///

14      ///

15      ///

16      ///

17      ///

18      ///

19      ///

20      ///

- 19

## STIPULATION

**IT IS SO STIPULATED.**

DATED: _____, 2014    COSTA ABRAMS & COATE LLP

By:_____
Charles M. Coate, Esq.
Theresa E. Johnson, Esq.
Attorneys for Plaintiff Shame On You
Productions, Inc.

DATED: _____, 2014    BARNES & THORNBURG LLP

By:_____
Stephen R. Mick, Esq.
Derek Stone, Esq.
Attorneys for Defendants Steven Brill,
Brillstein, Inc., Focus World, Inc., Sidney
Kimmel Entertainment, LLC, Filmdistict
Pictures, LLC, Lakeshore Entertainment
Corp., Lakeshore Entertainment Group
LLC

DATED: _____, 2014    KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP

By:_____
Michael J. Kump, Esq.
Attorneys for Defendants Elizabeth Banks
and Max Handelman

- 20

237

## [PROPOSED] ORDER

**IT IS SO ORDERED.**

DATED: _____, 2014        _____

                                 Judge of the United States District Court

DRAFT

- 21 -

1

**Exhibit A**

2

Agreement to be Bound By Protective Order

3     THE UNDERSIGNED, acknowledges that, in connection with the civil

4   action pending in the Superior Court for the State of California for the County of

5   Los Angeles in an action styled as Shame On You Productions, Inc. v. Elizabeth

6   Banks, et al., 2:14-cv-3512 MMM (JCx), the undersigned will be shown

7   documents, electronic files, and/or other information designated by a party or third

8   party as "Confidential" or "Highly Confidential – Attorneys Eyes Only." The

9   undersigned further acknowledges that he/she has been provided with a copy of

10  that certain PROTECTIVE ORDER attached hereto, and that, in conjunction with

11  reviewing materials and information designated by the Designating Party as

12  "Confidential" or "Highly Confidential – Attorney Eyes Only," he/she agrees to

13  abide by the terms of the PROTECTIVE ORDER and to be subject to the

14  jurisdiction of the above-referenced Court with regard to any motions, complaints,

15  claims or hearings regarding the issue of whether the undersigned has abided by

16  the PROTECTIVE ORDER.

17

18  Signature: _____

19  Print Name: _____

20  Dated: _____

- 22

239

**Charles M. Coate**

| | |
|---|---|
| **From:** | Stone, Devin <Devin.Stone@btlaw.com> |
| **Sent:** | Thursday, December 11, 2014 12:38 PM |
| **To:** | 'Charles M. Coate'; 'Theresa Johnson'; Yujin Yi |
| **Cc:** | Mick, Stephen |
| **Subject:** | SOYP v. Banks |

Charles,

I write regarding your letter dated December 9, 2014. As I indicated before, I am happy to review and revise the proposed protective order. But please send an electronic, Word version of the proposed order; a scanned pdf of the document does us little good.

Also, on a related note, by my calculation the responses to Plaintiff's Requests for Admissions propounded on Elizabeth Banks, Max Handelman, Steven Brill, and Brillco, Inc. are due on December 26th – the day after Christmas. I realize that Plaintiff has denied Mr. Brill and Brillco's prior request for a one week extension and also denied Ms. Banks and Mr. Handelman's request for a prior extension. However, in the holiday spirit, I ask that you please extend the deadline to respond to these RFAs by three weeks, from December 26 to January 16. Such extension would give us time to come up to speed with the new clients (Banks and Handelman), allow Steve to finish his back-to-back trials, and allow me to complete my move across the country.

■■■ BARNES &
■■ THORNBURG LLP
                                        VCard | Bio | Dept Info

**Devin J. Stone**
devin.stone@btlaw.com          Phone: (310) 284-3868
                               Fax: (310) 284-3894
Barnes & Thornburg LLP         www.btlaw.com
2029 Century Park East
Suite 300
Los Angeles, CA 90067-2904

ATLANTA   CHICAGO   DELAWARE   INDIANA   LOS ANGELES
MICHIGAN   MINNEAPOLIS   OHIO   WASHINGTON, D.C.

CONFIDENTIALITY NOTICE: This email and any attachments are
for the exclusive and confidential use of the intended recipient. If
you are not the intended recipient, please do not read, distribute
or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and
promptly delete this message and its attachments from your
computer system. We do not waive attorney-client or work product
privilege by the transmission of this email.



1

**Charles M. Coate**

| | |
|---|---|
| From: | Michael Campbell <mcampbell@cacllp.com> |
| Sent: | Thursday, December 11, 2014 4:37 PM |
| To: | stephen.mick@btlaw.com; devin.stone@btlaw.com |
| Cc: | 'Charles M. Coate'; tjohnson@cacllp.com |
| Subject: | Letter Responding to D. Stone - Re: Shame On You Productions, Inc. v. Elizabeth Banks, et al |
| Attachments: | FAX of Ltr frm Chuck to Counsel reSOYP.121114.pdf; Stipulation and Proposed Protective Order -- for circulation 121114.doc |

Please find attached Letter to Counsel as well the Stipulation and Proposed Protective Order.

Thank you,
Michael Campbell



1

241

## costa abrams & coate llp | trial & transactional attorneys

1221 Second Street, Third Floor, Santa Monica, California 90401
tel 310.576.6161   fax 310.576.6160
A limited liability partnership including professional corporations



**To:**
Stephen R. Mick, Esq.
Devin J. Stone, Esq.
Barnes & Thornburg, LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067

**From:**
Charles M. Coate

**Fax:**
(310) 284-3894

**Pages:**
9   (including coversheet)

**Phone:** 310-284-3880

**Date:** December 11, 2104

**Re:** SHAME ON YOU
PRODUCTIONS v. E.BANKS,
et al

**Cc:**

☐Urgent   ☐ For Review   ☐ Please Comment   X Please Reply   ☐ Please Recycle

**MESSAGE:** SHAME ON YOU PRODUCTIONS, Inc. v. Elizabeth Banks, et al.
USDC Case No. 2:14-cv-03512 MMM (JCx)

**CONFIDENTIALITY NOTE:** *The information contained in this facsimile is confidential information intended only for the use of the individual or entity named above and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, your courtesy will be appreciated in telephoning us collect to inform us of the misdirection and destroying the facsimile. Thank you for your cooperation.*

# costa abrams & coate llp | trial & transactional attorneys

1221 Second Street, Third Floor, Santa Monica, California 90401
tel 310.576.6161 fax 310.576.6160
A limited liability partnership including professional corporations

December 11, 2014

**Via Email and Facsimile**
Stephen R. Mick, Esq.
Devin J. Stone, Esq.
Barnes & Thornburg LLP
2029 Century Park East
Suite 300
Los Angeles, California 90067
Fax: (310) 284-3894
Email: stephen.mick@btlaw.com
Email: devin.stone@btlaw.com

      Re:    **Shame On You Productions, Inc. v. Elizabeth Banks, et al.**
              **USDC Case No. 2:14-cv-03512 MMM (JCx)**

Dear Counsel:

      With regard to Defendants' insufficient responses and failures to produce documents in response to Plaintiff's first set of Requests for Production of Documents, we have received your letter dated December 9, 2014 in response to our meet and confer requests, indicating that counsel are "unavailable" to meet within the ten (10) day meet and confer deadline required by Local Rule 37-1. This appears to be the latest in a series of delaying tactics designed to thwart and unduly prejudice Plaintiff's efforts to obtain discoverable documents and pursue this litigation in a timely manner. Additionally, today Plaintiff received additional email correspondence regarding Defendants' request for another extension of a deadline to respond to Plaintiff's first sets of Requests for Admission, which will be separately addressed later in this letter.

      As an initial matter, in the interim since Plaintiff's meet and confer letters were sent, we have been notified of the requested substitutions of attorney by your office as to Ms. Banks and Mr. Handelman, and recently received the Court's notice that such requests have been granted. You indicate in your letter that "[i]t will take a reasonable amount of time to come up to speed in representing Ms. Banks and Mr. Handelman." However, a review of the Requests for Substitution of Counsel filed indicates that Ms. Banks, Mr. Handelman, and their former counsel executed the forms in mid-November, but it was neither executed nor filed by counsel until nearly three weeks later, without any explanation for the delay.

In your letter, you indicated that Mr. Mick is in trial until December 22nd and that you are both unavailable between December 9th and 12th. However, although available to send correspondence, you failed to indicate when either or both of you (or other counsel from your office) *are* specifically available to personally meet and confer as we had requested such that these discovery issues may be resolved quickly and efficiently. Moreover, Defendants have not provided good cause to justify delaying the required in-person meet and confer meeting until early to mid-January 2015, well beyond the 10-day meet and confer deadline set forth in Local Rule 37-1. Even assuming, *arguendo,* that neither of you is available to meet and confer until "the first or second week in January," postponing attempts to informally resolve discovery disputes approximately three-quarters of the way to the February 27, 2015 Fact Discovery Cut-Off, would result in severe, undue prejudice to Plaintiff, who has been diligently seeking these documents from Defendants since *before Plaintiff filed the Complaint.* Defendants are not offering to produce all responsive documents and complete responses to discovery requests by January; they are only offering to *begin* discussing how to resolve discovery disputes relating to requests which were served long ago in October.

To date, only one defendant, Defendant Lakeshore Entertainment Group LLC ("Lakeshore LLC"), has "produced" any documents in this case. It produced a single document, which appears to be an unmarked final shooting script for "Walk of Shame." This document has limited evidentiary value, as Plaintiff has indicated several times, because the unmarked final shooting script largely tracks the final movie version which Plaintiff obviously has observed, given the Motion Picture's release and detailed allegations in the Complaint.

Defendants have indicated that they are willing to provide specific documents requested by Plaintiff, such as all drafts of the "Walk of Shame" screenplay, but have provided no indication as to *when* such documents shall be provided. Plaintiff has requested these documents since before filing the Complaint, and as such, any claims that Defendants may have regarding needing more time to "come up to speed" in now representing Ms. Banks and Mr. Handelman before producing requested documents, are baseless and appear to be designed to merely delay the matters further.

Moreover, Defendants have not provided any indication when Defendants Banks, Handelman, and Brill will be made available for meaningful depositions, which Plaintiff has now twice noticed. Instead, Defendants' continued delays, including their latest request to only begin the meet and confer process regarding requests for production of documents in early 2015, continued with their failure to produce any but one requested document in violation of their discovery obligations, have once again rendered Plaintiff's ability to conduct meaningful depositions futile without Defendants' production of relevant documents beforehand.

On the other hand, Defendants' knee-jerk attempts to paint the situation as a unilateral denial by Plaintiff to provide "the central document in his case," thus "preventing defendants from preparing their complete defenses" are simply without merit. As we pointed out in our previous letter, Plaintiff's Complaint provides many specific factual allegations (*see, e.g.,* Complaint ¶¶ 16-25, 27-36; 38-49), including a non-exhaustive list of 42 specific scene and/or

2

dialogue similarities between the Motion Picture and the "Darci's Walk of Shame" screenplay, with referenced page numbers and time codes, which provides Defendants sufficient information to adequately prepare their defense. Furthermore, Defendants have not propounded any written discovery of their own. Moreover, Plaintiff has offered many times to provide the "Darci's Walk of Shame" screenplay *reciprocally* with Defendants' discoverable documents, to which Defendants have declined to agree. Finally, it has become clear that Defendants are in fact in possession of the very screenplay they continue to request based on statements made in court by counsel, *inter alia*, making clear that Defendants' continued focus on this issue is nothing more than a litigation delay tactic.

Notwithstanding any of the above, Plaintiff reiterates its offer to produce such documents *reciprocally*.

Ultimately, Defendants' refusal to meet and confer until January 2015 is in direct violation of Local Rule 37-1. Given Defendants' continuous delay tactics in avoiding producing requested documents, timely meeting and conferring with our office to resolve discovery disputes, or even indicating *when* Defendants will produce the requested discovery, as well as the tight timetable in this case for fact discovery, Plaintiff will be severely prejudiced should discovery be significantly postponed as Defendants have requested. Based on the foregoing, Plaintiff declines to stipulate to postponing the in-person meet and confer meeting until "the first or second week of January." Absent Defendants' immediate service of sufficient supplemental responses and documents, Plaintiff may be forced to move to compel the same and to seek sanctions as may be appropriate pursuant to F.R.C.P. Rule 37.

As to the issue of entering into a stipulation to correctly name the defendant named "Focus World, Inc." with the proper entity, "Focus Features, LLC," of which we now understand Focus World is a division. Plaintiff will circulate a draft stipulation to that effect. Such stipulation should also formally reciprocally address Defendants' erroneous Answer and Amended Initial Disclosure, which were filed on behalf of Focus World, Inc. and thus merit reciprocal correction.

Additionally, we received your email correspondence earlier today requesting yet another extension to respond to Requests for Admissions propounded on Defendants Ms. Banks, Mr. Handelman, Mr. Brill, and Brillco, Inc. by three weeks. (We note Defendants have yet to respond to *any* propounded discovery requests without first seeking an extension to do so.) Currently, responses to the Requests for Admissions are due on December 26th. In a good faith effort to accommodate Defendants' request, but keeping in mind the fast-approaching fact discovery deadline on February 27, 2015 and the 28 day notice period for discovery motions, we agree to extend the deadline to respond to Plaintiff's Requests for Admissions such that the responses would be due December 31, 2014. This extension allows additional time for Defendants to respond to the Requests for Admissions while providing for time to meet and confer and properly notice discovery motions should Defendants' responses be incomplete or non-responsive as we ultimately anticipate. We do not, however, believe that the requested three-week extension is warranted nor reasonable given the fast-approaching discovery cut-off in this matter, and therefore respectfully decline such request in exchange for the above.

3

You also requested, for the first time, in your email today that we provide you an electronic, Microsoft Word copy of the draft Stipulated Protective Order we first sent your office on November 3, 2014 and again earlier this week. Given that we have been waiting your comments and feedback on this draft Protective Order for over five weeks, we find it odd that an electronic copy is requested for the first time now. Nevertheless, we will accommodate this tardy request to send you the electronic Word version of the document, welcome your prompt comments, and hope to finalize the same in short order.

In closing, please do not hesitate to speak or meet with us should you wish to meaningfully resolve these discovery issues. All rights and remedies are expressly reserved.

Regards,

Charles M. Coate

Enclosures

4

1  Charles M. Coate (SBN: 140404)
   Theresa E. Johnson, Esq. (SBN: 254123)
2  COSTA ABRAMS & COATE LLP
   1221 Second Street, Third Floor
3  Santa Monica, California 90401

4  Attorneys for Plaintiff Shame On You Productions, Inc.

5  Stephen R. Mick, Esq. (SBN: 131569)
   Devin J. Stone, Esq. (SBN: 260326)
6  BARNES & THORNBURG LLP
   2029 Century Park East, Suite 300
7  Los Angeles, California 90067

8  Attorneys for Defendants Elizabeth Banks; Max
   Handelman; Steven Brill; Brillco, Inc.; Focus World, a division
9  of Focus Features, LLC; Sidney Kimmel Entertainment, LLC;
   Filmdistrict Pictures, LLC; Lakeshore Entertainment Corp.; and
   Lakeshore Entertainment Group LLC

10

11                    **UNITED STATES DISTRICT COURT**

12      **FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

13

14  SHAME ON YOU PRODUCTIONS,            Case No. **2:14-cv-03512 MMM (JCx)**
15  INC., a California corporation,

16              Plaintiff,              **STIPULATION TO CORRECT**
                                        **ERRONEOUSLY DENOMINATED**
17  vs.                                 **PARTY DEFENDANT IN**
                                        **COMPLAINT, ANSWER,**
18  ELIZABETH BANKS, an individual;     **PLAINTIFF'S INITIAL**
    MAX HANDELMAN, an individual;       **DISCLOSURES, AND**
19  STEVEN BRILL, an individual;        **DEFENDANTS' AMENDED**
    BRILLCO, INC., a California         **INITIAL DISCLOSURES "FOCUS**
20  corporation; FOCUS WORLD, INC., a   **WORLD, INC." AS "FOCUS**
    California corporation; SIDNEY      **WORLD, A DIVISION OF FOCUS**
21  KIMMEL ENTERTAINMENT, LLC, a        **FEATURES, LLC"**
    California limited liability company;
22  FILMDISTRICT PICTURES, LLC, a
    Delaware limited liability company;
23  LAKESHORE ENTERTAINMENT
    CORP., a Delaware corporation;
24  LAKESHORE ENTERTAINMENT
    GROUP LLC, a California limited
25  liability company; and Does 1 – 10,
    inclusive,
26
                Defendants.
27

28

                                    1

WHEREAS, subsequent to the filing of the Complaint and Defendants Steven Brill; Brillco, Inc.; Focus World, a division of Focus Features, LLC; Sidney Kimmel Entertainment, LLC; Filmdistrict Pictures, LLC; Lakeshore Entertainment Corp.; and Lakeshore Entertainment Group LLC's Answer filed June 23, 2014, Plaintiff has learned that Defendant Focus World, a division of Focus Features, LLC, was erroneously named as Defendant Focus World, Inc., in the Complaint, Defendants' Answer, Plaintiff's Initial Disclosures, Defendants' Initial Disclosures dated October 14, 2014, and Defendants' Amended Initial Disclosures filed October 20, 2014. The Parties stipulate that the correct entity defendant is "Focus World, a division of Focus Features, LLC."

IT IS HEREBY STIPULATED by and between Plaintiff SHAME ON YOU PRODUCTIONS, INC. and Defendants ELIZABETH BANKS; MAX HANDELMAN; STEVEN BRILL; BRILLCO, INC.; FOCUS WORLD, A DIVISION OF FOCUS FEATURES, LLC; SIDNEY KIMMEL ENTERTAINMENT, LLC; FILMDISTRICT PICTURES, LLC; LAKESHORE ENTERTAINMENT CORP.; LAKESHORE ENTERTAINMENT GROUP LLC; and each of them by and through their respective counsel of record, that the Complaint, Defendants' Answer filed June 23, 2014, Plaintiff's Initial Disclosures, and Defendants' Amended Initial Disclosures are reciprocally corrected to name FOCUS WORLD, A DIVISION OF FOCUS FEATURES, LLC as the Defendant instead of FOCUS WORLD, INC.

2

Dated: December __, 2014

Respectfully submitted,

COSTA ABRAMS & COATE LLP

By: _____
Charles M. Coate
Theresa E. Johnson
Attorneys for Plaintiff Shame On You
Productions, Inc.

Dated: December __, 2014

Respectfully submitted,

BARNES & THORNBURG LLP

By: _____
Stephen R. Mick
Devin J. Stone
Attorneys for Defendants Elizabeth Banks;
Max Handelman; Steven Brill; Brillco, Inc.;
Focus World, a division of Focus Features,
LLC; Sidney Kimmel Entertainment, LLC;
Filmdistrict Pictures, LLC; Lakeshore
Entertainment Corp.; and Lakeshore
Entertainment Group LLC

3

1

2

## ORDER

3

4     IT IS HEREBY ORDERED THAT:

5     For good cause shown, the Complaint, Defendants' Answer filed June 23, 2014,

6     Plaintiff's Initial Disclosures, and Defendants' Amended Initial Disclosures filed

7     October 20, 2014 are reciprocally corrected to name FOCUS WORLD, A DIVISION

8     OF FOCUS FEATURES, LLC as the Defendant instead of FOCUS WORLD, INC.

9

10    DATED: _____     _____

11                                 Honorable Margaret M. Morrow
                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 12/11/2014 17:21
                                    NAME  : CAC
                                    FAX   : 1
                                    TEL   : 3105766160
                                    SER.# : 000C2V538104
```

```
        DATE,TIME              12/11  17:17
        FAX NO./NAME           13102843894
        DURATION               00:04:13
        PAGE(S)                09
        RESULT                 OK
        MODE                   STANDARD
```

## costa abrams & coate llp | trial & transactional attorneys

**1221 Second Street, Third Floor, Santa Monica, California 90401**

tel 310.576.6161   fax 310.576.6160

A limited liability partnership including professional corporations

# FAX

**To:**

**Stephen R. Mick, Esq.**

**Devin J. Stone, Esq.**

**Barnes & Thornburg, LLP**

**2029 Century Park East**

**Suite 300**

**Los Angeles, CA 90067**

**From:**

**Charles M. Coate**

**Fax:**

(310) 284-3894

**Pages:**

9   (including coversheet)

**Phone:** 310-284-3880

**Date:** December 11, 2104

**Re:** **SHAME ON YOU PRODUCTIONS v. E.BANKS, et al**

**Cc:**

251

Charles M. Coate, Esq. (SBN: 140404)
Theresa E. Johnson, Esq. (SBN: 254123)
COSTA ABRAMS & COATE LLP
1221 Second Street, Third Floor
Santa Monica, California  90401
Tel: (310) 576-6161
Fax: (310) 576-6160
Email: ccoate@cacllp.com
Email: tjohnson@cacllp.com
Attorneys for Plaintiff Shame On You Productions, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| SHAME ON YOU PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH BANKS, an individual; MAX HANDELMAN, an individual; STEVEN BRILL, an individual; BRILLCO, INC., a California corporation; FOCUS WORLD, INC., a California corporation; SIDNEY KIMMEL ENTERTAINMENT, LLC, a California limited liability company; FILMDISTRICT PICTURES, LLC, a Delaware limited liability company; LAKESHORE ENTERTAINMENT CORP., a Delaware corporation; LAKESHORE ENTERTAINMENT GROUP LLC, a California limited liability company; and Does 1 – 10, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-03512 MMM (JCx)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>[Complaint filed: May 7, 2014]<br>[Assigned to Hon. Margaret Morrow] |

-1

1       To expedite the flow of discovery material, facilitate the prompt resolution

2   of disputes over the confidentiality and privileged nature of information,

3   adequately protect material entitled to be kept confidential or privileged, and

4   ensure that protection is afforded only to material so entitled, it is ORDERED,

5   based upon the stipulation of the parties hereto, through their respect counsel of

6   record, as follows:

7       **1.0.   Definitions.**

8       1.1   Party:  Any party to this action, including all of its officers, directors,

9   employees, and in-house counsel (and their support staff).

10      1.2   Disclosure or Discovery Material:   All items or information,

11  regardless of the medium or manner generated, stored, or maintained (including,

12  among other things, testimony, transcripts, documents or tangible things) that are

13  produced or generated in disclosures or responses to discovery in this matter.

14      1.3   "Confidential" Information or Items:

15      (i)   Information and communications that are subject to the protections of

16  the right of privacy under the California or United States Constitution, the

17  attorney-client privilege and/or work product doctrine.

18      (ii)   Information that is a "trade secret" as that term is defined in 18 U.S.C.

19  § 1839; and,

20      (iii)   Information alleged in good faith by a Party to be subject to protection

-2-

1    from disclosure under the California Evidence Code or other State or Federal law.

2      1.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:
3    Extremely sensitive "Confidential Information or Items" disclosure of which to
4    another Party or non-party would create a substantial risk of serious injury not
5    related to the claims asserted in this action that could not be avoided by less
6    restrictive means.

7      1.5    Designating Party:    A Party or non-party that designates its
8    Disclosures or Discovery Material as "Confidential" or "Highly Confidential –
9    Attorneys' Eyes Only."

10      1.6    Receiving Party:    A Party that receives Disclosure or Discovery
11    Material from a Designating Party.

12      1.7    Protected Material:    Any Disclosure or Discovery Material that is
13    designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes
14    Only."

15      1.8    Outside Counsel: Attorneys and their staff who are not employees of
16    a Party but who are retained to represent or advise a Party in this action.

17      1.9    In-House Counsel: Attorneys and their staff who are employees of a
18    Party.

19      1.10    Counsel (without qualifier): Outside Counsel and In-House Counsel
20    (as well as their support staffs).

-3

1      1.11   Expert:   A person with specialized knowledge or experience in a
2  matter pertinent to the litigation who has been retained by a Party or its Counsel to
3  serve as an expert witness or as a consultant in this litigation; and who is not a past
4  or a current employee of a Party and who, at the time of retention, was not
5  anticipated to become an employee of a Party.

6      1.12   Professional Vendors:   Persons or entities that provide litigation
7  support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or
8  demonstrations, organizing, storing, retrieving data in any form or medium; etc.)
9  and their employees and subcontractors.

10     **2.0    Scope.**

11     The protections conferred by this Protective Order cover not only Protected
12  Material (as defined above), but also any information copied or extracted
13  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
14  testimony, conversations, or presentations by parties or counsel to or in court or in
15  other settings that would reveal Protected Material.

16     **3.0    Duration.**

17     Even after the final termination of this litigation, the confidentiality
18  obligations imposed by this Protective Order shall remain in effect until the
19  Receiving Party returns or destroys the protected Materials pursuant to paragraph
20  10 below; until a Designating Party agrees otherwise in writing; or until a Court

- 4

1   orders otherwise.

2       **4.0    Designating Protected Material.**

3       4.1    Exercise of Restraint and Care in Designating Disclosure or
4   Discovery Material for Protection. Each Party or non-party that designates
5   Disclosure or Discovery Material for protection under this Order must take care to
6   limit any such designation to specific Disclosure or Discovery Material that
7   qualifies under the appropriate confidentiality standard. A Designating Party must
8   take care to designate for protection only those parts of Disclosure or Discovery
9   Material, so that other portions of the Disclosure or Discovery Material for which
10  protection is not warranted are not swept unjustifiably within the ambit of this
11  Protective Order.

12      If it comes to a Designating Party's attention that Disclosure or Discovery
13  Material that that party designated for protection does not qualify for protection at
14  all, or does not qualify for the level of protection initially asserted, that Designating
15  Party must promptly notify all other parties that it is withdrawing the improper
16  designation.

17      4.2    Manner and Timing of Designations. Except as otherwise provided in
18  this Protective Order, or as otherwise stipulated or ordered, Disclosure or
19  Discovery Material that qualifies for protection under this Protective Order must be
20  clearly so designated before such material is disclosed or produced.

-5

1    Designation in conformity with this Protective Order requires:

2    4.2(a)  For Disclosure or Discovery Material in documentary form (apart

3    from transcripts of depositions or other pretrial proceedings), that the Designating

4    Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" prominently on each page that contains Protected

6    Material.  If only a portion or portions of a document or material on a page

7    qualifies for protection, the Designating Party also must clearly identify the

8    protected portion(s) (*e.g.*, by making appropriate markings in the margins) and

9    must specify, for each portion, the level of protection being asserted (either

10   "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

11   4.2(b)  For Disclosure or Discovery Material in the form of testimony given

12   in deposition or in other pretrial proceedings, that the Party or non-party offering

13   the testimony identify on the record, before the testimony is given or the exhibit

14   introduced, that the subject matter of the testimony or the exhibit is "Confidential"

15   or "Highly Confidential – Attorneys' Eyes Only."  Upon such identification, only

16   those persons eligible to receive such Disclosure or Discovery Material under the

17   terms of this Protective Order shall remain to witness the "Confidential" or "High

18   Confidential – Attorneys' Eyes Only" portion of the deposition or other pretrial

19   proceeding.

20   Transcript pages containing Protected Material must be separately bound by

-6-

the court reporter, who must prominently affix on each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

Any Party may also designate testimony that is entitled to protection by notifying all Parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. Unless otherwise indicated, all deposition transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" for a period of twenty (20) days after the receipt of the transcript. This preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or her deposition under F.R.C.P. Rule 30(e).

4.2(c)   For Disclosure or Discovery Material produced other than in documentary or testimony form, and for any other tangible items, the Designating Party shall affix in a prominent place on the exterior of the container in which or disk (or similar device) on which the information or item is stored, the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions

1   of the information or item warrant protection, the Designating Party, to the extent

2   practicable, shall identify the protected portions, specifying whether they qualify as

3   "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

4       4.3    Inadvertent Failures to Designate.  An inadvertent failure to designate

5   information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

6   Only" does not, standing alone, waive the Designating Party's right to secure

7   protection under this Protective Order for such material.  If any Disclosure or

8   Discovery Material is designated as "Confidential" or "Highly Confidential –

9   Attorneys' Eyes Only" after the material was initially produced, the Receiving

10  Party, on notification of the designation, must make reasonable efforts to ensure

11  that the material is treated in accordance with the provisions of this Protective

12  Order.

13      4.4    Nonparty Designations During Deposition.  During the deposition of

14  any nonparty, the nonparty may designate any Disclosure or Discovery Material as

15  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" so long as it is so

16  designated in good faith.  Further, any nonparty seeking to invoke any protection

17  accorded by the Protective Order must provide a copy of the "Agreement to Be

18  Bound by Protective Order" (attached hereto as "Exhibit A") executed by the

19  nonparty to all counsel of record for the Parties.

20

- 8

1   **5.     Challenging Confidentiality Designations.**

2        5.1     Timing of Challenges.  Unless a prompt challenge to a Designating

3   Party's confidentiality designation is necessary to avoid foreseeable substantial

4   unfairness, unnecessary economic burdens, or a later significant disruption or delay

5   of the litigation, a Party does not waive its right to challenge a confidentiality

6   designation by electing not to mount a challenge promptly after the original

7   designation is disclosed.

8        5.2     Meet and Confer.  If, at any time during the pendency or trial of this

9   action, any party claims that any other party is unreasonably claiming certain

10  information to be confidential (the "Challenging Party"), such Challenging Party

11  shall provide written notice to the party making the designation with an

12  explanation of its challenge and the reasons therefor. In conferring, the

13  Challenging Party must explain in writing the basis for its belief that the

14  confidentiality designation was not proper and must give the Designating Party an

15  opportunity within twenty (20) days, or within such shorter time as ordered by the

16  Court (e.g., if close to or in trial) to review the designated material, to reconsider

17  the circumstances, and, if no change in designation is offered, to explain the basis

18  for the chosen designation.

19       5.3     Judicial Intervention.  The Challenging Party shall have thirty (30)

20  days, or such shorter time as ordered by the Court (e.g., if close to or in trial), from

-9

1  the date of the Challenging Party's written notice to make an appropriate
2  application to this Court, with confidential portions thereof to be kept under seal,
3  requesting an order that confidentiality designation given by the Designating Party
4  to specifically identified documents, information, and/or deposition testimony be
5  modified or eliminated and explaining the bases therefor. The Designating Party
6  shall have the burden of establishing that the documents, information and/or
7  deposition testimony are confidential and subject to protection. Until the Court
8  rules on the challenge, all parties shall continue to afford the Disclosure or
9  Discovery Material in question the level of protection to which it is designated by
10 the Designating Party.

11  **6.0  Access To And Use Of Protected Material.**

12  6.1  Basic Principles. A Receiving Party may use Protected Material that
13 is disclosed or produced by another Party or by a non-party in connection with this
14 case only for prosecuting, defending, or attempting to settle this litigation. Such
15 Protected Material may be disclosed only to the categories of persons and under
16 the conditions described in this Protective Order. When the litigation has been
17 terminated, a Receiving Party must comply with the provisions of Section 10
18 below.

19  Protected Material must be maintained by a Receiving Party at a location
20 and in a secure manner that ensures that access is limited to persons authorized

- 10

261

1   under this Protective Order.

2       6.2    Disclosure of "Confidential" Information or Items.  Unless otherwise

3   ordered by the Court or permitted in writing by the Designating Party, a Receiving

4   Party may disclose any information or item designated "Confidential" only to the

5   following:

6       6.2(a)  the Receiving Party, including its officers, directors, contractors and

7   employees (including In-House Counsel) to whom disclosure is reasonably

8   necessary for this litigation and who have signed the "Agreement to Be Bound by

9   Protective Order" (attached hereto as Exhibit A);

10      6.2(b)  Outside Counsel in this litigation, as well as its employees to whom it

11  is reasonably necessary to disclose the information for this litigation;

12      6.2(c)  Experts (as defined in this Protective Order) of the Receiving Party to

13  whom disclosure is reasonably necessary for this litigation and who have signed

14  the "Agreement to Be Bound by Protective Order" (attached hereto as Exhibit A);

15      6.2(d)  The Court and its personnel;

16      6.2(e)  Court reporters, their staffs;

17      6.2 (f) Professional Vendors to whom disclosure is reasonably necessary for

18  this litigation and who have signed the "Agreement to Be Bound by Protective

19  Order" (attached hereto as Exhibit A);

20      6.2(g)  During their depositions, witnesses in the action to whom disclosure

-11-

1  is reasonably necessary and who have signed the "Agreement to Be Bound by

2  Protective Order" (attached hereto as Exhibit A) or who the Court has ordered to

3  be bound by the Protective Order reflected in this Stipulation. Pages of transcribed

4  deposition testimony or exhibits to depositions that contain Protected Material

5  must be separately bound by the court reporter and may not be disclosed to anyone

6  except as permitted under this Protective Order.

7     6.2(h) The author of or recipient of the Protected Material, the original

8  source of the information, or a Party or witness who knew or obtained the

9  Protected Material independently of the discovery in this action.

10     6.2(i) Any mediator or arbitrator that the Parties engage in this matter or the

11  Court appoints who has signed the "Agreement to Be Bound by Protective Order"

12  (attached hereto as Exhibit A).

13     6.3    Disclosure of "Highly Confidential – Attorneys' Eyes Only"

14  Information or Items. Unless otherwise ordered by the Court or permitted in

15  writing by the Designating Party, a Receiving Party may disclose any information

16  or item designated "Highly Confidential – Attorneys' Eyes Only" only to the

17  following:

18     6.3(a) Outside Counsel of record in this action, as well as its employees to

19  whom it is reasonably necessary to disclose the information for this litigation;

20     6.3(b) In-House Counsel to whom disclosure is reasonably necessary for

-12

263

1 | this litigation and who has signed the "Agreement to Be Bound by Protective
2 | Order" (attached hereto as "Exhibit A");

3 |     6.3(c) Experts (as defined in this Protective Order) (1) to whom disclosure
4 | is reasonably necessary for this litigation, and (2) who have signed the "Agreement
5 | to Be Bound by Protective Order" (attached as "Exhibit A");

6 |     6.3(d) The Court and its personnel;

7 |     6.2(e) Court reporters, their staffs;

8 |     6.2 (f) Professional Vendors to whom disclosure is reasonably necessary for
9 | this litigation and who have signed the "Agreement to Be Bound by Protective
10 | Order" (attached hereto as Exhibit A);

11 |     6.2(g) During their depositions, witnesses in the action to whom disclosure
12 | is reasonably necessary and who have signed the "Agreement to Be Bound by
13 | Protective Order" (attached hereto as Exhibit A) or who the Court has ordered to
14 | be bound by the Protective Order reflected in this Stipulation. Pages of transcribed
15 | deposition testimony or exhibits to depositions that contain Protected Material
16 | must be separately bound by the court reporter and may not be disclosed to anyone
17 | except as permitted under this Protective Order.

18 |     6.2(h) The author of or recipient of the Protected Material, the original
19 | source of the information, or a Party or witness who knew or obtained the
20 | Protected Material independently of the discovery in this action.

- 13

264

1    6.2(i) Any mediator or arbitrator that the Parties engage in this matter or the
2    Court appoints who has signed the "Agreement to Be Bound by Protective Order"
3    (attached hereto as Exhibit A).

4    **7.    Protected Material Subpoenaed Or Ordered Produced In Other**
5         **Litigation.**

6         If a Receiving Party is served with a subpoena or a Court order issued in
7    other litigation that would compel disclosure of any information or items
8    designated in this action as "Confidential" or "Highly Confidential -- Attorneys'
9    Eyes Only," the Receiving Party must immediately notify the Designating Party, in
10   writing and in no event more than five (5) court days after receiving the subpoena
11   or Court order.  Such notification must include a copy of the subpoena or Court
12   order.

13        The Receiving Party also must immediately inform in writing the Party who
14   caused the subpoena or order to issue in the other litigation that some or all the
15   Protected Material covered by the subpoena or order is the subject of this
16   Protective Order.  In addition, the Receiving Party must deliver a copy of this
17   Protective Order promptly to the Party in the other action that caused the subpoena
18   or order to issue.

19        The purpose of imposing these duties is to alert the interested parties to the
20   existence of this Protective Order and to afford the Designating Party in this case

-14

1  an opportunity to try to protect its confidentiality interests in the Court from which

2  the subpoena or order issued.  The Designating Party shall bear the burdens and the

3  expenses of seeking protection in that court of its Protected Material – and nothing

4  in these provisions should be construed as authorizing or encouraging a Receiving

5  Party in this action to disobey a lawful directive from another Court.

6  **8.     Unauthorized Disclosure Of Protected Material.**

7  If a Receiving Party learns that, by inadvertence or otherwise, it has

8  disclosed Protected Material to any person or in any circumstance not authorized

9  under this Protective Order, the Receiving Party must immediately (a) notify in

10  writing the Designating Party of the unauthorized disclosures, (b) use its best

11  efforts to retrieve all copies of the Protected Material, (c) inform the person or

12  persons to whom unauthorized disclosures were made of all the terms of this

13  Order, and (d) request such person or persons to execute the "Agreement to Be

14  Bound by Protective Order" (attached hereto as Exhibit A).  If such person or

15  persons refuse to agree to be so bound, then the Receiving Party shall seek a Court

16  Order binding such person or persons to the Protective Order reflected in this

17  Stipulation.

18  **9.     Filing Protected Material.**

19  A Party that seeks to file under seal any Protected Material must comply

20  with all applicable statutes and rules of court, including but not limited to

- 15

266

1  California Rule of Court 2.551.  To the extent permitted by local rule, such

2  Protected Material shall be filed in sealed envelopes marked with the title of the

3  litigation, and bearing a statement substantially in the following form:

4      CONFIDENTIAL (or HIGHLY CONFIDENTIAL)

5      FILED  UNDER  SEAL  PURSUANT  TO  A  PROTECTIVE  ORDER

6  DATED  _____,  2011,  GOVERNING  CONFIDENTIALITY  OF

7  DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF

8  THIS LITIGATION.  THIS ENVELOPE IS NOT TO BE OPENED AND ITS

9  CONTENTS ARE NOT TO BE DISPLAYED OR REVEALED EXCEPT BY OR

10  TO QUALIFIED PERSONS OR BY COURT ORDER.

11      All such materials so filed shall be released from confidential treatment by

12  the clerk only upon further order of the Court.  Such order, if issued, may include

13  authorization to release such materials to the jury, if this case is tried to a jury.

14      **10.  Final Disposition.**

15      This Protective Order shall survive the termination of this action, to the

16  extent that the Protected Material is not or does not become known to the public,

17  and the Court shall retain jurisdiction over this Protective Order for the purpose of

18  enforcing it.

19      Unless otherwise ordered or agreed in writing by the Designating Party, after

20  the final termination of this litigation, including any appeals, if a Designating Party

- 16

1  requests in writing the return or destruction of any or all of its Protected Material to

2  the Receiving Party, within twenty (20) business days of such request, the

3  Receiving Party must submit a written certification, under penalty of perjury, to the

4  Designating Party that all Protected Material was returned or destroyed, including

5  any copies, abstracts, compilations, summaries or other forms of reproducing or

6  capturing any of the Protected Material.

7      Provided, however, that even if the Designating Party should fail to request

8  from the Receiving Party the return or destruction of Protected Material, the

9  Receiving party may notify the Designating Party that such material will be

10  destroyed unless, within twenty (20) business days of such request, the Designating

11  Party requests such material be returned to such party.   In the event of the

12  Receiving Party's destruction or return of such material under this proviso, the

13  Receiving Party shall provide the same certification to the Designating Party as

14  provided for earlier in this section.

15  **11.   Inadvertent Production of Privileged Documents.**

16      Inadvertent production of any document or information which a party later

17  claims should not have been produced because of a privilege, including but not

18  limited to attorney-client or work product privilege ("Inadvertently Produced

19  Privileged Document"), will not be deemed to waive any privilege.   A party may

20  request the return of any Inadvertently Produced Privileged Document.   A request

- 17 -

1   for the return of an Inadvertently Produced Privileged Document shall identify the

2   document inadvertently produced and the basis for withholding such document

3   from production.  If a party requests the return, pursuant to this paragraph, of any

4   Inadvertently Produced Privileged Document then in the custody of another party,

5   the possessing party shall within five (5) days return to the requesting party the

6   Inadvertently Produced Privileged Document and all copies thereof and shall not

7   make use of such documents or information in this proceeding or otherwise.  The

8   party returning such material may then move the Court for an order compelling

9   production of the documents or information, but said party shall not assert as a

10  ground for entering such an order the fact or circumstances of the inadvertent

11  production.

12      **12.    Miscellaneous**.

13          12.1   Right to Further Relief.  Nothing in this Protective Order abridges the

14  right of any person to seek its modification by the Court in the future.

15          12.2   Right to Assert Other Objections and Right to Use of Protected

16  Material at Trial.  By stipulating to the entry of this Protective Order, no Party

17  waives any right he, she or it otherwise would have to object to disclosing or

18  producing any Disclosure or Discovery Material on any ground not addressed in

19  this Protective Order.  Similarly, no Party waives any right to object on any ground

20  to use in evidence of any of the Disclosure or Discovery Material covered by this

-18

1 | Protective Order. Nothing in this Protective Order waives the right of a party to
2 | use Protected Material at trial upon such terms and conditions as are just and as are
3 | ordered by the Court.

4 | 12.3 Nothing herein shall impose any restrictions on the use or disclosure
5 | by any Party or witness of documents, material or information known or obtained
6 | by such Party or witness by legitimate means, independently of the discovery
7 | obtained in this action, whether or not such documents, material, or information
8 | may additionally have been obtained through discovery in this action.

9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///

- 19

1            **<u>STIPULATION</u>**

2

3   **IT IS SO STIPULATED.**

4

5   DATED: _____, 2014      COSTA ABRAMS & COATE LLP

6                           By:_____
                          Charles M. Coate, Esq.

7                           Theresa E. Johnson, Esq.
                          Attorneys for Plaintiff Shame On You

8                           Productions, Inc.

9

10   DATED: _____, 2014      BARNES & THORNBURG LLP

                          By:_____

11                           Stephen R. Mick, Esq.
                          Devin J. Stone, Esq.

12                           Attorneys for Defendants Steven Brill,
                          Brillco, Inc., Focus World, Inc., Sidney

13                           Kimmel Entertainment, LLC, Filmdistict
                          Pictures, LLC, Lakeshore Entertainment

14                           Corp., Lakeshore Entertainment Group
                          LLC

15

16   DATED: _____, 2014      KINSELLA WEITZMAN ISER KUMP &
                          ALDISERT LLP

17                           By:_____

18                           Michael J. Kump, Esq.
                          Attorneys for Defendants Elizabeth Banks

19                           and Max Handelman

20

- 20

**[PROPOSED] ORDER**

**IT IS SO ORDERED.**

DATED: _____, 2014

_____
Judge of the United States District Court

- 21

1

## **Exhibit A**

2

Agreement to be Bound By Protective Order

3  THE UNDERSIGNED, acknowledges that, in connection with the civil

4  action pending in the Superior Court for the State of California for the County of

5  Los Angeles in an action styled as Shame On You Productions, Inc. v. Elizabeth

6  Banks, et al., 2:14-cv-03512 MMM (JCx), the undersigned will be shown

7  documents, electronic files, and/or other information designated by a party or third

8  party as "Confidential" or "Highly Confidential – Attorneys Eyes Only." The

9  undersigned further acknowledges that he/she has been provided with a copy of

10  that certain PROTECTIVE ORDER attached hereto, and that, in conjunction with

11  reviewing materials and information designated by the Designating Party as

12  "Confidential" or "Highly Confidential – Attorneys Eyes Only," he/she agrees to

13  abide by the terms the PROTECTIVE ORDER and to be subject to the

14  jurisdiction of the above-referenced Court with regard to any motions, complaints,

15  claims or hearings regarding the issue of whether the undersigned has abided by

16  the PROTECTIVE ORDER.

17

18  Signature: _____

19  Print Name: _____

20  Dated: _____

- 22

273

Case 2:14-cv-03512-MMM-JC   Document 42   Filed 12/12/14   Page 1 of 6   Page ID #:489

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **Case No.** | CV 14-03512 MMM (JCx) | **Date** | December 12, 2014 |

**Title** *Shame on You Productions, Inc. v. Elizabeth Banks*

---

**Present: The Honorable**   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **Order Granting Defendants' *Ex Parte* Application for an Order Directing Plaintiff to Produce its Screenplay and Denying Defendants' *Ex Parte* Application for an Order Staying Discovery**

This is a copyright case concerning alleged infringement of a motion picture screenplay.  On May 7, 2014, Shame on You Productions, Inc. ("Shame on You") filed this action against Elizabeth Banks, Max Handelman, Steven Brill, Brillco, Inc., Focus World, Inc., Sidney Kimmel Entertainment, LLC, Filmdistrict Pictures, LLC, Lakeshore Entertainment Corp., Lakeshore Entertainment Group LLC (collectively "defendants"), and various fictitious parties.[1]  On November 6, 2014, defendants filed an *ex parte* application for an order directing Shame on You to comply with a prior directive of the court to produce a copy of the allegedly infringed screenplay.[2]  Shame on You opposes the application.[3]

On December 11, 2014, defendants filed a second *ex parte* application seeking an order staying discovery in light of Shame on You's failure to disclose its screenplay.[4]

---

[1]Complaint, Docket No. 1 (May 7, 2014).

[2]Defendants' *Ex Parte* Application ("Application"), Docket No. 33 (Nov. 6, 2014).

[3]Response to Defendants' *Ex Parte* Application ("Response"), Docket No. 35 (Nov. 7, 2014).

[4]*Ex Parte* Application to Stay Case ("Application to Stay"), Docket No. 40 (Dec. 11, 2014).

**EXHIBIT**
*11*

## I. FACTUAL AND PROCEDURAL BACKGROUND

Shame on You alleges that it is the owner, by way of assignment from its author, Dan Rosen, of an original motion picture screenplay titled "Darci's Walk of Shame" (the "Rosen screenplay").[5] The complaint alleges that on or about July 31, 2007, Rosen forwarded by email a draft of the screenplay to an actor and acquaintance of Banks, who is a Hollywood actress and producer.[6] The acquaintance set up a meeting between Rosen, Banks and Banks' husband and producing partner, Handelman, to discuss the screenplay.[7] The meeting purportedly lasted several hours, during which Rosen discussed the screenplay extensively, detailing the plot, story, characters, sequence of events, and themes. He also allegedly gave Banks and Handelman a draft of the screenplay.[8] Shame on You asserts that Banks and Handelman expressed interest in the screenplay, and indicated that they would be in touch with Rosen regarding its potential production.[9] Despite their apparent interest in the screenplay, Shame on You contends that Banks and Handelman never contacted Rosen after the meeting, and retained the copy of the screenplay Rosen gave them.[10]

In or about January 2014, Shame on You alleges that it learned of a *Deadline Hollwood* article, which stated that Banks was starring in a motion picture titled "Walk of Shame" (the "Brill screenplay" or the "film").[11] The article reported that Brill had written the script for the film, that Focus World was the distributor, and that the film was scheduled for release on April 25, 2014.[12] Shame on You asserts that the film borrows heavily from Rosen's screenplay. Specifically, it alleges that the plots, stories, characters, sequence of events, themes, and incidents portrayed in the two works are fictional and, in many respects, are "virtually identical."[13] It contends that these substantially similar, if not strikingly similar, elements, coupled with defendants' direct access to the screenplay through Banks and Handelman, leave "little doubt that numerous substantive original elements of 'Walk of Shame' are complied from the ['Darci's Walk of Shame'] [s]creenplay."[14] Shame on You pleads claims for copyright infringement under 17 U.S.C. § 101, *et. seq.*, and breach of implied-in-fact contract.[15]

---

[5]Complaint, ¶ 16.

[6]*Id.*, ¶ 17.

[7]*Id.*, ¶ 18.

[8]*Id.*

[9]*Id.*, ¶ 19.

[10]*Id.*, ¶ 20.

[11]*Id.*, ¶ 22.

[12]*Id.*

[13]*Id.*, ¶ 24.

[14]*Id.*

[15]See *id.*, ¶¶ 26-36 (copyright infringement), ¶¶ 37-49 (breach of contract).

On September 29, 2014, the court held a scheduling conference.[16]  As relevant here, the court ordered the parties to make initial disclosures on or before October 14, 2014.  In addition, after being informed that the parties had not yet exchanged copies of their respective screenplays, the court ordered the parties to exchange screenplays as part of their initial disclosures on October 14, 2014.[17]  Despite the court's clear directive, no screenplays were exchanged by that date.  Defendants ultimately gave Shame on You the final shooting script for their film on October 27, 2014.[18]  Shame on You has not yet given defendants its screenplay.[19]

## II. DISCUSSION

Defendants request that the court order Shame on You to produce a copy of its screenplay.[20]  Their argument is straightforward.  The court previously ordered the parties to engage in a mutual exchange of screenplays; defendants have provided their screenplay, and Shame on You has not.  Shame on You counters with a number of arguments.[21]  It contends that defendants' application should be summarily denied because defendants have unclean hands and their application is not supported by good cause.  Specifically, they contend that defendants have failed to enter into a mutually agreeable protective order, failed to produce their screenplay as part of their initial disclosures, failed to produce copies of their insurance policy or policies, and weeks after initial disclosures were due, disclosed only one version of their screenplay.

None of Shame on You's arguments is persuasive.  The court ordered the parties to exchange copies of their screenplays as part of their initial disclosures on or before October 14, 2014.[22]  Shame on You's contention that it should be excused from complying with an express order of court because defendants failed to comply with the order and their hands are therefore unclean is not well taken.  The court could hold Shame on You in civil contempt to force compliance with its disclosure order.  See *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992) (holding that a "coercive civil contempt sanction" to force compliance with the court's discovery order was appropriate); *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (violation of a court order by a party constitutes civil contempt whether or not the violation was intentional).  Both parties were well aware

---

[16]Minutes of Scheduling Conference, Docket No. 28 (Sept. 20, 2014).  See also Transcript for Proceedings Held Monday, September 29, 2014 ("Transcript"), Docket No. 31 (Nov. 4, 2014).

[17]Transcript at 9:9-14.

[18]Declaration of Devin Stone ("Stone Decl."), Docket No. 34 (Nov. 6, 2014).

[19]*Id.*, ¶ 5 ("Plaintiff did not include its scerenplay for *Darci's Walk of Shame*"); Application at 1 ("Plaintiff refuses to turn over a copy of its screenplay").

[20]Application at 6.

[21]Opposition at 7-14.

[22]Transcript at 9:9-11 ("we really need to get on with this, counsel, so as part of your initial disclosures, those screenplays have to be exchanged").

of the court's order that they exchange screenplays, and both elected to disregard it. The court declines to impose sanctions, but it will not permit Shame on You to escape its disclosure obligation and duty to comply with the court's order simply because defendants were dilatory in producing their screenplay. Shame on You's argument is especially lacking in merit given that defendants have now produced a copy of their screenplay.

Shame on You contends that defendants' production was inadequate, however. To comply with the court's order, they contend defendants must provide all interim drafts of the screenplay in addition to the final version. Shame on You asserts that its failure to produce a copy of the Rosen screenplay is justified because, absent production by defendants of all interim drafts of their screenplay, it will be unable adequately to defend the motion for judgment on the pleadings defendants assert they intend to bring. Shame on You maintains that "without seeing all of the subject drafts and development notes in context, it is impossible to observe if story elements from [Shame on You's] screenplay may have been present and later deleted from the subject script prior to shooting."[23] Shame on You's suggestion that it is withholding evidence to prevent the filing of a motion is troubling. Even assuming such a purpose was proper, the argument misapprehends the nature of the potential motion.

Defendants suggest they may bring a motion for judgment on the pleadings based on a lack of substantial similarity.[24] The fact that interim drafts may reflect story elements that are similar to Shame on You's screenplay and that were later deleted would certainly be demonstrative of access, and perhaps even direct evidence of copying. Neither access nor copying alone suffice to prove copyright infringement, however; the works must *also* be substantially similar. See *Universal Dyeing & Printing, Inc. v. U.S. Textile Printing, Inc.*, No. CV 09-09132 DDP VBKx, 2011 WL 5865567, *2 (C.D. Cal. Nov. 21, 2011) ("Accordingly, even assuming that Universal had shown direct evidence of copying and access, the analysis would be the same: Defendants would still be entitled to summary judgment because the patterns at issue are not substantially similar"); *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1175–78 (C.D. Cal. 2001) (considering "substantial similarity" in a copyright action where defendants did not refute allegations of direct access and copying); *Berkla v. Corel Corp.*, 66 F.Supp.2d 1129, 1140–41 (E.D. Cal. 1999) (explaining that even if the plaintiff "did have evidence of direct copying . . . he still remains unexcused from demonstrating the requisite similarity"); *Decorative Aides Corp. v. Staple Sewing Aides Corp.*, 497 F.Supp. 154, 157 (S.D.N.Y. 1980) ("Copying cannot be found on proof of access alone when the resulting works are not substantially similar, " citing *Ideal Toy Corp. v. Fab-Lu, Ltd.*, 360 F.2d 1021 (2d Cir. 1966)). Since the motion defendants may file concerns substantial similarity, the interim drafts would not, in and of themselves, serve to defeat the motion.

That aside, the court directed the parties to "put everything on the table."[25] In response to the suggestion by Shame on You's attorney that he had not received screenplay drafts, the court observed that, based on its order, they "now ha[d] a date by which to do it."[26] Defendants state that they are in

---

[23]Opposition at 11.

[24]Application at 6-7.

[25]Transcript at 9:13.

[26]*Id.* at 14:1-7.

the process of locating interim drafts, and the court once again orders them to produce the drafts. Shame on You's contention that it need not produce its screenplay as a result of defendants' untimely, and allegedly inadequate, production, however, overlooks the fact that it was directly ordered to do so, and that its complete refusal to comply makes its conduct even more egregious than defendants'.

Shame on You also maintains that defendants' failure to enter into a mutually agreeable protective order and failure to provide copies of their insurance policy of policies justifies withholding the screenplay. The court does not agree. Neither alleged failure justifies disregarding the court's order to exchange screenplays. Defendants have provided their screenplay; it is time for Shame on You to do the same. To the extent the parties are unable to resolve their disagreements concerning a protective order and production of the insurance policies, Shame on You can seek appropriate relief from Magistrate Judge Chooljian.

Finally, Shame on You contends that defendants have not shown an entitlement to *ex parte* relief. They maintain that defendants have not shown prejudice, because their lawyer's comments at the scheduling conference indicate that they are already in possession of the screenplay.[27] Their argument is based on the fact that Stephen Mick, Lakeshore's counsel, stated at the hearing that Rosen's screenplay is set in Hawaii, while Brill's screenplay take place in Los Angeles.[28] Shame on You is correct that the complaint does not allege that Rosen's screenplay is set in Hawaii. It strains credulity, however, to conclude that defendants already have a copy of the screenplay when they have gone so far as to seek *ex parte* relief to obtain it. It appears defendants know some aspects of Rosen's screenplay beyond those pled in the complaint. The court declines to infer that they already have the screenplay in their possession, however. Because this is a copyright infringement action premised on alleged copying of Shame on You's screenplay, and the purpose of this *ex parte* application is to obtain that screenplay, it is clear that defendants would be prejudiced in the absence of the requested *ex parte* relief.

In light of the court's order directing Shame on You to produce its screenplay, the alleged prejudice defendants identify in their *ex parte* application for an order staying discovery is eliminated. Defendants' application for an order staying discovery is therefore denied.

---

[27]Opposition at 12-13.

[28]Transcript at 8:1-6 ("[Brill's screenplay] illustrates Elizabeth Banks' effort to get from one piece of Los Angeles to a job interview in another piece of Los Angeles. Mr. Rosen's screenplay occurs on one of the Hawaiian Islands at a wedding, and it involves somebody getting from a hotel to a wedding ceremony.").

### III. CONCLUSION

For the reasons stated, the court orders Shame on You to produce a copy of Rosen's screenplay for each defendant on or before **December 17, 2014.** Defendants are ordered to produce any interim drafts of Brill's screenplay in their possession on or before **December 22, 2014**.