**BARNES & THORNBURG LLP**
Stephen R. Mick, Bar No. 131569
stephen.mick@btlaw.com
Devin J. Stone, Bar No. 260326
devin.stone@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Attorneys for Defendants
LAKESHORE ENTERTAINMENT GROUP LLC, LAKESHORE ENTERTAINMENT CORP., FILMDISTRICT PICTURES, LLC, FOCUS FEATURES, LLC, SIDNEY KIMMEL ENTERTAINMENT, LLC, BRILLCO, INC., STEVEN BRILL, ELIZABETH BANKS, and MAX HANDELMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SHAME ON YOU PRODUCTIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>ELIZABETH BANKS, an individual; MAX HANDELMAN, an individual, STEVEN BRILL, an individual, BRILLCO, INC., a California corporation, FOCUS WORLD, INC., a California corporation; SIDNEY KIMMEL ENTERTAINMENT, LLC, a California limited liability company; FILMDISTRICT PICTURES, LLC, a Delaware limited liability company; LAKESHORE ENTERTAINMENT CORP., a Delaware corporation; LAKESHORE ENTERTAINMENT GROUP LLC, a California limited liability company; and Does 1-10, inclusive, <br><br>Defendants. | Case No.: 2:14-cv-03512 MMM (JCx) <br><br>**DEFENDANTS' REQUEST FOR ENTRY OF FINAL ORDER ON FEES AND COSTS** <br><br>*[Assigned to Hon. Margaret M. Morrow]* |

PLEASE TAKE NOTICE that defendants Lakeshore Entertainment Group LLC ("Lakeshore"), Lakeshore Entertainment Corp., Film District Pictures, LLC, Focus Features, LLC, Sidney Kimmel Entertainment, LLC, Brillco, Inc., Steven Brill, Elizabeth Banks, and Max Handelman (collectively "Defendants") hereby request that this Court enter its final order on Defendants' motion for fees following final judgment issuing in their favor regarding copyright claims (17 U.S.C. § 505).

### The Defendants' Fee Motion Was Granted On December 7, 2015

Defendants' filed their motion for fees on August 31, 2015 (Dkt. 180). After full and extensive briefing on the motion, on December 7, 2015, this Court held a hearing and granted Defendants' motion in substantial part, as reflected by the Court's statements on the record, the minute order from the hearing (Dkt. 200), and the extensive written tentative ruling (attached hereto as Exhibit A). The Court's tentative ruling specified that Defendants were entitled to "fees of $315,669.75 and costs of $3,825.15," and the "court impose[d] sanctions of $4,345.50 on Charles Coate under 28 U.S.C. § 1927" (which was to be jointly and severally liable with Plaintiff).

### Plaintiff's Premature Appeal

However, before this Court had a chance to enter the final order, Plaintiff filed an appeal, which was premature. *See* 28 U.S.C. § 1291; *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 617 (9th Cir. 1993) (an award of attorney's fees does not become final until the amount of the fee award is determined). The Ninth Circuit issued an Order to Show Cause why the appeal should not be dismissed for lack of jurisdiction. (9th Cir. Order, Case No. 16-55024, Dkt. 5, attached hereto as Exhibit B). Although the issue was complicated by Plaintiff's simultaneously appeal of the Bill of Costs entered by the Clerk, the Ninth Circuit predictably entered an order limiting its review of Plaintiff's appeal to just the order taxing costs. The 9th Circuit stated "[b]ecause the district court has not entered a final order fixing the amount of attorney's fees, the scope of this appeal is limited to review of the December 8, 2015 order taxing costs in favor of

defendants." (9th Cir. Order, Case No. 16-55024, Dkt. 10, attached hereto as Exhibit C).

### Immediate Entry of the Final Order Awarding Fees is Appropriate

Although this Court would have been justified in ignoring Plaintiff's premature (and thus ineffective) appeal of the fee award,[1] the Ninth Circuit's order removes any conceivable barrier. This Court should immediately enter the final order confirming Defendants' entitlement to fees. This will permit the Plaintiff to file a proper notice of appeal, and seek consolidation with the cost appeal (and thus avoid the need to file a brief arguing about the propriety of $3,064 in costs).

Defendants respectfully request a final order be entered forthwith.

Dated: July 29, 2016                **BARNES & THORNBURG LLP**

By: _/s/ Devin Stone_
STEPHEN R. MICK
DEVIN STONE
Attorneys for Defendants
Lakeshore Entertainment Group LLC *et al.*

DCDS01 211996v3

---

[1] "Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals." *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966)